COOLEY LLP
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
BRETT DE JARNETTE (292919)
(bdejarnette@cooley.com)
SAM BLANKENSHIP (339905)
(sblankenship@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    (650) 843 5000
Facsimile:    (650) 849 7400

SARAH M. LIGHTDALE (*pro hac vice*)
(slightdale@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke,*
*Cameron Dales, Thurman J. Rodgers, Emmanuel T.*
*Hernandez, Lisan Hung, Steven J. Gomo, John D.*
*McCranie, Joseph I. Malchow, Betsy Atkins, Pegah*
*Ebrahimi, and Gregory Reichow*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br><br>This document relates to: All actions | Civil Action No. 23-cv-00071-SI<br><br>CLASS ACTION<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:          December 8, 2023<br>Time:          10:00 AM<br>Courtroom:   1<br>Judge:         Hon. Susan Illston |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-00071-SI

## I.    INTRODUCTION

Defendants Enovix Corporation ("Enovix" or the "Company"), Harrold Rust, Steffen Pietzke, Cameron Dales, Thurman J. Rodgers, Emmanuel T. Hernandez, Lisan Hung, Steven J. Gomo, John D. McCranie, Joseph I. Malchow, Betsy Atkins, Pegah Ebrahimi, and Gregory Reichow (together with Enovix, "Defendants") respectfully request that the Court consider the twenty documents identified below in support of Defendants' Motion to Dismiss (the "Motion") the Consolidated Class Action Complaint (the "Complaint"), which are attached as Exhibits 1-20 to the Declaration of Sam Blankenship in Support of Defendants' Motion (the "Blankenship Declaration").

Thirteen of these twenty documents are extensively cited in and/or form the basis of Plaintiffs' Complaint and are therefore incorporated by reference.  The seven remaining exhibits are public documents such as Enovix's public filings with the Securities and Exchange Commission ("SEC"), press releases, earnings call transcripts, and publicly available news articles that Plaintiffs selectively omitted from the Complaint.  Consideration of all twenty exhibits provides the Court with important context about what information was disseminated to the market and places the statements challenged in the Complaint in the context in which they were made.  Moreover, the Court is required under *Tellabs* to consider these documents in evaluating the adequacy of the Complaint.  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

A chart tracking the documents subject to this request and the bases for considering them is included below.

## II.    DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| 1 | GPA Engineering, *Remote Factory Acceptance Testing (FAT)*, dated June 9, 2020 | JN | Judicial Notice |
| 2 | General Electric Company, *GE's Remote Testing Offering for FAT and SAT Testing Fact Sheet*, bearing copyright year 2020 | IBR; JN | ¶ 93 |
| 3 | OverIT, *How to Manage Factory Acceptance Tests Remotely in the Manufacturing Industry [5 benefits]*, dated January 12, 2021 | JN | Judicial Notice |

---

[1] Attached to the Blankenship Declaration are true and correct copies of each exhibit, highlighted for the Court's convenience.  Some are excerpted.  All references to "¶" refer to the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-00071-SI

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| 4 | Excerpts of Form 8-K and attached Exhibit 99.2, filed with the SEC on February 22, 2021 | IBR; JN | ¶¶ 11, 98-106 |
| 5 | Excerpts of Form 8-K and attached Exhibit 99.3, filed with the SEC on February 22, 2021 | IBR; JN | ¶¶ 11, 98-106 |
| 6 | The Wall Street Journal, *Enovix Set to Go Public Through a SPAC in Deal Valued at $1.1 Billion*, dated February 22, 2021 | JN | Judicial Notice |
| 7 | Excerpts of Enovix's Form S-4, filed with the SEC on March 8, 2021 | IBR; JN | ¶ 95 |
| 8 | Excerpts of Enovix's Proxy Statement and Prospectus on Form 424B3, filed with the SEC on June 24, 2021 | IBR; JN | ¶¶ 6, 11, 45, 47, 50, 52, 54, 76 n.3, 78, 95-97, 104-08, 174, 178, 181 |
| 9 | Form 8-K and attached Q2 2021 "Letter to Our Shareholders," filed with the SEC on August 10, 2021 | IBR; JN | ¶¶ 12, 109-11, 170 |
| 10 | Enovix's press release titled *Enovix Achieves Major Milestones: U.S.-Based Factory Produces First Battery Cells Off Its Automated Manufacturing Line and Ships Custom Design for AR Glasses* published to Enovix's website on September 22, 2021 | JN | Judicial Notice |
| 11 | FreightWaves, *Lithium battery maker airlifts assembly line to leapfrog port congestion*, dated September 28, 2021 | IBR; JN | ¶¶ 176-77 |
| 12 | Form 8-K and attached Q4 2021 "Letter to Our Shareholders," filed with the SEC on March 3, 2022 | IBR; JN | ¶¶ 118-21 |
| 13 | Thurman J. Rodger's SEC Forms 4, filed with the SEC on May 17, 2022 and May 23, 2022 | JN | Judicial Notice |
| 14 | Form 8-K and attached Q2 2022 Letter to Our Shareholders, filed with the SEC on August 10, 2022 | JN | Judicial Notice |
| 15 | Transcript of Enovix's Earnings Call for the second fiscal quarter of 2022, which occurred on August 10, 2022 | IBR; JN | ¶¶ 21, 131-32 |
| 16 | Form 8-K and attached Q3 2022 "Letter to Our Shareholders," filed with the SEC on November 1, 2022 | IBR; JN | ¶¶ 23, 136-38, 141 |
| 17 | Cameron Dales' Forms 4 filed with the SEC on August 5, 2022, August 12, 2022, September 2, 2022, October 5, 2022, and November 3, 2022 | IBR, JN | ¶ 173 |
| 18 | Transcript of a Special Call held by Enovix on January 3, 2023 | IBR; JN | ¶¶ 27-28, 153-66 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

**REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT**
CASE NO. 3:23-CV-00071-SI

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| 19 | Form 8-K and attached Q4 2022 "Letter to Our Shareholders," filed with the SEC on February 2, 2023 | JN | Judicial Notice |
| 20 | A chart showing Enovix's stock price from June 24, 2021 to January 5, 2023, published by Yahoo Finance as of September 15, 2023 | IBR; JN | ¶¶ 24, 29-30, 129, 164 |

## III.   ARGUMENT

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2016) (quoting same). The Court here should consider Exhibits 1 through 20 in deciding the Motion to Dismiss. Exhibits 2, 4, 5, 7-9, 11, 12, 15, 16-18, and 20 are incorporated by reference into the Complaint, as the Complaint either references their contents or quotes portions of the documents to support its claims and allegations. The Court may also take judicial notice of these documents that are incorporated by reference into the Complaint. Further, judicial notice of Exhibits 1-20 is proper pursuant to Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available information that is not the subject of reasonable dispute. These documents—SEC Filings, an Enovix press release, earnings call and special presentation transcripts, and publicly available news articles—come from reliable sources and contain facts not reasonably subject to dispute. Accordingly, the Court must consider these exhibits pursuant to Federal Rule of Evidence 201 and/or the incorporation by reference doctrine.

### A.   The Court May Consider Exhibits 2, 4, 5, 7-9, 11, 12, 15, 16-18, and 20 As Incorporated into the Complaint

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Even where a plaintiff references only a short excerpt of the document, the document may be incorporated by reference if the plaintiff's

Cooley LLP
Attorneys at Law
Palo Alto

4

REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT
Case No. 3:23-cv-00071-SI

"claim necessarily depend[s] on [the document]." *Khoja*, 899 F.3d at 1002. The incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* "'Once a document is deemed incorporated by reference, the entire document is assumed to be true for the purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.'" *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F.Supp.2d 1092, 1107 (E.D. Wash. 2013)).

Exhibits 2, 4, 5, 7-9, 11, 12, 15, 16-18, and 20 are incorporated into the Complaint as Plaintiffs selectively quote and repeatedly rely on these documents to support their claims.[2] Defendants provide the full text (or substantial, relevant excerpts) so the Court may consider Plaintiffs' citations and allegations in context. *See, e.g.*, *Khoja*, 899 F.3d at 1002; *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support [Plaintiffs'] claim.").

**Exhibits 4, 5, 8, 9, 12, 15, 16, and 18 are the sources of the challenged statements or the alleged corrective disclosures.** Specifically, Plaintiffs claim that Defendants' statements in Exhibits 4, 5, 8, 9, and 12 were materially false or misleading, "and they therefore form the basis of [Plaintiffs'] claims." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020); (¶¶ 11, 12, 95-111, 118-21.). As such, it is crucial that the Court consider these documents in their entirety when ruling on the Motion because the alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996) (citing *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1414 (9th Cir. 1994)). And Plaintiffs allege that quotes from Exhibits 15, 16, and 18, an Enovix shareholder letter and transcripts of two investor calls held by Enovix, revealed the "concealed risks" to investors. (*See* ¶¶ 21, 23, 27, 28, 131, 132, 136-38, 141,

---

[2] All of the documents which are incorporated by reference are also properly subject to judicial notice.

153-63, 165, 166). As such, Exhibits 15, 16, and 18 are incorporated into the Complaint. *Apple*, 2020 WL 2857397, at *5; *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference the documents that plaintiffs contended "revealed the truth after the misleading statements").

***Exhibits 2, 11, 17, and 20 form the basis of Plaintiffs' claims.*** Exhibits 2 and 11 form the basis of Plaintiffs' claims. The Complaint's allegations rely on the assumption that factory and site acceptance testing is "essential." (¶ 93.) The only source Plaintiffs cite for that proposition is Exhibit 2, a General Electric article. They selectively quote Exhibit 2 for the proposition that "Factory and Site Acceptance Tests are an essential part of the project development cycle," but omit the ***very next sentence*** describing General Electric's "online initiative for ***remote*** testing and validation." (Ex. 2 at 1 (emphasis added).) Plaintiffs' theory of fraud is also premised on the assumption that Enovix decided to ship certain equipment from Asia in 2021 as a "massive shortcut" around performing factory acceptance testing. But Plaintiffs omit that the article actually reported that Enovix's equipment underwent "***extensive testing*** at factories in Asia." (Ex. 11 at 2 (emphasis added).) Plaintiffs also seek to exclude a portion of the article that explains that Enovix's decision to charter a cargo plane was a "massive shortcut" around shipping delays and supply chain issues imposed by the COVID-19 pandemic – not acceptance testing. (*Id*.)

