Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the Class*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | Case No: 3:23-cv-00071-SI<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS**<br><br>JUDGE:  Hon. Susan Illston<br>DATE:  December 8, 2023<br>TIME:  10:00 a.m.<br>CTRM:  Videoconference Only |

Plaintiffs submit this response to Defendants' Request for Judicial Notice and Consideration of Documents, Dkt. No. 90 ("RJN").[1]

## I.    Defendants Inundate the Court With Over 300 Pages of Extrinsic Documents

In connection with their Motion, Defendants foist upon the Court 20 extraneous documents comprising over 300 pages.  Many of these documents are cited nowhere in the Complaint and Defendants submit them for the improper purpose of asking the Court to accept the truth of the matters asserted therein.  Defendants are attempting to present their own alternate version of the facts, while their motion purports to challenge the sufficiency of the allegations of the Complaint under Rule 12(b)(6).

Fed up with defendants' persistent practice of submitting hundreds of meaningless pages in support of motions to dismiss, the Ninth Circuit cautioned that courts must resist "a concerning pattern in securities cases like this one: exploiting [incorporation by reference and judicial notice] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  The Ninth Circuit warned that this "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery," cautioning that "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 998–99.

In deciding a motion to dismiss under Rule 12(b)(6), "[g]enerally, district courts may not consider material outside the pleadings." *Id.* at 998.  There are two lone exceptions: (1) when documents are properly subject to judicial notice under Fed. R. Evid. 201, *id.* at 998; or (2) "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's

---

[1] Capitalized terms not otherwise defined herein take the meaning ascribed in the Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 84, "Complaint"). References to "Defs.' Mot." are to Defendants' motion to dismiss the Complaint (Dkt. No. 89). References to "¶__" are to the paragraphs of the Complaint.

claim." *Id.* at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). However, the Court may not consider these documents for the truth of the matters asserted therein, or to the extent they are used to contradict the facts alleged in the Complaint. *Id.* at 1003 ("it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). If the Court considers this extraneous material for the truth of the matters asserted therein, it must convert this Motion to one for summary judgment and permit the parties to conduct discovery. *Id.* at 998; Fed. R. Civ. P. 12(d).

**II.    The Court Must Not Consider Defendants' Exhibits 1-3, 6, 10, 13-14, or 19**

The Complaint makes no reference, much less "extensively," to the documents Defendants submit as Exhibits 1, 3, 6, 10, 13, 14, or 19. *Khoja*, 899 F.3d at 1002 (quoting *Ritchie*, 342 F.3d at 907). In no sense can it be said that any of these documents "forms the basis of" Plaintiffs' claims. *Id.* The Complaint makes a single passing reference to the article Defendants submit as Exhibit 2, but "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citing *Ritchie*, 342 F.3d at 908-09).[2] As the Ninth Circuit warned in *Khoja*, "if the document [submitted by defendants on a motion to dismiss] merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." 899 F.3d at 1002 (citing *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995–96 (S.D. Cal. 2005) (declining to incorporate numerous exhibits not mentioned or relied upon in the complaint, where the defendants "offer[ed] the documents as evidence that Defendants did not commit a securities violation")). As the *Khoja* court explained:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no

---

[2] "For 'extensively' to mean anything under *Ritchie*, it should, ordinarily at least, mean more than once.… Otherwise, the rule would simply require a complaint to 'refer' to the document." *Khoja*, 899 F.3d at 1002 (citing *Coto*, 593 F.3d at 1038) (single reference to blog post conveying background facts was "not sufficiently extensive" to be incorporated by reference).

PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; 3:23-cv-00071-SI

> opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

Defendants' Exhibits 1-3 and 6 are news articles which Defendants submit for the sole improper purpose of establishing a counterfactual defense, and the Court must not grant judicial notice of these extrinsic documents. Exhibit 1 is a news article about one company (not Enovix) that conducted a FAT remotely, and Defendants cite it only for the proposition that "many companies" purportedly performed FAT and SAT procedures remotely. Defs.' Mot. 5. Exhibit 2 is a news article briefly alluded to in one sentence of the Complaint (¶93), as one example amid four pages of allegations about the importance of conducting a FAT and SAT. *See* Complaint pp17-20. Defendants cite Exhibit 2 only to establish the purported fact of the benefits of remotely conducting FAT and SAT, which is not alleged (by either party) to have actually happened here. Defs.' Mot. 5, 17. Exhibit 3 is a news article Defendants submit solely to show the purported general advantages of remotely conducting a FAT or SAT. Defendants' Exhibit 6 is a news article about the Enovix-RSVAC merger, which Defendants submit only to provide extraneous background about the company. Defs.' Mot. 4. These articles have nothing to do with the allegations of the Complaint—indeed Exhibits 1-3 do not even mention Enovix—and there is no relevance to the market's awareness of any information contained in these articles. That these articles exist or that the statements therein were made offers no substantive assistance to the Court's evaluation of Defendants' Motion. These articles are submitted solely for the impermissible purpose of having the Court accept the truth of their contents, which is not a valid basis for granting judicial notice. *Khoja*, 899 F.3d at 1003.[3]

With respect to Defendants' Exhibit 10, judicial notice is not appropriate because Defendants apparently submit this extrinsic document only to show that a statement made by Defendant Rust at a conference, as quoted in the Complaint (¶116), was also reprinted in a press

---

[3] Even if the articles were presented at summary judgment, they would not be admissible due to hearsay and relevance objections.

PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; 3:23-cv-00071-SI

release. Defs.' Mot. 9. Defendants attribute no significance to the fact of this reprinting, and they assert no missing context in the Complaint's quotation of Mr. Rust's comments. Indeed, Defendants actually produced a *more abbreviated* version of the same quotation alleged in the Complaint. Defs.' Mot. 9. Accordingly, there is no purpose for granting judicial notice of this extrinsic document.

With respect to Defendants' Exhibit 13—Forms 4 filed with the SEC by Defendant Rodgers—judicial notice is not appropriate because Defendants are attempting to assert Rodgers' stock purchases as a defense, but the Forms 4 standing alone fail to provide the necessary full factual context for Rogers' stock purchases, which is critical to establish that factual defense. Thus, "while it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should not be taken of the *truth* of their contents." *Maiman v. Talbott*, No. SACV 09–0012 AG (ANx), 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (emphasis in original) ("The Court joins the courts that decline to take judicial notice of defendants' stock purchases reflected in Forms 4") (collecting cases).

Finally, judicial notice is not appropriate as to Defendants Exhibits 14 and 19—letters to Enovix's shareholders. Each of these documents is cited only for the truth of the background facts asserted therein. Defs.' Mot. 9 and 11. Defendants draw no connection from these letters to the allegations of the Complaint and there is no relevance to the market's awareness of any information contained in these articles. That these articles exist or that the statements therein were made offers no substantive assistance to the Court's evaluation of Defendants' Motion.

None of these documents serve any valid purpose other than Defendants' improper attempt to dispute the factual allegations of the Complaint at the pleading stage. The Court should refuse to consider these documents.

### III.   The Court May Consider the Remaining Exhibits Only for the Limited Allowable Purpose of Establishing What Public Statements Were Made

With respect to the remaining Exhibits, Plaintiffs do not contest that the Court may take judicial notice of the documents for the limited purpose propounded in the RJN: to demonstrate that certain public statements were made as shown in the documents. The Court may not consider

- 4 -

these documents to the extent they are proffered for the truth of the matters asserted therein, or to the extent they are used to contradict the facts alleged in the Complaint. *Khoja*, 899 F.3d at 1003. Plaintiffs also note that Defendants have improperly highlighted most of the documents that they request the Court take notice of (Exs. 1-9, 11-12, 14-16, and 18-19), and the Court must ignore any such emphasis. "This highlighting does not constitute a 'fact' that meets the FRE 201 standard, and thus, it is not properly the subject of judicial notice at this time." *Honchariw v. County of Stanislaus*, No. 1:21-cv-00801-SKO, 2023 WL 4600873, at *3 (E.D. Cal. July 18, 2023).

Dated: October 27, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Josh Baker (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick (*pro hac vice*)
Marc B. Kramer (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 597-2800
Email: lrolnick@rksllp.com
Email: mkramer@rksllp.com
Email: amenkova@rksllp.com

*Co-Lead Counsel for Plaintiffs and the Class*

PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; 3:23-cv-00071-SI