COOLEY LLP
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
BRETT DE JARNETTE (292919)
(bdejarnette@cooley.com)
SAM BLANKENSHIP (339905)
(sblankenship@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

SARAH M. LIGHTDALE (*pro hac vice*)
(slightdale@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone: +1 212 479 6000
Facsimile: +1 212 479 6275

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke,
Cameron Dales, Thurman J. Rodgers, Emmanuel T.
Hernandez, Lisan Hung, Steven J. Gomo, John D.
McCranie, Joseph I. Malchow, Betsy Atkins, Pegah
Ebrahimi, and Gregory Reichow*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Civil Action No. 23-cv-00071-SI<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date: December 8, 2023<br>Time: 10:00 AM<br>Judge: Hon. Susan Illston |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

## I.    INTRODUCTION

Plaintiffs' Response to Defendants' Request for Judicial Notice[1] confirms the Court may consider Exhibits 1-20 to the Declaration of Sam Blankenship ("Blankenship Decl.") under the incorporation by reference and/or judicial notice doctrines in ruling on Defendants' Motion to Dismiss. Plaintiffs concede that the Court may consider Exhibits 4, 5, 7-9, 11, 12, 15-18, and 20. (RJN Opp. at 4-5.) Though they appear to challenge Exhibits 1-3, 6, 10, 13-14, and 19, Plaintiffs cannot credibly contest the Court's consideration because these documents either form the basis of the Complaint or are the types of documents subject to judicial notice. Instead, Plaintiffs distort how Defendants cite certain exhibits and improperly conflate the separate doctrines of incorporation by reference and judicial notice.[2] While the Complaint is deficient on its face, Exhibits 1-20 provide further support for dismissal, as they contain important context that Plaintiffs selectively omit from their Complaint. *See Tellabs, Inc. v. Major Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Importantly, Defendants may use these exhibits so long as they do not "only serve to dispute facts stated in a well-pl[ed] complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Defendants do no such thing. Plaintiffs have not identified a single well-pled factual allegation that Defendants dispute through the use of their exhibits. Defendants cite to these exhibits to demonstrate what information was provided to the market, using documents that are consistently considered the proper subjects of judicial notice.

Plaintiffs complain that Defendants have provided the Court with twenty exhibits consisting

---

[1] All references to "RJN Opp." are to Plaintiffs' Response to Defendants' Request for Judicial Notice (ECF No. 92). All references to "RJN" are to Defendants' Request for Judicial Notice (ECF No. 90). All "¶ _" references are to Plaintiffs' Consolidated Class Action Complaint (ECF No. 84, "Complaint"). All references to the "Motion" or "Mot." are to Defendants' Motion to Dismiss the Complaint (ECF No. 89). All "Ex." references are to the exhibits to the Blankenship Decl. All references to "Opp." are to Plaintiffs' Opposition to the Motion (ECF No. 91). Unless otherwise noted, all emphasis is added and all internal quotation marks, ellipses, brackets, and citations are omitted.

[2] Plaintiffs have also submitted four exhibits, complaints drawn from other securities cases, attached to the Declaration of Joshua Baker. (ECF No. 91-1). However, Plaintiffs have offered no rationale, in their RJN Opp. or elsewhere, as to why these complaints are proper subjects of judicial notice or are relevant to this case, nor have they requested that the court take judicial notice of them. As a result, the Court is not required to take judicial notice of these documents. Fed. R. Evid. 201(c)(2) (only requiring that a "court *must* take judicial notice *if a party requests it* and the court is supplied with the necessary information").

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
23-CV-00071-SI

of "over 300 pages," but ignore that the majority of these documents (thirteen) were cited in their Complaint and nearly half (eight) of the exhibits are the sources of the challenged statements or corrective disclosures themselves.  The remaining exhibits are the types of documents that courts routinely take judicial notice of – public filings with the Securities and Exchange Commission ("SEC"), press releases, earnings call transcripts, and publicly available news articles.

## II.    ARGUMENT

### A.    Exhibits 2, 4, 5, 7-9, 11, 12, 15-18, and 20 Are Incorporated Into The Complaint

First, Plaintiffs do not dispute that Exhibits 4, 5, 7-9, 11, 12, 15-18, and 20 are incorporated by reference into the Complaint.  Rather, Plaintiffs argue that the Court "may not consider these documents to the extent they are proffered for the truth of the matters asserted therein, or to the extent they are used to contradict the facts alleged in the Complaint."  (RJN Opp. at 4-5.)  Plaintiffs misstate the law.  Because these documents are incorporated by reference, the Court may consider these exhibits for their truth.  Indeed, "[o]nce a document is deemed incorporated by reference, *the entire document is assumed to be true for purposes of a motion to dismiss*, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).  Moreover, Plaintiffs do not claim that Defendants use these exhibits for the truth of the matter asserted and otherwise fail to explain how Defendants used any of these exhibits improperly.

