COOLEY LLP
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
AMIE L. SIMMONS (336356)
(asimmons@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

SARAH M. LIGHTDALE (*pro hac vice*)
(slightdale@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone:    +1 212 479 6000
Facsimile:    +1 212 479 6275

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke,
Thurman J. Rodgers, Emmanuel T. Hernandez, Lisan
Hung, Steven J. Gomo, John D. McCranie, Joseph I.
Malchow, Betsy Atkins, Pegah Ebrahimi, and Gregory
Reichow*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br>This document relates to: All actions | Civil Action No. 23-cv-00071-SI<br><br>CLASS ACTION<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:         July 12, 2024<br>Time:         10:00 AM<br>Courtroom:    1<br>Judge:        Hon. Susan Illston |

## I.  INTRODUCTION

Defendants Enovix Corporation ("Enovix" or the "Company"), Harrold Rust, Steffen Pietzke, Thurman J. Rodgers, Emmanuel T. Hernandez, Lisan Hung, Steven J. Gomo, John D. McCranie, Joseph I. Malchow, Betsy Atkins, Pegah Ebrahimi, and Gregory Reichow (together with Enovix, "Defendants") respectfully request that the Court consider the eight documents identified below in support of Defendants' Motion to Dismiss (the "Motion") the Second Amended Class Action Complaint (the "Complaint"), which are attached as Exhibits 1-8 to the Declaration of Amie L. Simmons in Support of Defendants' Motion (the "Simmons Declaration").

Six of these eight documents are extensively cited in and/or form the basis of Plaintiffs' Complaint and are therefore incorporated by reference.  The two remaining exhibits are public filings with the Securities and Exchange Commission ("SEC"), which are routinely the proper subjects of judicial notice.  Consideration of all eight exhibits provides the Court with important context about what information was disseminated to the market and places the statements challenged in the Complaint in the context in which they were made.  Moreover, the Court is required under *Tellabs* to consider these documents in evaluating the adequacy of the Complaint. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

A chart tracking the documents subject to this request and the bases for considering them is included below.

## II.  DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| 1 | Excerpts of RSVAC's Form 8-K and attached Exhibit 99.2, Investor Presentation dated February 22, 2021, filed with the SEC on February 22, 2021 | IBR; JN | ¶¶64, 77, 126-32, 198 |
| 2 | Excerpts of RSVAC's Proxy Statement and Prospectus on Form 424B3, filed with the SEC on June 24, 2021 | IBR; JN | ¶¶39-40, 43, 45, 47, 63, 65-67, 72, 74 n.2, 76, 95, 125, 130-36, 199, 204 |

---

[1] Attached to the Simmons Declaration are true and correct copies of each exhibit, highlighted for the Court's convenience.  Some are excerpted.  All references to "¶" refer to the Complaint.  "Basis" refers to the reason the document should be considered: either through incorporation by reference ("IBR") or judicial notice ("JN").

| Exhibit | Description | Basis | ¶¶ |
|---|---|---|---|
| 3 | Transcript of Enovix's Earnings Call for the second fiscal quarter of 2021 on August 10, 2021, published by FactSet CallStreet, LLC | IBR, JN | ¶¶140-43 |
| 4 | Enovix's Form 8-K and attached Exhibit 99.1, Letter to Shareholders – Q4 2021 dated March 3, 2022, filed with the SEC on March 3, 2022 | IBR; JN | ¶¶146-49 |
| 5 | Excerpts of Enovix's Form 10-K for the fiscal year ended January 2, 2022, filed with the SEC on March 25, 2022 | IBR, JN | ¶¶150-54 |
| 6 | Transcript of Enovix's Earnings Call for the second fiscal quarter of 2022 on August 10, 2022, published by FactSet CallStreet, LLC | IBR; JN | ¶¶157-59 |
| 7 | Excerpts of Enovix's Form 10-Q for the fiscal quarter ended October 2, 2022, filed with the SEC on November 4, 2022 | JN | |
| 8 | Forms 4 Statements of Changes in Beneficial Ownership for Thurman J. Rodgers reporting transactions reflecting purchases from June 24, 2021 through October 2, 2023, filed with the SEC | JN | |

## III.    ARGUMENT

Before the Court is Defendants' Motion to Dismiss securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934, governed by the Private Securities Litigation Reform Act ("PSLRA").  As the Supreme Court of the United States has mandated, in deciding motions to dismiss securities fraud claims under the PSLRA, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs*, 551 U.S. at 322; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2016) (quoting same).  It is therefore appropriate for the Court to consider Exhibits 1-6, all of which have been incorporated by reference into the Complaint, as the Complaint either references their contents or quotes portions of the documents to support its claims and allegations.  The Court should also take judicial notice of Exhibits 1-8, which include filings with the Securities and Exchange Commission ("SEC") and transcripts of earnings calls, as they are all publicly available documents whose "accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

### A.   The Court Should Consider Documents Incorporated by Reference into the Complaint (Exhibits 1-6)

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Even where a plaintiff references only a short excerpt of the document, the document may be incorporated by reference if the plaintiff's "claim necessarily depend[s] on [the document]." *Khoja*, 899 F.3d at 1002.  The incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for the purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F.Supp.2d 1092, 1107 (E.D. Wash. 2013)).

Exhibits 1-6 are incorporated into the Complaint as Plaintiffs quote and rely on these documents to support their claims.[2]  Defendants provide the full text (or substantial, relevant excerpts) so the Court may consider Plaintiffs' allegations in context.  *See, e.g.*, *Khoja*, 899 F.3d at 1002; *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support [Plaintiffs'] claim.").

