Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br><br><br><br><br><br><br>This Document Relates To: All Actions | Case No: 3:23-cv-00071-SI<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS**<br><br>JUDGE:    Hon. Susan Illston, U.S.D.J.<br>DATE:     July 19, 2024<br>TIME:     10:00 a.m.<br>CTRM:     Videoconference Only |

- 1 -

Lead Plaintiffs Gary Kung, Discovery Global Opportunity Master Fund Ltd., and Discovery Nymeria Master Fund, Ltd., and named Plaintiffs Robert G. Lee, and Traci Selke (collectively, "Plaintiffs") submit this response to Defendants' Request for Judicial Notice and Consideration of Documents, Dkt. No. 106 ("RJN").[1]

## I.    The Court Should Not Consider Defendants' Exhibits 7 or 8

Defendants submit Exhibits 7 and 8 for the improper purpose of presenting their own alternate version of the facts, while their motion purports to challenge the sufficiency of the allegations of the Complaint under Rule 12(b)(6). Disturbed with defendants' persistent practice of attempting to make an evidentiary battle out of what should be a facial challenge to pleadings, the Ninth Circuit has cautioned lower courts to resist "a concerning pattern in securities cases like this one: exploiting [incorporation by reference and judicial notice] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  The Ninth Circuit sternly warned that this one-sided and "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998-99. Indeed, it warned that "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.*

Defendants do not—and cannot—argue that Exhibits 7 and 8 are incorporated by reference; Defendants argue only that those exhibits are subject to judicial notice. RJN at 2. However, in resolving Defendants' motion to dismiss, even if Exhibits 7 and 8 are otherwise subject to judicial notice under Fed. R. Evid. 201, the Court may not consider the contents of the documents for the truth of the matters asserted therein or to contradict the facts alleged in the SAC. *See Khoja*, 899 F.3d at

---

[1] Capitalized terms not otherwise defined herein take the meaning ascribed in Plaintiffs' Second Amended Class Action Complaint (Dkt. No. 102, "SAC"). References to "MTD" are to Defendants' motion to dismiss the SAC (Dkt. No. 105).

PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; 3:23-CV-71-SI

1003 (cautioning against consideration of documents that "only serve to dispute facts stated in a well-pleaded complaint."). As the *Khoja* court explained:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims.

*Id.*

Defendants' Exhibits 7 and 8 are SEC filings that Defendants submit for the sole improper purpose of establishing factual defenses, so they must not be considered in resolving Defendants' motion to dismiss.

Exhibit 7 is a Form 10-Q, filed with the SEC on November 4, 2022, which Defendants cite only as evidence that "Enovix also disclos[ed] the precise risks it faced, listing at least ten 'challenges.'" MTD at 21. None of the "risk disclosures" disclose the truth about the matters that Plaintiffs allege Defendants misrepresented, nor do they disclose the material facts that Plaintiffs allege Defendants omitted. At best they are generalized statements about unspecified "delays" that had occurred, and anticipation of unspecified "delays" that *might* occur in the future. Such vagaries do not truthfully reveal the status of the Fab-1 manufacturing equipment in the respects that Plaintiffs allege were misrepresented or misleadingly omitted: that Fab-1 had never performed to specification and was nowhere close to doing so.

Defendants are using Exhibit 7 to attempt to establish that certain of their statements did not change the "total mix" of information available to the market. *See TSC v. Northway*, 426 U.S. 438, 449 (1976). However, this is a backdoor evidentiary challenge to Plaintiffs' allegations of materiality (which Defendants do not expressly contest, *see* MTD) that rests solely on a cherry-picked SEC filing that does not establish whether Defendants' statements were true or false, or whether the allegedly omitted information was material as a matter of law. Selective evidence of a *disputed* fact is not properly considered on a motion to dismiss. *See Khoja*, 899 F.3d at 1000 ("It is improper to judicially

notice a [document] when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'"); *id.* at 1001 (holding that judicial notice is not proper where "there is a reasonable dispute as to what the [document] establishes).[2]

Likewise, Exhibit 8, a compilation of Form 4 filings reflecting stock purchases by Defendant Rodgers, is not properly considered because Defendants are attempting to introduce Rodgers' stock purchases as a factual defense to scienter. S*ee* MTD at 24. The cherry-picked Forms 4—standing alone—fail to provide any evidence, much less conclusive evidence, about why Rodgers made the trades or what he stood to gain from increases in the price of Enovix stock. In short, the Forms 4 fail to provide the necessary full factual context for Rodgers's stock purchases, which is critical to establish that factual defense. Thus, "while it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should not be taken of the *truth* of their contents." *Maiman v. Talbott*, No. SACV 09–0012 AG (ANx), 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (emphasis in original) ("The Court joins the courts that decline to take judicial notice of defendants' stock purchases reflected in Forms 4") (collecting cases).

Moreover, the fact of whether Rodgers had an economic motivation to misrepresent the status of Enovix's manufacturing capabilities is very much in dispute, and Plaintiffs offer multiple other bases besides his stock holdings to infer a motivation to deceive investors, including his status as the trustee for a lender to Enovix, and the Company's existential need to close the Merger. Defendants' selective evidence that Rodgers was not actually motivated to make the alleged misrepresentations is not appropriately considered on a motion to dismiss. *See Khoja*, 899 F.3d at 1000.

Neither Exhibit 7 nor Exhibit 8 serves any valid purpose other than Defendants' improper attempt to dispute the factual allegations of the SAC at the pleading stage. Accordingly, the Court should refuse to consider these documents.

---

[2] Indeed, far from establishing the truth of Defendants' representations about the status of their manufacturing capacity, the disclosures Defendants cite in Exhibit 7 are themselves misleading. The implication of "we have experienced delays"—in the past tense—is that the delays are no longer present, or are at least close to being overcome. Here, however, Plaintiffs allege that the "delays" were ongoing and unmitigated through December 2022.

## II.     The Court May Consider Exhibits 1-6 Only for the Limited Allowable Purpose of Establishing What Public Statements Were Made

With respect to Exhibits 1-6, Plaintiffs do not contest that the Court may consider the documents for the limited purpose of demonstrating that certain public statements were made as shown in the documents. Such non-opposition is qualified by the following:

*First*, The Court may not consider these documents to the extent they are proffered for the truth of the matters asserted therein, or to the extent they are used to contradict the facts alleged in the SAC. *See Khoja*, 899 F.3d at 999, 1003.

*Second*, Defendants have improperly highlighted most of the documents that they request the Court take notice of, and the Court should ignore any such emphasis. *See Honchariw v. County of Stanislaus*, 2023 WL 4600873, at *3 (E.D. Cal. July 18, 2023) ("This highlighting does not constitute a 'fact' that meets the FRE 201 standard, and thus, it is not properly the subject of judicial notice at this time.").

*Third*, Defendants submit only a truncated version of the Proxy Statement (Exhibit 2) that lacks Annexes A-G thereto. To the extent the Court considers the Proxy Statement in resolving Defendant's challenge to the sufficiency of Plaintiffs' pleadings, the Court should consider the *entire* document.[3]

Dated: June 11, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Josh Baker (*pro hac vice*)
275 Madison Avenue, 40th Floor

---

[3] *Available at* https://www.sec.gov/Archives/edgar/data/1828318/000110465921085122/tm217682-15_424b3.htm.

New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick (*pro hac vice*)
Marc B. Kramer (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 597-2800
Email: lrolnick@rksllp.com
Email: mkramer@rksllp.com

*Co-Lead Counsel for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; 3:23-CV-71-SI