COOLEY LLP
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
AMIE L. SIMMONS (336356)
(asimmons@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:      +1 650 843 5000
Facsimile:      +1 650 849 7400

SARAH M. LIGHTDALE (*pro hac vice*)
(slightdale@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone:      +1 212 479 6000
Facsimile:      +1 212 479 6275

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke,*
*Thurman J. Rodgers, Emmanuel T. Hernandez, Lisan*
*Hung, Steven J. Gomo, John D. McCranie, Joseph I.*
*Malchow, Betsy Atkins, Pegah Ebrahimi, and Gregory*
*Reichow*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br><br>This document relates to: All actions | Civil Action No. 23-cv-00071-SI<br><br>CLASS ACTION<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:          July 19, 2024<br>Time:          10:00 AM<br>Courtroom:   1<br>Judge:         Hon. Susan Illston |

COOLEY LLP
ATTORNEYS AT LAW

## I.      INTRODUCTION

As discussed in Defendants' Motion to Dismiss ((the "Motion") ECF No. 105), the Complaint is deficient on its face for failure to state a securities fraud claim.  To provide the Court with additional context, Defendants submitted Exhibits 1-8, all of which are the proper subjects of judicial notice or are incorporated by reference into the Complaint.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Plaintiffs concede that the Court may consider Exhibits 1-6, and do not dispute that they are incorporated by reference into the Complaint.  (RJN Opp. at 5.)[1]  Instead, Plaintiffs improperly conflate the incorporation by reference and judicial notice doctrines to claim that the Court cannot consider Exhibits 1-6 for their truth (it can).  (*Id.*) Plaintiffs also concede that Exhibits 7 and 8, public filings with the Securities and Exchange Commission ("SEC"), are proper subjects of judicial notice, but distort how Defendants cite these Exhibits, and again mischaracterize the doctrine of judicial notice.  Defendants properly cite these documents to show what information was available to the market during the class period.  The Court may thus consider Exhibits 1-8.

## II.      ARGUMENT

### A.      Exhibits 1-6 Are Incorporated by Reference into the Complaint

Plaintiffs do not dispute – and therefore effectively concede – that Exhibits 1-6 are incorporated by reference into the Complaint.  (RJN at 3-4; RJN Opp. at 5.)  Rather, Plaintiffs argue that the Court "may not consider these documents to the extent they are proffered for the truth of the matters asserted therein, or to the extent they are used to contradict the facts alleged in the Complaint."  (*Id.*)  Plaintiffs misstate the law.  Because Exhibits 1-6 are incorporated by reference into the Complaint, the Court may consider these exhibits for their truth.  Indeed, "[o]nce a document is deemed incorporated by reference, ***the entire document is assumed to be true for purposes of a motion to dismiss***, and both parties – and the Court – are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).  Moreover,

---

[1] All "RJN Opp." references are to Plaintiffs' Response to Defendants' Request for Judicial Notice (ECF No. 110.)  All "RJN" references are to Defendants' Request for Judicial Notice (ECF No. 106.)  All "Mot." references are to Defendants' Motion to Dismiss ((the "Motion") ECF No. 105.)  All "Opp." references are to Plaintiffs' Opposition to the Motion (ECF No. 109.)  Unless otherwise noted, all emphasis is added, and internal citations and quotations marks are omitted.

Plaintiffs do not claim that Defendants cite any of these Exhibits for the truth of the matter asserted, and otherwise fail to explain how Defendants used any of these Exhibits improperly. Thus, the Court should consider Exhibits 1-6 as incorporated by reference into the Complaint.

