UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, District Judge

IN RE: ENOVIX CORPORATION       )  No. C 23-00071-SI
SECURITIES LITIGATION.          )
_____)

San Francisco, California
Friday, August 23, 2024

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING 12:00 - 12:11 = 11 MINUTES

APPEARANCES:

For Plaintiffs:
                              The Rosen Law Firm, P.A.
                              275 Madison Avenue
                              40th Floor
                              New York, New York 10116
                         BY:  PHILLIP C. KIM, ESQ.

                              Rolnick Kramer Sadighi, LLP
                              1251 Avenue of the Americas
                              Suite 4120
                              New York, New York 10020
                         BY:  SHANE KUNSELMAN, ESQ.

For the Defendants:
                              Cooley, LLP
                              3175 Hanover Street
                              Palo Alto, California 94304
                         BY:  SHANNON EAGAN, ESQ.
                              BRETT H. DE JARNETTE, ESQ.

Transcribed by:               Echo Reporting, Inc.
                              Contracted Court Reporter/
                              Transcriber
                              echoreporting@yahoo.com

2

Friday, August 23, 2024                          12:00 p.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Now calling civil matter 23-CV-71, In Re Enovix Corporation Securities Litigation.

Counsel, please state your appearances for the record, starting with Plaintiff.

MR. KIM (via Zoom):  Good afternoon, your Honor. Phillip Kim, Rosen Law Firm, for Plaintiffs.

THE COURT:  Good afternoon.

MR. KUNSELMAN (via Zoom):  Good afternoon, your Honor.  Shane Kunselman, Rolnick Kramer Sadighi, also for Plaintiffs.

THE COURT:  Good afternoon.

MS. EAGAN (via Zoom):  Good afternoon, your Honor. Shannon Eagan and Brett De Jarnette of Cooley for the Defendants.

THE COURT:  Good afternoon.  Welcome.

What I want to do today is get a schedule for proceedings, after today.  But first, I need to ask the Defendants a question.  You noted at page eight of your -- of your statement that the Vanguard Group owns 7.6-percent of -- I guess of -- how do you say it?  Enovix?

MS. EAGAN:  Enovix, your Honor.

THE COURT:  Enovix.

3

MS. EAGAN:  Enovix.

THE COURT:  Owns 7.6-percent of the Enovix, right?

MS. EAGAN:  Yes.

THE COURT:  My husband has -- has a bunch of different stocks in his IRA and I wanted to find out if any of these is the same Vanguard --

MS. EAGAN:  Okay.

THE COURT:  -- as what you're talking about.  He has Vanguard Utilities Index Fund, Vanguard Intermediate Term Treasury Fund, Vanguard Total Bond Market ETF, Vanguard Total Bond Market ETF and Vanguard Malvern Funds Emerging.

MS. EAGAN:  Can you say the last one, Malvern?

THE COURT:  Sure.  Vanguard Malvern Funds Emerging.  All of it's interests are fairly small, but --

MS. EAGAN:  Yeah.

THE COURT:  -- I'm not sure what those things are or if they are the same thing as the Vanguard Group.

MS. EAGAN:  Understood.  And I am not either.  It sounds like they're a number of index funds he has, based on the titles.  It doesn't sound like this is going to be an issue, but would it be okay, your Honor, if we could check, because --

THE COURT:  Absolutely.

MS. EAGAN:  -- I just don't know the holdings, obviously, of the different -- of the different Vanguard --

4

THE COURT:  Absolutely.

MS. EAGAN:  Okay.

THE COURT:  And if any of those presents a conflict, I'll gladly back out.  I kind of think they don't, because most of them look like funds and I think funds don't tend to create the kind of conflict we're talking about.  But, if so, I'll get out.

MS. EAGAN:  Thank you.

THE COURT:  In the meantime though, I'd like to go ahead today and at least get a -- get a schedule set, and then if I need to get out of dodge, I will do so.

So, you said -- what we need to do, in my view, we need to schedule through class certification.  What I'd prefer to do is not set a schedule for post-certification until we find out if it's certified so we know what we're looking at.

You've indicated you want to do a private mediation at an appropriate time.  We can talk later about what that might be, but it's probably not today.

You have proposed a schedule, which goes all the way through trial, and I'll kind of adopt half of it.  Esther, Exhibit A at the back of their statement is their proposed schedule and they've got May 23rd, 2025 for substantial production of documents.  Now, I will note that substantial is one of those words which is squashy.  I am not inviting litigation or fights over what was or was not substantial.

