Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | No: 3:23-cv-71-SI<br><br>CLASS ACTION<br><br>**NOTICE OF PLAINTIFFS' MOTION AND MOTION FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION**<br><br>Date:     November 29, 2024<br>Time:     10:00 a.m.<br>Courtroom: 1<br>Judge:    Hon. Susan Illston |

**NOTICE OF MOTION FOR ISSUANCE OF A LETTER OF REQUEST
PURSUANT TO THE HAGUE EVIDENCE CONVENTION**

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 29, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Susan Illston, United States District Judge, at San Francisco Courthouse, Courtroom 1 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Lead Plaintiffs Discovery Global Opportunity Master Fund Ltd., Discovery Nymeria Master Fund, Ltd., and Gary Kung, and additional named Plaintiffs Robert G. Lee and Traci Selke (collectively, "Plaintiffs"), will and hereby do move this Court, pursuant to 28 U.S.C. § 1781(b) and the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters for issuance of a [proposed] Letter of Request addressed to the Ministry of Justice of the People's Republic of China requesting the production of documents from Shenzhen Yinghe Technology Co. Ltd. as described in the Exhibit A to the [proposed] Letter of Request.

This Motion is based upon the accompanying memorandum of points and authorities, the accompanying [proposed] Letter of Request attached hereto as Exhibit 1, the accompanying Requests for Production attached to the [proposed] Letter of Request as Exhibit A, all prior papers and proceedings herein, and such additional information or argument as may be required by the Court.

Defendants take no position with respect to the relief requested by this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to 28 U.S.C. § 1781(b) and the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), Plaintiffs submit this memorandum of law in support of their Motion for the Court to issue the [proposed] Letter of Request to the Ministry of Justice of the People's Republic of China ("China") requesting the production of documents from Shenzhen Yinghe Technology Co. Ltd. ("Yinghe") as described in Exhibit A to the [proposed] Letter of Request. A copy of the Letter of Request is attached hereto as Exhibit 1. Exhibit A to the Letter of Request includes a certified Chinese translation of the requests for production to assist China's Ministry of Justice in executing the [proposed] Letter of Request. Defendants take no position as to this Motion.

## I.    INTRODUCTION AND FACTS

Enovix Corporation ("Enovix") is a technology company based in Fremont, California. Enovix developed a new lithium-ion battery technology. Plaintiffs allege, on behalf of themselves and a putative class of investors who purchased Enovix stock between August 11, 2021 and October 2, 2023, that Defendants made false and misleading statements and omissions of material fact in public statements to investors, in violation of Section 10(b) of the Exchange Act.

Plaintiffs allege that in 2020, Enovix sought to expand its manufacturing operations to support commercial production of its batteries for the first time. Enovix contracted with equipment vendors to make custom-designed manufacturing equipment for its "Fab-1" facility in Fremont. One of those vendors was Yinghe. Enovix's Equipment Procurement Review ("EPR") required that the equipment made by Yinghe pass certain Factory Acceptance Testing ("FAT") at Yinghe's facility in China before Enovix accepted delivery of the equipment. Plaintiffs allege that the equipment repeatedly failed the FAT, but in April 2021 Enovix waived the FAT requirement and took delivery of the equipment. Plaintiffs allege that after years of efforts to improve the Fab-1 equipment at Fremont, Enovix was never able to get the equipment running at even 20% of the specified production capacity.

Plaintiffs allege that in the months that followed the April 2021 decision to waive the FAT requirement, Defendants misrepresented and concealed from investors that the Fab-1 equipment from Yinghe never passed, and in fact repeatedly failed, the FAT before it was installed in Fremont.

## II.    PROCEDURAL HISTORY

The initial complaint in this action was filed on January 6, 2023. Dkt. No. 1. Plaintiffs and various other movants each filed motions to consolidate related cases, to appoint Plaintiffs as Lead Plaintiffs, and to appoint their respective counsel and Lead Counsel. Dkt. Nos. 7, 8, 11, 14, 17, 22, 26, and 32. Those motions were withdrawn or resolved by the Court's Order dated April 28, 2023. Dkt. No. 68. Plaintiffs filed a Consolidated Complaint on July 7, 2023. Dkt. No. 84. Defendants moved to dismiss the Consolidated Complaint, Dkt. No. 89, which the Court granted without prejudice on January 30, 2024. Dkt. No. 97. Plaintiffs then filed the Second Amended Complaint ("SAC") on March 19, 2024. Dkt. No. 102. Defendants moved to dismiss the SAC, Dkt. No. 105, which the Court denied in part and granted in part. Dkt. No. 116. The parties participated in an Initial Case Management Conference with the Court on August 23, 2024. The parties have since begun fact discovery.

## III.    ARGUMENT

### A.    Legal Standards

The Hague Evidence Convention outlines the procedure by which parties may "request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence." Hague Evidence Convention, Art. 1. Both the United States and China are signatories to the Hague Evidence Convention. 28 U.S.C. § 1781(b) authorizes a U.S. court to issue a letter of request, seeking the assistance of another signatory country to the Hague Evidence Convention, in obtaining evidence from a non-party witness located overseas. *See also Simon and Simon, PC v. Align Tech., Inc.*, 2022 WL 16557638, at \*4 (N.D. Cal. Oct. 28, 2022); *Elliott Assocs. v. Republic of Peru*, 1997 WL 436493, at \*2 (S.D.N.Y. Aug. 1, 1997) ("Application for a letter of request to take testimony pursuant to the Hague Convention is an appropriate mechanism for obtaining discovery of a non-party witness in a foreign country.").

"Judges in this district have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted." *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014). Motions for letters of request are subject to the standards of Rule 26(b), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b); *Swagelok*, 2020 WL 7042860, at *2. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

### B.    The Court Should Issue the [Proposed] Letter of Request

As Exhibit A attached to the proposed Letter of Request show, Plaintiffs are seeking a reasonable scope of relevant documents from Yinghe. These documents pertain to key issues concerning the securities fraud claims alleged by Plaintiffs, including the Enovix EPR requirements for the Yinghe equipment, the requirements for, and performance and results of, the FAT on the Yinghe equipment, and the communication of that information to Enovix and the individual Defendants. These documents are material and highly relevant to Plaintiffs' claims. The Court therefore should grant Plaintiffs' motion for issuance of the proposed Letter of Request. *See, e.g., Zoho Corp. Pvt. Ltd v. Freshworks, Inc.*, 2021 WL 2769009, at *3 (N.D. Cal. July 2, 2021) (granting motion for letter of request despite defendant's objections that it was duplicative of other discovery from defendant, citing "the liberal standard for issuance of letters of request" and the relevance of the information sought); *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (Courts "routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence.").

### IV.    CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court sign and have the Clerk affix the seal of the Court to the Letter of Request attached hereto as Exhibit 1.

Dated: October 22, 2024

**THE ROSEN LAW FIRM, P.A.**

By: */s/Joshua Baker*
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: pkim@rosenlegal.com
           jbaker@rosenlegal.com

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick
Marc B. Kramer (*pro hac vice*)
Nicole Castiglione (*pro hac vice*)
Shane Kunselman (*pro hac vice*)
PENN 1, Suite 3401
One Pennsylvania Plaza
New York, New York 10019
Telephone: (212) 597-2800
lrolnick@rksllp.com
mkramer@rksllp.com

*Co-Lead Counsel for Plaintiffs*