QUINN EMANUEL URQUHART & SULLIVAN, LLP
Emily Casey Warren Kapur (Cal. Bar No. 306724)
emilykapur@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Michael Ethan Liftik (Cal. Bar No. 232430)
michaelliftik@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Andrew J. Rossman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Brenna D. Nelinson (*pro hac vice*)
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
brennanelinson@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-7100

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke,*
*Thurman J. Rodgers, Emmanuel T. Hernandez, John*
*D. McCranie, Betsy Atkins, and Gregory Reichow*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Civil Action No. 23-cv-00071-SI<br><br>CLASS ACTION<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the above-referenced action (the "Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2    "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seeks access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: All items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, but not limited to, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.  A Receiving Party includes any Party that receives Disclosure or Discovery

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 23-CV-00071-SI

Material indirectly from a Producing Party pursuant to an agreement of the Parties to share Disclosure or Discovery Material received from Non-Parties.

3.      SCOPE

3.1      The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also: (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2      The protections conferred by this Stipulated Protective Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.3      Any use of Protected Material at trial shall be governed by a separate agreement or order. This Stipulated Protective Order also does not cover source code; the Parties agree that, in the event source code become relevant to this litigation, the Parties will file an amended Stipulation with protections sufficient for source code.

4.      DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the latter of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires that:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of document that contains protected material.

(b)     For transcripts of depositions or other pretrial or trial proceedings, the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page containing Protected Material.  If only a portion or

portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page of each document that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(d)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Alternatively, counsel for a deposed witness may make a confidentiality designation within 21 days of receiving the final deposition transcript by identifying those specific portions of the testimony as to which protection is sought or by specifying that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Only those portions of the testimony that are designated for protection, either on the record or within the 21-day period, shall be covered by the provisions of this Order.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. In circumstances where portions of testimony are designated for protection, the transcript pages containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be separately bound by the court reporter, who must affix to the top of each page the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as instructed by the Designating Party.

(e)    For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(f)    For information produced in a form not appropriate for other designations, the Designating Party shall state in writing at the time it is delivered to the Receiving Party.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 23-CV-00071-SI

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process first or established that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.2    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except in connection with transmission to qualified recipients, including counsel and the Court, without the written permission of the Producing Party or by further order of the Court.

7.3    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record and Professional Vendors to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined herein) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to

9

Be Bound" (Exhibit A);

(d)    The Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(e)    Court reporters and their staff, stenographers or video operators;

(f)    Professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    During their depositions or testimony during trial, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, if that person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Receiving Party has provided a copy of the signed Acknowledgment to the Designating Party;

(i)    Any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment; and

(j)    Any mediator agreed to by the Parties, and his or her staff, provided they sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record and Professional Vendors to whom it is reasonably necessary to disclose the information for this Action;

(b)    Designated House Counsel of Receiving Party (1) to whom disclosure is reasonably necessary for this Action and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)	Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)	The Court and its personnel;

(e)	Court reporters and their staff, videographers and their staff, professional vendors and their staff;

(f)	Professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)	During their depositions or testimony during trial, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)	The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, if that person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Receiving Party has provided a copy of the signed Acknowledgment to the Designating Party.

(i)	Any mediator agreed to by the Parties, and his or her staff, provided they sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.5	In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Information or Items produced by or obtained from any Designating Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Stipulated Protective Order and agree to be bound by its terms.

