UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, District Judge

IN RE: ENOVIX CORPORATION     )
SECURITIES LITIGATION          )   No. C 23-00071-SI
_____)

                                San Francisco, California
                                Friday, March 14, 2025

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING 3:02 - 3:12 = 10 MINUTES

APPEARANCES:

For Plaintiffs:
                                The Rosen Law Firm, P.A.
                                101 Greenwood Avenue
                                Suite 440
                                Jenkintown, Pennsylvania 19046
                           BY:  JOSHUA E. BAKER, ESQ.

                                Rolnick Kramer Sadighi, LLP
                                PENN 1, Suite 3401
                                One Pennsylvania Plaza
                                New York, New York 10119
                           BY:  SHANE KUNSELMAN, ESQ.

For Defendants:
                                Quinn Emanuel Urquhart &
                                  Sullivan, LLP
                                295 5th Avenue
                                New York, New York 10016
                           BY:  BRENNA D. NELINSON, ESQ.
                                ANDREW J. ROSSMAN, ESQ.

Transcribed by:                 Echo Reporting, Inc.
                                Contracted Court Reporter/
                                Transcriber
                                echoreporting@yahoo.com

2

Friday, March 14, 2025                                    3:02 p.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Now calling civil matter 23-CV-71, In re Enovix Corporation Securities Litigation.

Counsel, please state your appearances for the record, starting with Plaintiff.

MR. BAKER (via Zoom):  Good afternoon, your Honor. Josh Baker with the Rosen Law Firm for the Plaintiffs.

THE COURT:  Good afternoon.

MR. KUNSELMAN (via Zoom):  Good afternoon, your Honor.  Shane Kunselman with with Rolnick Kramer Sadighi for Plaintiff Discovery Nymeria Master Fund and Plaintiff Discovery Global Opportunity Master Fund.

THE COURT:  Good afternoon.

MS. NELINSON:  Good afternoon, your Honor.  Brenna Nelinson and Andrew Rossman from Quinn Emanuel for all of the Defendants.

THE COURT:  Okay.  Good afternoon.  Is that -- yeah, that's everybody.

I read your statement.  It would appear to me that you're coming along nicely.  We have added -- well, I guess there's an adjunct case now that's stayed in superior court, a derivative action.  You said at page seven of your settlement statement that you haven't discussed in any --

3

you haven't engaged in any settlement discussions and are open to participating in a private mediation at an appropriate time.  What are your thoughts about what the appropriate time would be?  Mr. Baker.

MR. BAKER:  Well, your Honor -- sure.  Thank you, your Honor.  Obviously, based from our statement -- we haven't discussed this with Defense counsel yet.  Generally, in these sort of cases, we see once there's been some substantial document production review, an opportunity to sort of see these documents, which that process is just starting out -- I think just today we received the first significant document production.  I'm not even sure exactly how big it is.  Maybe Defendants can speak to that.  I haven't had time to look in detail.  That and combining with the class certification motion and briefing starting out, which I believe that is scheduled to start in the middle or end of May, those are usually some key pieces that we find are helpful to sort of give the parties some more information to help bring about a productive mediation.

THE COURT:  Okay.  What you said was you need some documents, and then you mentioned the class briefing.  Do you think that it would be better to have a mediation after the hearing on class certification or before?  And it's -- anybody's opinion would be useful, so speak up if you have one.

4

MR. BAKER:  The hearing can be useful, and I think, you know, it's possible we could have enough information simply from finishing the briefing, deposing the experts that we expect to be involved here, and having the reply briefing as well, sometime around then or either around the same time -- it depends when the hearing is, what the timing -- how the timing of things shake out, but just basically an opportunity to -- for the parties to sort of present their main arguments on class certification with the assistance of evidence.

THE COURT:  All right.  I think -- let's all look at Exhibit A to your statement, which is what you're requesting I do in terms of altering dates.  And I'm happy to do what you've requested.

So, Esther, I don't really -- this is 14 of 14 on ECF. Their Exhibit A has new dates for --

MR. BAKER:  Well, I think, your Honor, to clarify, I believe these are the same dates we originally proposed. Your Honor entered some of those dates --

THE COURT:  Oh, okay.  I see, but not all.

MR. BAKER:  -- originally and just didn't enter the rest.  I don't believe we've changed any of the proposals --

THE COURT:  Okay.

MR. BAKER:  -- from what we put in before.

THE COURT:  All right.  So looking then at the joint requested date column, the class hearing is set for September 26th, the class motion is set for May 23rd, the documents are to be completed, well, not until August, so you'll be getting documents in the next few months.  So should we try to schedule an ADR during any of those times?  Maybe what you want is --

Well, I don't know, who's Defense here?