Further, Exhibit 17 forms the basis of the Complaint's stock sale allegations attributed to Mr. Dales. Mr. Dales's Forms 4 detail stock purchases and sales Plaintiffs rely on in attempting to allege scienter. (¶¶ 172-73); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sep. 28, 2022) (finding Forms 4 incorporated by reference into the complaint where the plaintiffs alleged stock sales supported their scienter allegations). These Forms 4 show that Mr. Dales sold all of his shares pursuant to 10b5-1 trading plans – a fact Plaintiffs selectively omit from the Complaint. Exhibit 20 is a stock price chart reflecting the stock drops Plaintiffs rely on to allege damages, (¶¶ 24, 29-30, 129, 164), as well as the price ***increases*** that Plaintiffs selectively omit. For example, following the November 7, 2022 disclosure where Plaintiffs claim that Enovix revealed it "waived" a Factory Acceptance Test milestone under equipment procurement review protocols, Enovix's stock price ***increased***. (Ex. 20 at 2.)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-00071-SI

**B.** **The Court May Take Judicial Notice of Exhibits 1-20 as Publicly Available Documents**

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Unlike documents incorporated by reference, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820 (C.D. Cal. 1998) (emphasis added). Courts may take judicial notice of "publicly available financial documents[,] such as SEC filings[,]" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Apple*, 2020 WL 2857397, at *6. Courts routinely take judicial notice of SEC filings, analyst reports, and other public information for the purpose of showing what information was available to the stock market and when. *See Apple*, 2020 WL 2857397, at *6.

**SEC Filings, Press Release, & Transcripts (Exhibits 4, 5, 7-10, 12-19).** Judicial notice of these materials is appropriate "for the purpose of determining what was disclosed to the market." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings and press releases). Indeed, in securities fraud cases, courts routinely take judicial notice of publicly available SEC filings, press releases, and conference call transcripts. *See, e.g.*, *Welgus*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017) (taking notice of SEC filings, including Form 10-K, for "the fact of their existence, and not of the truth of the matters asserted therein"); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of press releases and conference call transcripts "for the purposes of demonstrating what was disclosed to investors"); *In re Facebook, Inc. Sec. Litig.*, 405 F.Supp.3d 809, 827 (N.D. Cal. 2019) (judicial notice appropriate for publicly available transcripts of conference calls). Here, Exhibits 4, 5, 7-9, 12-14, 16, 17, and 19 are public filings with the SEC: Enovix's current reports and corresponding exhibits filed with the SEC on Forms 8-K, Registration

Cooley LLP
Attorneys at Law
Palo Alto

7

REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT
Case No. 3:23-cv-00071-SI

Statement filed with the SEC on Form S-4, Proxy Statement and Prospectus filed with the SEC on Form 424B3, and Statements of Changes in Beneficial Ownership filed with the SEC on Forms 4. Exhibit 10 is a press release published by Enovix.  Exhibits 15 and 18 are publicly available transcripts that the Court should take judicial notice of to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

**Published Articles (Exhibits 1-3, 6, 11).**  News articles are proper subjects of judicial notice to show that the market was aware of information contained therein.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants").  Exhibits 1-3, 6, and 11 are publicly available news articles the Court may take judicial notice of "to establish 'whether and when certain information was provided to the market.'"  *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (citing *In re Wet Seal, Inc. Sec. Litig.*, 518 F.Supp.2d 1148 (C.D. Cal. 2007)).

**Stock Price Chart (Exhibit 20).**  Exhibit 20 is a publicly-available chart of Enovix's stock price from June 24, 2021 to January 5, 2023.  Plaintiffs cannot reasonably dispute its authenticity and it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *In re Nektar Therapeutics*, 2020 WL 3962004, at *8 (N.D. Cal. July 13, 2020) (internal quotations omitted) (granting request for judicial notice of historical stock price chart).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-00071-SI

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court consider Exhibits 2, 4, 5, 7-9, 11, 12, 15, 16-18, and 20 under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1-20.

Dated: September 15, 2023                          COOLEY LLP


By:    _/s/ Shannon M. Eagan_
          Shannon M. Eagan

*Attorneys for Defendants Enovix Corporation, Harrold Rust, Steffen Pietzke, Cameron Dales, Thurman J. Rodgers, Emmanuel T. Hernandez, Lisan Hung, Steven J. Gomo, John D. McCranie, Joseph I. Malchow, Betsy Atkins, Pegah Ebrahimi, and Gregory Reichow*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-00071-SI