Plaintiffs' challenge of Exhibit 2 fails. They argue that Exhibit 2 is not incorporated by reference because it is cited in one paragraph of the Complaint, but that does not prevent a document from being incorporated by reference.  (RJN Opp. at 2.)  *See In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *6-7 (N.D. Cal. Nov. 23, 2021) (document cited only once was incorporated by reference); *Orexigen*, 899 F.3d at 1002-03; *In re Apple Inc. Device Performance Litig.*, 386 F.Supp.3d 1155, 1165 (N.D. Cal. 2019) ("[A] document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document.").  Here, Plaintiffs use Exhibit 2 to claim that factory and site acceptance testing are important.  (¶93.)  They use this article to support their theory that Enovix's decision to not send its engineers to China as a part of acceptance testing created material risks that should have been mitigated.  (¶¶93-94.)  But

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
23-CV-00071-SI

Plaintiffs selectively exclude critical context that the entire article is about *remote* testing – it does not encourage the in-person testing Plaintiffs purport the article stands for.  (*See* Opp. at 6; ¶93; Ex. 2 at 1.)

The incorporation by reference doctrine is designed to allow the Court to consider documents Plaintiffs rely on in their proper context, and thus to prevent Plaintiffs from selectively quoting from them to plead fraud. *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (noting that "false statements 'must be analyzed in context'"); *see also Orexigen*, 899 F.3d at 1002 ("The [incorporation by reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").  Defendants do not cite Exhibit 2 to establish the "benefits of remotely conducting FAT and SAT."  (*See* RJN Opp. at 3.)  Rather, Defendants cite Exhibit 2 to contextualize the meaning of "factory and site acceptance testing," including information that had been publicly disseminated about what factory and site acceptance meant (especially during a global pandemic).  (Mot. at 5, 17.)  Further, a defendant may use "the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's conclusory allegations" – like the allegations in the Complaint.  *Eventbrite*, 2020 WL 2042078, at *7.  Defendants' use of Exhibit 2 is proper, and Defendants may attach documents referenced in the Complaint for the full context of Plaintiffs' claims.  *See id.*

**B.    Exhibits 1-20 Are Proper Subjects of Judicial Notice**

Plaintiffs concede that the Court may take judicial notice of Exhibits 4, 5, 7-9, 11, 12, 15-18, and 20.  (RJN Opp. at 4-5).  And Plaintiffs' challenge to Exhibits 1-3, 6, 10, 13-14, and 19, which distorts Defendants' use of these exhibits and improperly applies the incorporation by reference standard, fails because these documents are the types of documents subject to judicial notice.

Plaintiffs claim that Defendants improperly cite certain of these exhibits for their truth and/or to dispute Plaintiffs' purportedly well-pled allegations.  (*Id.* at 2-4.)  Plaintiffs are wrong.  Courts routinely take judicial notice of SEC filings, news articles, and other public information, such as in Exhibits 1-20, for the purpose of showing what information was available to the stock

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
23-CV-00071-SI

market and when.  *See, e.g., In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020).  Defendants cite these exhibits for just that purpose – placing the allegations in Plaintiffs' Complaint in the context of what information was publicly available at the time.

With respect to Exhibits 1-3, 6, 10, 13-14, and 19, Plaintiffs again misapply the law. Plaintiffs state that those Exhibits must be referenced "extensively" or "form[] the basis of Plaintiffs' claims."  (RJN Opp. at 2.)  But as discussed above, that is the standard for documents *incorporated by reference*.  Under the doctrine of judicial notice, courts may take judicial notice of a fact that is "not subject to reasonable dispute," Fed. R. Evid. 201(b), including "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820 (C.D. Cal. 1998). Defendants do not request that the Court consider Exhibits 1-3, 6, 10, 13-14, and 19 for the truth of their contents, nor do Defendants use these Exhibits for their truth.  Defendants merely request the Court take judicial notice of these documents to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

***Published Articles (Exhibits 1-3, 6).***  Plaintiffs argue that Defendants cite to Exhibits 1-3 and 6, which are publicly available news articles, only to establish a defense.  (RJN Opp. at 3.) However, Plaintiffs again confuse the two doctrines at issue.  If a document is cited only to create a "defense" to the complaint, the document does not "necessarily form the basis of the complaint," such that it would not be incorporated by reference. *Orexigen*, 899 F.3d at 1002.  Defendants do not contend Exhibits 1 and 3 are incorporated by reference, but rather ask the Court to judicially notice Exhibits 1-3 as examples of what information was available to investors regarding factory and site acceptance testing at the time the challenged statements were made.[3]  (Mot. at 5.)  Similarly, Defendants cite Exhibit 6 to illustrate what information was available to investors regarding Enovix's position in the global battery industry, relevant to the challenges it faced in the global supply chain as it developed a nascent technology.  (Ex. 6; Mot. at 4.); *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants.").