***Exhibits 1-6 are the sources of the challenged statements or the alleged corrective disclosures.***  Specifically, Plaintiffs claim that Defendants' statements in Exhibits 1-5 were materially false or misleading, "and they therefore form the basis of [Plaintiffs'] claims." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020); *see Khoja*, 899 F.3d at

---

[2] All of the documents which are incorporated by reference are also properly subject to judicial notice.

1004-05 (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are incorporated by reference into the complaint). (¶¶39-40, 43, 45, 47, 63-67, 77, 72, 74 n.2, 76, 95, 125-36, 140-43, 146-49, 150-54, 158-59, 198-99, 204). As such, it is crucial that the Court consider these documents in their entirety when ruling on the Motion because the alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996) (citing *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1414 (9th Cir. 1994)).

And, Plaintiffs allege that statements from Exhibit 6 were part of a "series of partial disclosures" that "began to gradually reveal that the continued setbacks to the Fab-1 manufacturing not only delayed the Company's goal of recognizing material product revenue by Q2 2022, but also pushed back the development of Enovix's next generation of manufacturing equipment." (¶¶155-59.) As such, Exhibit 6 forms the basis of Plaintiffs' loss causation allegations and is properly incorporated by reference. *Apple*, 2020 WL 2857397, at *5; *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference the documents that plaintiffs contended "revealed the truth after the misleading statements.").

**B.    The Court May Take Judicial Notice of Exhibits 1-8 as Publicly Available Documents**

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Unlike documents incorporated by reference, judicial notice extends to "matters of public record ***outside*** the pleadings." *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820 (C.D. Cal. 1998) (emphasis added). Courts may take judicial notice of "publicly available financial documents[,] such as SEC filings[,]" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Apple*, 2020 WL 2857397, at *6. Courts routinely take judicial notice of SEC filings and other public information

for the purpose of showing what information was available to the stock market and when. *See Apple*, 2020 WL 2857397, at *6. Judicial notice of Exhibits 1-8 is appropriate "for the purpose of determining what was disclosed to the market." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings and press releases).

**1.    The Court May Take Judicial Notice of the Documents Incorporated by Reference into the Complaint (Exhibits 1-6)**

As discussed above, Exhibits 1-6 are properly incorporated by reference into the Complaint. The Court may also consider these exhibits because they are the proper subjects of judicial notice.

***SEC Filings (Exhibits 1, 2, 4, 5).*** Defendants request judicial notice of RSVAC's and Enovix's public filings with the SEC: Forms 8-K and corresponding exhibits (Exhibits 1, 4), RSVAC's Form 424B3 Proxy Statement and Prospectus (Exhibit 2), and Enovix's Form 10-K (Exhibit 5). Judicial notice of these exhibits is proper as "[c]ourts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." *Apple*, 2020 WL 2857397, at *6; *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that judicial notice of SEC filings is "proper"); *Welgus*, 2017 WL 6466264, at *5 (taking notice of SEC filings, including Form 10-K, for "the fact of their existence, and not of the truth of the matters asserted therein"); *In re Rackable Sys. Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed"); *Dreiling.*, 458 F.3d at 946 n.2 (noting SEC filings proper subject of judicial notice); *In re Calpine Corp. Sec. Litig.*, 288 F.Supp.2d 1054, 1076 (N.D. Cal. 2003) (the court "may properly take judicial notice of SEC filings"); *In re Salesforce.com Sec. Litig.*, 2005 WL 6327481, at *3 (N.D. Cal. Dec. 22, 2015) (taking judicial notice of company's SEC filings).

***Earnings Call Transcripts (Exhibits 3, 6.)*** The Court may take judicial notice of Exhibits 3 and 6, which are transcripts of Enovix's earnings calls. The Court should take judicial notice of these documents to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted); *Wochos v. Tesla, Inc.*, 2019 WL 1332395 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (taking judicial notice of earnings calls); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3

(N.D. Cal. Jan. 27, 2016) (taking judicial notice of conference transcripts); *Facebook*, 405 F.Supp.3d at 827 (judicial notice appropriate for publicly available transcripts of conference calls). *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at \*10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of conference call transcripts "for the purposes of demonstrating what was disclosed to investors.").

### 2.    The Court May Also Take Judicial Notice of Exhibits 7-8

The Court may also consider Exhibits 7 and 8 because they are the proper subjects of judicial notice.  Defendants seek judicial notice of Enovix's Form 10-Q filed with the SEC on November 4, 2022 (Exhibit 7) and Thurman J. Rodgers' Forms 4 reflecting stock purchases, filed between June 24, 2021 and October 2, 2023 (Exhibit 8).  For the reasons stated under "SEC Filings" above, judicial notice of these exhibits is proper.  Furthermore, "[c]ourts routinely take judicial notice of Forms 4 when ruling on motions to dismiss where, as here, the plaintiff has put the defendant's trading history at issue." *Mogensen v. Body Cent. Corp.*, 2013 WL 8290493, at \*5 (M.D. Fla. Sept. 19, 2013); *see also Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at \*4 (N.D. Cal. Nov. 16, 2020) ("The Form 4's are properly judicially noticed for their truth because they contain relevant information required for an assessment of the [complaint's] scienter allegations, and their authenticity is not in question.").  Accordingly, the Court should take judicial notice of Exhibits 7-8.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court consider Exhibits 1-6 under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1-8.

Dated: May 3, 2024

COOLEY LLP

By:  /s/ Shannon M. Eagan
Shannon M. Eagan

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke, Thurman J. Rodgers, Emmanuel T. Hernandez, Lisan Hung, Steven J. Gomo, John D. McCranie, Joseph I. Malchow, Betsy Atkins, Pegah Ebrahimi, and Gregory Reichow*

COOLEY LLP
ATTORNEYS AT LAW

REQUEST FOR JUDICIAL NOTICE ISO
MTD CONSOLIDATED COMPLAINT
CASE NO. 3:23-CV-00071-SI