### B.    Exhibits 7 and 8 Are Proper Subjects of Judicial Notice

The Court may take judicial notice of Exhibits 7 and 8, as they are publicly available SEC filings. Documents "submitted to the SEC generally qualif[y] as a source whose accuracy cannot reasonably be questioned" and are therefore proper subjects of judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Defendants did not claim that Exhibits 7 and 8 were incorporated by reference, and Plaintiffs do not appear to dispute that they are proper subjects of judicial notice. (*See* RJN Opp. at 2.) Instead, Plaintiffs claim that Defendants improperly cite Exhibits 7 and 8 to dispute Plaintiffs' purportedly well-pled allegations by "presenting their own alternate version of the facts." (*Id.*) Plaintiffs are wrong. Under the doctrine of judicial notice, courts may take judicial notice of a fact that is "not subject to reasonable dispute," Fed. R. Evid. 201(b), including "matters of public record ***outside*** the pleadings." *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820 (C.D. Cal. 1998). Judicial notice is appropriate for "adjudicative fact[s]" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *In re ON24, Inc. Sec. Litig.*, 2023 WL 7449838, at *1 (N.D. Cal July 7, 2023). These documents are judicially noticeable because they are publicly available, and Plaintiffs do not challenge their authenticity.

Defendants request the Court take judicial notice of Exhibits 7 and 8 to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Courts routinely take judicial notice of SEC filings and other public information, such as in Exhibits 7 and 8, for the purpose of showing what information was available to the stock market and when. *See, e.g.*, *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020); *In re Rackable Sys. Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (noting SEC filings are proper subjects of judicial notice). Defendants cite to Exhibits 7 and 8 for this precise purpose – to place Plaintiffs' allegations in the context of what

information was publicly available during the class period.  Nor have Plaintiffs identified any well-pled fact that Defendants cite the Exhibits to dispute.

*Exhibit 7.*  Defendants cite Exhibit 7, the Company's November 4, 2022 Form 10-Q, for the information the Company provided to the market at the time of the challenged statements.  (Mot. at 21.)  Plaintiffs are wrong that Defendants cite Exhibit 7 as a "backdoor evidentiary challenge to Plaintiffs' allegations of materiality." (RJN Opp. at 3.)  Rather, Defendants cite Exhibit 7 to argue that Rodgers' November 2022 statement that "Fab-1 is going to work and ship a lot of batteries to our customers-period" (Statement 12), is an inactionable forward-looking statement under the PSLRA.  (*See* Mot. at 20-21.)   The PSLRA's "safe harbor for forward-looking statements," provides that a defendant "shall not be liable" for any forward-looking statement that is either (1) "identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement" or (2) not "made with actual knowledge . . . that the statement was false or misleading."  15 U.S.C. 78u-5(c).  Defendants cite Exhibit 7 as an example of "meaningful cautionary statements" under prong one of the PSLRA safe harbor, to show what information was publicly available to the market, not to dispute any fact alleged in the Complaint.[2] (Mot. at 21.)  *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("nothing in [*Orexigen*] prevents this Court from analyzing an alleged false statement in context").

*Exhibit 8.*  Exhibit 8, Defendant Rodgers' Forms 4 publicly filed with the SEC, is a properly judicially noticeable "document[] . . . which indicate[s] that [a securities fraud defendant] purchased" the company's stock.  *In re Intrabiotics Pharms., Inc. Sec. Litig.*, 2006 WL 708594, at *13 (N.D. Cal. Jan. 23, 2006).  Plaintiffs do not dispute the accuracy of the trades demonstrated in

---

[2] Plaintiffs claim, for the first time in the RJN Opp., that the statements in Exhibit 7 are misleading. (RJN Opp. at 4 n.2.)  However, as "this hypothesis appears nowhere in the SAC," the Court should not consider it.  *See Petrie v. Elec. Game Card Inc.*, 2011 WL 13131246, at *3 n.2 (C.D. Cal. May 26, 2011) (declining to consider plaintiffs' new theory because "it is axiomatic that a complaint may not be amended by briefs in opposition to a motion to dismiss."). Even so, Plaintiffs cite no authority supporting that "we have experienced delays" means "delays are no longer present or are at least close to being overcome."  (RJN Opp. at 4 n.2).  In fact, Plaintiffs overlook the next sentence: "*We may experience further delays* improving manufacturing yield, throughput and equipment availability." (Ex. 7 at 36.)

the Forms 4. *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *4 (N.D. Cal. Feb. 1, 2021) (taking judicial notice of stock trades from Forms 4). Instead, Plaintiffs claim that Defendants cite Exhibit 8 as a "factual defense to scienter" to dispute "the fact of whether Rodgers had an economic motivation" to mislead investors. (RJN Opp. at 4.) Plaintiffs again confuse the two doctrines at issue. If a document is cited *only* to create a "defense" to the complaint, the document does not "necessarily form the basis of the complaint," such that it would not be incorporated by reference. *Orexigen*, 899 F.3d at 1002. Defendants do not contend that Exhibit 8 is incorporated by reference, but rather ask the Court to judicially notice Exhibit 8.