5

I think you all know what you're talking about, which is what you need to do to get the class certified or not.  So I'll do it that way without trying to make it more precise, but I recognize that there is imprecision there.

Stipulations or motions to amend pleadings or add new parties, June 24, 2025.  That's okay.  Complete document production, including privilege logs, August 25, 2025.  That's okay.  Oh, I see.  Well, you've got the motions to amend kind of in the middle there of your class briefing.  Is that what you meant?

THE COURT:  Okay.

MR. KIM:  Your Honor, this is Phil Kim for the Plaintiffs.  I think we had intended that in the event that there were some issues in class certification that would necessitate the amendment of the pleading or substitution of parties.

MR. KIM:  At least from the Plaintiffs' perspective.

THE COURT:  I'll leave it that way then.  It could -- it could mean you're all double upped on briefing, but I don't expect that's actually going to happen.

Motion for class certification, May 23rd, 2025.  That's okay.  Oppo, July 23rd, 2025.  That's okay.  Two months to do a reply?  Why is that?

MR. KIM:  Well, your Honor, we anticipate that the

Defendants will present expert in opposition to our opening expert.  That would give us time to depose their expert and submit any rebuttal report if necessary.  I think that would give the parties enough time to complete those tasks.

THE COURT:  And the Defendants are agreeable to that?

MS. EAGAN:  Your Honor, while we're in this area, one of the things that we've asked and the Plaintiffs have not agree to yet, is an opportunity for a surreply.  Having been through this a number of times, the kind of heart of the matter on class certification doesn't really get briefed until our opposition, and case in point, that's I think why Defendants -- or, I'm sorry, Plaintiffs -- would like this long time to do a reply.

We can live with that, but we also want to, you know, request -- and I understand your Honor may not agree to that request right now, but we would -- we foresee that we will be requesting a surreply, because a lot of the arguments don't come out from Plaintiffs until that reply date.

THE COURT:  All right.  And you anticipated correctly what I was going to say, which is, I'm not going to deal with that today, but if the time comes and you need to ask for it, you may ask for it.

MS. EAGAN:  Thank you.

THE COURT:  I'm just having a hard time with --

7

with the schedule here.  It's just so long.  July 23rd -- how about, I'll give you until August 29th to file your reply, which would be a whole month, and if that isn't enough you can let me know.

MR. KIM:  Understood, your Honor.

THE COURT:  And then, the hearing -- we'll set the hearing for September 26th so that in the event a surreply is requested and granted they'll be time to do that.  How will that work?

MR. KIM:  That works for Plaintiffs, your Honor.

MS. EAGAN:  That works for us, your Honor, as well.

THE COURT:  Okay.  So that puts us over to September 26th.  Okay.  We'll do that and then let's have a further status with me in say mid-March of next year, just to see how things are going to make sure there aren't any glitches.  So, like the 14th, Esther, would that be good?

THE CLERK:  Yes, your Honor.

THE COURT:  Is the 14th of March okay with people?

MR. KIM:  Works for Plaintiffs, your Honor.

MS. EAGAN:  We'll make it work, your Honor.  I admit, I don't know where I'll be on the 14th of March.

THE COURT:  Okay.

MS. EAGAN:  But I -- I don't have any -- anything jumping out at me.

8

THE COURT: All right. Well it's the day before the Ides, so you don't need to worry --

MS. EAGAN: There you go. Yeah, I remember.

THE COURT: All right. So that's what we'll do, and when we -- when we speak in March, I'll ask you again about ADR, because by then you should know a little bit more about where things are shaking out and when you think you might be ready to have your first session on that. In the meantime, if you have issues or discovery problems or anything, just please follow the standing order that says you should let me know with a -- with a letter brief. Oh, and then if the Defendants would tell me -- if you could tell me within a week whether you feel there's a conflict with any of the Vanguard funds that I mentioned, because I need to know that to get off right away, if that's a problem.

MS. EAGAN: Absolutely. What's the proper way to do that, your Honor? Or preferred?

THE COURT: You can just file a statement. It should be filed, and just --

MS. EAGAN: Okay.

THE COURT: If you think there's no conflict, just please tell me that that's the case. Or, if you think there is, tell me that that's the case.

MS. EAGAN: Absolutely.

9

THE COURT:  Okay.  Thank you, all.

MS. EAGAN:  Thank you.

(Proceedings concluded at 12:11 p.m.)

10

CERTIFICATE OF TRANSCRIBER


I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.


Echo Reporting, Inc., Transcriber

Tuesday, August 27, 2024

*Echo Reporting, Inc.*