8.	<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)	Promptly notify in writing the Designating Party. Such notification shall include a

copy of the subpoena or court order;

(b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS Action</u>

(a)    The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     Make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     CLAIMS OF PRIVILEGE AND PRIVILEGE LOGS

(a)     To the extent that a Producing Party reasonably determines that one or more documents that would otherwise be produced are not discoverable on the basis of a privilege, the Producing Party shall provide a log, treating each document withheld for privilege separately, that sets forth in separate columns (with the exception that the fields "Email Subject" and "File Name" may be redacted for privilege):

(1)     an assigned "Log Entry" Number;

(2)     the Beg Doc Bates, for documents in produced families;

(3)     the Custodian;

(4)    the sent date of email documents;

(5)    the Email Subject, for email documents;

(6)    the Creation Date, for non-email documents;

(7)    the File Name, for non-email documents;

(8)    the File Extension;

(9)    the File Type;

(10)    the Last Modified Date;

(11)    the Privilege(s) or other protection claimed and basis for the claim;

(12)    the name of the author(s)/addresser(s);[1]

(13)    the addressee(s);

(14)    all carbon copied (CC) recipients;

(15)    all blind carbon copied (BCC) recipients;

(16)    an indication of which, if any, author/addresser, addressee(s), CC recipients, and BCC recipients identified is an attorney (or an employee of any Party's legal department). If there is no attorney listed as the author or recipient of a document on the privilege log, the name of the attorney(s) or privilege actor(s) whose advice is being sought, provided, or reflected, or whose work product is included or reflected shall be identified; and

(17)    a description of the general subject matter contained in the document and the type of document (e.g., letter, email, memorandum, handwritten notes, etc.) sufficient to allow the requesting Party to assess the claimed privilege and/or to allow the Court to rule upon the applicability of the claimed protection. The Parties may nonetheless agree to use standardized descriptions for certain categories of repetitive documents where appropriate, in order to reduce the burden of logging such documents.

For documents in which any of the undersigned counsel, or counsel for Defendants from Cooley LLP ("Cooley") is the author or sole recipient, parts (12) and (18) are not required. However, the Receiving Party receiving the log may make reasonable requests for additional

---

[1] For emails, this information should be populated with the metadata extracted from the email "FROM" field associated with the file. For other ESI, this should be populated with the metadata extracted from the "DOCUMENT AUTHOR" field.

information with respect to specific entries concerning the privilege(s) claimed and a description of the general subject matter contained in the document sufficient to allow the Receiving Party to assess the claimed privilege and/or to allow the Court to rule upon the applicability of the claimed protection.

(b)    The following categories of documents need not be logged:

(1)    Documents or portions thereof that reflect communications with the undersigned counsel, Cooley, or members of their law firms that are related to this litigation, and that post-date the filing of the initial complaint in this Action;

(2)    Work product created by any of the undersigned firms or Cooley, agent of the undersigned firms or Cooley, or a Plaintiff or Defendant at the direction of any of the undersigned firms or Cooley, that is related to this litigation, and that post-dates the filing of the initial complaint in this Action;

(3)    Duplicative iterations of suppressed email threads; and

(4)    Documents that have been redacted, except that either Party can make reasonable requests for additional information regarding the basis for specifically identified redactions where the basis is not sufficiently clear from the face of the document as produced.

(c)    Except as set forth herein, responsive documents shall not be withheld on any basis other than the attorney-client privilege, attorney work product doctrine, or other recognized protection or Privilege.

(d)    Privilege logs shall be produced as searchable, editable, Microsoft Excel spreadsheets. The Parties agree to meet and confer about methods and approaches to reduce a producing Party's burden in furnishing a privilege log, where reasonably necessary.

(e)    The inadvertent failure to log Privileged documents will not result in the waiver of Privilege, provided that upon discovering the inadvertent omission, the producing Party provides notice to the requesting Party of the inadvertent failure to log within seven (7) days of discovering the inadvertent omission, and within a reasonable time thereafter, sends the requesting Party an addendum to the appropriate privilege log providing the required privilege log entries for the document(s).

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 23-CV-00071-SI

(f)    If the party receiving the privilege log requires further information to allow the receiving Party to assess the claimed Privilege, it shall explain in writing the need for such information and identify, by Bates number or other unique identifier, each document for which it seeks this information. Within fourteen (14) days of such a request, the producing party must either (i) provide the requested information or (ii) challenge the request. Either party may seek to expedite this time period upon good cause shown. If a party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the Parties must proceed in accordance with the discovery dispute procedures reflected in Judge Illston's Standing Order.