MS. NELINSON:  Your Honor, hi.  I think if your Honor would be amenable to it, it would be helpful for the parties to see through the next few months of fact discovery.  As Mr. Baker mentioned, we have just begun our rolling production of documents.  Substantial completion is not until the end of May.  So while we've just made our first significant production today, we still have two and a half months to produce documents after which, of course, the parties will conduct their fact depositions.  We'll have class certification briefing.  There will be experts.  If you would be open to it and, of course, if Plaintiff's counsel would be open to it, I think what might make sense is if the parties have a discussion maybe some time, you know, in the middle of class certification briefing about what makes sense in terms of a mediation.  And perhaps we can provide you an update with our thoughts on timing once we've seen through, you know, the majority of the discovery

6

process.  And I can tell you that Defendants are on track to complete their productions by the end of May, and so we don't see any issue with these deadlines.  So perhaps, you know, an update sometime late summer would be helpful, and then both parties will have a better idea of when mediation would be fruitful.

THE CLERK:  Your Honor --

THE COURT:  Yes.

THE CLERK:  -- also, the date that's set for the class certification hearing, September 26th, is -- you're not available, so we would have --

THE COURT:  (Indiscernible).

THE CLERK:  -- to push it up or push it back.

THE COURT:  Let's see.

THE CLERK:  We could do September 19th or October 10th.

THE COURT:  I could easily do September 19th.

Let's -- okay.  Let's move that hearing.  I'm glad you mentioned that, Esther.  Is -- September 19th is --

MR. ROSSMAN (via Zoom):  It's a Friday, your Honor.

THE COURT:  Yeah, okay.  So we'll move that up to September 19th.

So how about we have a further status in, like, the first or second week of August?

7

THE CLERK:  August 1st or August 15th.

THE COURT:  Well, August 15th?

MS. NELINSON:  That works for Defendants, your Honor.

THE COURT:  Okay.

Plaintiffs?

MR. BAKER:  I believe that should be good.

THE COURT:  All right.  So we'll set that for a status, and my goal during the status will be to firm up plans for what kind of a -- of an ADR you want and with whom.  I'll tell you this, though, if you want -- as you all know, the options are of somebody private, which is costly, or through the court.  We have trained mediators who are practitioners in the community in your area of the law that -- and that's free, or we have magistrate judges who can do settlement conferences, and they're free.  They're very good.  They're very busy.  So if when you come in in August and we talk about it, if what you want is a magistrate judge, it'll be difficult to get one to hear the case sooner than 90 days out, so that would be three months.  So just be planning on that, that if that's what you want, you would be looking at a conference 90 days or so out.  If you decide to go private, of course you can schedule it with your private mediator however that works best, but there would be a time gap if you decide to choose a magistrate judge for that.  If

you were to decide among yourselves that you want a magistrate judge prior to August 15th -- I mean, if you make up your minds prior to August -- to August 15th and you let us know, we can alert them and get that clock ticking sooner. But at least by then, I would like you to be prepared to tell me when and with whom you would like to do your ADR, okay?

Other than that, it looks to me like you're doing well on getting things done, so I don't see a need to meet prior to that time. That would be at -- that would be at 3:00 o'clock on Friday, August 15th. It'll be by Zoom. But if something comes up, just let Esther know, and we'll schedule a conference.

Is there anything else you wanted to -- oh, and there was something about surrebuttal, right? There's an issue on that.

MS. NELINSON: No issue. Apologies, your Honor.

THE COURT: Yeah, go ahead.

MS. NELINSON: Previous counsel for Defendants noted in the prior status conference that you all held last August that we would likely be seeking a surreply, given that, you know, the meat of class certification briefing often happens in Defendants' opposition, and then Plaintiffs reply to that opposition. And your Honor noted at that time that should Defendants seek a surreply once briefing is

9

underway, we could come to you with that request.  But it was, you know, premature at the time we raised it, and so I think we're prepared to ask for it at the time of briefing, should we decide that we need it.

THE COURT:  All right.  Okay.  That's what I was going to say.  It seems logical to me.

MS. NELINSON:  Yes, no problem.

THE COURT:  Okay.  All right.

Well, let's -- we'll leave it at that then.  And is there anything else you wanted to talk about?

MS. NELINSON:  Not from Defendants, your Honor.

THE COURT:  Plaintiffs?

MR. BAKER:  Nothing further from Plaintiffs, your Honor.  Thank you.

MR. KUNSELMAN:  Thank you.

THE COURT:  All right.  Thank you.

MS. NELINSON:  Thank you.

(Proceedings adjourned at 3:12 p.m.)

10

CERTIFICATE OF TRANSCRIBER


    I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

    I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.


Echo Reporting, Inc., Transcriber

Thursday, March 27, 2025