---

[3] Consideration of Exhibit 2 is proper both under judicial notice and as a document incorporated by reference.

Cooley LLP
Attorneys at Law
Palo Alto

5

Defendants' Reply In Support of
Request for Judicial Notice
23-cv-00071-SI

***Press Release & SEC Filings (Exhibit 10, 13-14, and 19).*** In challenging Exhibits 10, 14, and 19, Plaintiffs ignore well-settled law holding that the Court may take judicial notice of SEC filings and press releases "for the purpose of determining what was disclosed to the market." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019). Plaintiffs do not dispute that Exhibit 10, a press release, may be introduced for the purpose of the market's awareness of Mr. Rust's statement.[4] (RJN Opp. at 3-4; Mot. at 9.) Because Exhibit 10 demonstrates what was disclosed to investors, the Court may take judicial notice of the exhibit. Additionally, Defendants cite Exhibits 14 and 19 (SEC filings) for what Enovix told investors about its Fab-1 lines and revenue generated from Fab-1. (Mot. at 9, 11.) Courts routinely take judicial notice of these types of documents. *In re Rackable Sys. Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir.2006) (noting SEC filings are proper subjects of judicial notice).

Plaintiffs also claim that Exhibit 13, a Form 4 filed with the SEC, is not the appropriate subject of judicial notice. They are wrong. Courts may take judicial notice of "documents . . . which indicate that [securities fraud defendants] purchased" the company's stock. *In re Intrabiotics Pharms., Inc. Secs. Litig.*, 2006 WL 708594, at *13 (N.D. Cal. Jan. 23, 2006). Courts have taken judicial notice of Forms 4 and noted there is no basis to believe the truth of the document is in dispute when used to assess scienter allegations. *See Westley v. Oclaro, Inc.*, 897 F.Supp.2d 902, 928-29 n.6 (N.D. Cal. 2012) (taking judicial notice of Forms 4 and noting that, where plaintiff did not claim the documents are not true, there is "no basis for believing that the truth of the documents is in dispute."); *see also Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) ("The Form 4's are properly judicially noticed for their truth because they contain relevant information required for an assessment of the [complaint's] scienter allegations, and their authenticity is not in question."). Forms 4, as is the case with other SEC filings, are "[m]atters of public record" and "may be judicially noticed." *Sec. and Exch. Comm'n v. Bardman*, 216

---

[4] Plaintiffs argue that judicial notice of Exhibit 10 is inappropriate by wrongly claiming it was cited only to show that a statement was "reprinted in a press release." (RJN Opp. at 3-4.) Plaintiffs cite no authority for their disapproval of Defendants' citation of Exhibit 10, nor do they claim that Exhibit 10 is not the type of document routinely subject to judicial notice, or that it was cited for truth. (*Id.*) Thus, they have provided no legal basis for not judicially noticing this press release.

Defendants' Reply In Support Of
Request for Judicial Notice
23-cv-00071-SI

F.Supp.3d 1041, 1058-59 (N.D. Cal. 2016). As such, the Court should exercise its discretion and grant Defendants' request for judicial notice of Exhibit 13.

### C.    Defendants Highlighted the Exhibits Solely for the Court's Convenience

Plaintiffs' assertion that the Court "must ignore" Defendants' use of highlighting in the Exhibits is not well taken. (RJN Opp. at 5.) Defendants highlighted relevant passages from the Exhibits solely for the Court's convenience. Indeed, many of these passages are the statements and purported corrective disclosures Plaintiffs allege in the Complaint. Defendants do not, and could not, create disputed "facts" on the basis of their use of highlighting, as Plaintiffs suggest. (*Id.*)

Plaintiffs' citation to *Honchariw v. County of Stanislaus* is inapposite. 2023 WL 4600873 (E.D. Cal. July 18, 2023). In *Honchariw*, the defendant sought judicial notice of highlighted language it added to ***the plaintiff's complaint***, where the defendant highlighted changes that the plaintiff had made between their operative and prior pleading. *Id.* at *3. Here, Defendants do no such thing. Defendants merely highlight language Plaintiffs quote in their Complaint and language used by Defendants in their Motion for the Court's convenience.

### III.    CONCLUSION

For the reasons stated above, Defendants respectfully ask the Court to consider Exhibits 1-20.

Dated: November 21, 2023                                    COOLEY LLP


                                                           By:    /s/ *Shannon M. Eagan*
                                                                  Shannon M. Eagan

                                                           Attorneys for Defendants
                                                           *Enovix Corporation, Harrold Rust, Steffen Pietzke, Cameron Dales, Thurman J. Rodgers, Emmanuel T. Hernandez, Lisan Hung, Steven J. Gomo, John D. McCranie, Joseph I. Malchow, Betsy Atkins, Pegah Ebrahimi, and Gregory Reichow*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
23-CV-00071-SI