Courts routinely take judicial notice of Forms 4 and have noted that there is no basis to believe the truth of the document is in dispute when used to assess scienter allegations. *See Westley v. Oclaro, Inc.*, 897 F.Supp.2d 902, 928-29 n.6 (N.D. Cal. 2012) (taking judicial notice of Forms 4 and noting that, where plaintiff did not claim the documents are not true, there is "no basis for believing that the truth of the documents is in dispute.") Forms 4 are "[m]atters of public record" and "may be judicially noticed." *Sec. and Exch. Comm'n v. Bardman*, 216 F.Supp.3d 1041, 1058-59 (N.D. Cal. 2016). Furthermore, judicial notice of these forms is proper "because they contain relevant information required for an assessment of the [complaint's] scienter allegations, and their authenticity is not in question." *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020). Here, Defendants cite Rodgers' Forms 4 to put Plaintiffs' scienter allegations in context. (Mot. at 24.) Plaintiffs do not dispute the accuracy of the Forms 4, nor do they dispute that Rodgers purchased stock. As such, Plaintiffs point to no well-pled fact that Defendants are disputing through the use of the Forms 4 and fail to acknowledge that the Court is permitted to analyze Plaintiffs' claims in context.

As such, the Court should grant Defendants' request for judicial notice of Exhibits 7 and 8.

**C.    Defendants Highlighted and Excerpted Exhibits for the Court's Convenience**

Defendants have highlighted relevant passages from the Exhibits for the Court's convenience. (RJN at 1 n.1.) Many of these passages are the statements and purported corrective disclosures Plaintiffs allege in the Complaint. Plaintiffs claim that the Court "should ignore" Defendants' use of highlighting in the Exhibits. (RJN Opp. at 5.) But Defendants do not, and could

not, create disputed "facts" based on highlighting, as Plaintiffs suggest. (*See id.*) Plaintiffs' citation to *Honchariw v. County of Stanislaus* is inapposite. 2023 WL 4600873 (E.D. Cal. July 18, 2023). There, the defendant sought judicial notice of highlighted language it had added to the plaintiff's complaint, where the defendant highlighted changes that the plaintiff made between their operative and prior pleadings. *Id.* at *3. Here, Defendants do no such thing. Defendants highlight the same language that Plaintiffs quote in the Complaint and the language used by Defendants in their Motion for the Court's convenience.

Plaintiffs also complain that Exhibit 2, which contains excerpts of Enovix's June 24, 2021 proxy, is "truncated" because it does not include certain appendices. (RJN Opp. at 5; Opp. at 11 n.8.) This argument makes no sense because Plaintiffs admit in their Opposition to the Motion to Dismiss that "Defendants provide a link to the entire Proxy Statement in their declaration in support of their motion to dismiss. Dkt. No. 105-1 ¶4." (Opp. at 11 n.7.) Defendants only excerpted the Exhibit itself, in an effort to reduce the number of exhibit pages before the Court.

## III.    CONCLUSION

For the reasons stated above, Defendants respectfully ask the Court to consider Exhibits 1-8.

Dated: July 2, 2024                                        COOLEY LLP

By:   */s/ Shannon M. Eagan*
      Shannon M. Eagan

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke, Thurman J. Rodgers, Emmanuel T. Hernandez, Lisan Hung, Steven J. Gomo, John D. McCranie, Joseph I. Malchow, Betsy Atkins, Pegah Ebrahimi, and Gregory Reichow*