(g)    Privilege logs shall be due thirty (30) days after the deadline for the substantial completion of document productions, as agreed to between the parties. A Receiving Party must contest any withholding reflected therein by the date of the close of fact discovery, as agreed to between the parties. Should a document initially included on the Privilege Log subsequently be produced, the Producing Party will serve a revised Privilege Log.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material ("Privileged Information") is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Stipulated Protective Order shall require disclosure of Privileged Information, and the production of Privileged Information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply to determine whether information was produced inadvertently. Instead, inadvertence will be determined based solely on the good faith representation of the producing party. This Stipulated Protective Order will not serve to limit a party's right to conduct a review of

Documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of Privileged Information before production. Nothing herein shall prevent the Receiving Party from challenging the propriety of the privileged designation of any Discovery Material claimed to have been inadvertently produced by submitting a challenge to the Court.

13.    REDACTIONS

Except as set forth herein, responsive documents shall not be redacted on any basis other than the attorney-client privilege, attorney work product doctrine, or other recognized protection or privilege. In addition, a Party may redact the following personally sensitive or identifiable information: bank and brokerage account numbers; social security numbers; personal addresses; personal telephone numbers; other personal identifying information; and the names of minor children. If, during the course of discovery, the Parties identify other kinds of information that and Party has a reasonable basis for redacting, the Parties will meet and confer regarding it before such redactions are made.

14.    MISCELLANEOUS

14.1    Duplicates. In the event that a Designating Party produces two or more identical copies of a document of which at least one copy is designated as Confidential Information or Items and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Designating Party. Once the Designating Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

14.2    Right to Further Relief. This Stipulated Protective Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulated Protective Order, or from agreeing with the other parties to modify this Stipulated Protective Order, subject to the Court's approval.

14.3    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.4   No Admissions.  Nothing in this Stipulated Protective Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a Party or a party opponent.  The Parties agree that confidential designation is not intended to be and shall not be construed as an admission that the Protected Material is relevant to a Party's claims or defenses, nor subject to an applicable privilege or protection.  Nothing in this Stipulated Protective Order shall be deemed an admission that any particular Protected Material is entitled to protection under this Stipulated Protective Order, Fed. R. Civ. P. 26(c) or any other law.

14.5   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in Section 13, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

by the 60 day deadline that (i) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (ii) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Outside Counsel of Record are not required to return or destroy Protected Material residing on disaster recovery systems or email servers. Any such remaining Protected Material shall remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 30, 2024

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

By:  */s/ Emily Kapur*
     Emily Kapur

Emily Kapur (306724)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: +1 650 801 5000
Facsimile: +1 650 801 5100
Email: emilykapur@quinnemanuel.com

Michael Liftik (232430)
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: +1 202 538 8000
Facsimile: +1 202 538-8100
Email: michaelliftik@quinnemanuel.com

Andrew J. Rossman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Brenna D. Nelinson (*pro hac vice*)
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
brennanelinson@quinnemanuel.com

*Attorneys for Defendants*

Dated: December 30, 2024

**THE ROSEN LAW FIRM, P.A.**

By:  */s/ Joshua Baker*
     Joshua Baker

Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: pkim@rosenlegal.com

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 23-CV-00071-SI

jbaker@rosenlegal.com

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick
Marc B. Kramer (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 597-2800
Email: lrolnick@rksllp.com
mkramer@rksllp.com
bfierro@rksllp.com

*Co-Lead Counsel for Plaintiffs*

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____         _____
                                The Honorable Susan Illston
                                United States District Judge

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 23-CV-00071-SI

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re Enovix Corporation Securities Litigation*, Case No.: 23-cv-00071-SI. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

**STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. 23-CV-00071-SI**