**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S EMAIL ADDRESS
**emilykapur@quinnemanuel.com**

WRITER'S DIRECT DIAL NO.
**(650) 801-5122**

June 4, 2025

Honorable Susan Illston
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 1 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *In re Enovix Corporation Securities Litigation*, Case No. 23-cv-00071-SI

Dear Judge Illston:

Five confidential witnesses on whom Plaintiffs relied in their Second Amended Complaint ("SAC") have submitted sworn declarations disavowing the exact allegations—that equipment repeatedly failed "FAT" testing in China—upon which this Court relied in allowing the SAC to survive Defendants' motion to dismiss.  The declarations also seriously call into question Plaintiffs' investigation.  Taken together, there is a credible basis to believe that Plaintiffs violated Rule 11 in submitting baseless claims.  Indeed, Plaintiffs' counsel, using this very investigator, was the subject of dispositive Rule 11 proceedings before Judge Chhabria.  *See Blasco v. Keurig Green Mountain, Inc.*, 3:15-cv-02766-VC, ECF No. 133 (N.D. Cal. July 21, 2016).

To further investigate this potentially case-dispositive concern, Defendants seek an order compelling Plaintiffs to produce documents related to their investigation, as responsive to Requests 3, 4, and 6 (RFPs, Ex. A), which Plaintiffs have refused to produce on unsubstantiated work product grounds (R&Os, Ex. B).  Meet and confer discussions have been unsuccessful.

Among the declarations provided by confidential witness former employees ("FEs") is one from FE2—who disavows as "incorrect" the SAC's crucial attribution to him that the Yinghe equipment "did not pass the FAT," "failed" the FAT, and "never passed the FAT requirements."  *See* SAC ¶¶ 100, 104.  Instead, FE2 states that "it is more accurate to say the equipment 'conditionally passed the FAT.'"  FE2 also clarifies that he was not a "Project Manager" at Enovix but rather a third-party contractor, without the seniority or insight into corporate decision-making that "Project Manager" implies.  This Court relied ***solely*** on FE2's allegations in concluding that the SAC had adequately alleged falsity and scienter.  *See* Dkt. No. 116 at 10–11 (falsity); *id.* at 21 (scienter).  Allegations attributed to FE2 are not the only problem.  Other FEs state that they "would not have confirmed Paragraph 112 [claiming that no Yinghe employees were at Enovix by August 2021] because that statement is false"; they "would not have described" the Yinghe equipment as a "piece of junk;" and that the suggestion they were involved "in meetings about Fab-1 and that [the CEO] attended those meetings . . . is false."  Moreover, many of the disavowing FEs state that Plaintiffs' narrative—that Defendants knew in mid-2021 that the Fab-1 equipment would not reach intended output goals and lied by representing otherwise—is false.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

The declarations from the disavowing FEs also establish that Plaintiffs' counsel's investigation violated all basic accepted practices for investigations of securities class actions. *See In re Millennial Media, Inc. Sec. Litig.*, 2015 WL 3443918, at *1 (S.D.N.Y. May 29, 2015) (recognized as "the most important and revealing district court decision on confidential witnesses," John C. Coffee, Jr., *Confidential Distortion: Dealing with Confidential Witnesses in Securities Litigation*, Columbia Law Sch. Blue Sky Blog (Sept. 25, 2017)). The FEs have stated that Plaintiffs' counsel never informed the FEs that they would be included in a complaint; that Plaintiffs' investigators misrepresented who they were; and that Plaintiffs never confirmed with the FEs the allegations attributed to them. Consistent with the Court's rules, Defendants have not attached these declarations, but will file them with the Court's permission.

Defendants provided this information to Plaintiffs and reiterated their requests for limited discovery into their investigation, including (1) unredacted interview memoranda of Plaintiffs' investigators (including drafts); (2) instructions to Plaintiffs' investigators regarding interviews; (3) policies and procedures relating to Plaintiffs' investigators' interviews; (4) communications with Plaintiffs' investigators, including notes memorializing the same; and (5) engagement letters for Plaintiffs' investigators. In response, Plaintiffs produced only five selective investigator memoranda and two declarations relating to the same, but otherwise refused production, claiming work product. Notably, the memorandum relating to FE2 was produced in heavily redacted form, with redactions appearing to hide information provided by other confidential witnesses, whose statements may or may not have supported the SAC.

The work product doctrine does not shield these documents. Documents evidencing what was said in communications between Plaintiffs' investigators and witnesses reflect the exact type of factual information to which the work product protection does not apply. *See JDS Uniphase Corp. Sec. Litig.*, 2005 WL 6296194, at *2 (N.D. Cal. Sept. 23, 2005). Moreover, a party waives work product protection by sharing information with a third party in a manner that increases the likelihood that such information will reach an adversarial party. *See Shenwick v. Twitter, Inc.*, 2019 WL 3815719, at *3 (N.D. Cal. Apr. 19, 2019). Plaintiffs' counsel and their investigators undertook an investigation in which they approached former Enovix employees under false pretenses and without any confidentiality agreement. Any work product protection has been waived.

Furthermore, to the extent that some of the at-issue documents—such as counsel's communications with or instructions to investigators—would otherwise be covered by the work product doctrine, Defendants have demonstrated the requisite "substantial need" and that the documents are not available "by other means … without undue hardship." Fed. R. Civ. P. 26(b)(3)(A). Evidence that counsel has attributed allegations to confidential witnesses "without a good faith basis" can be grounds for a court to compel a plaintiff to surrender its work product to a defendant. *In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *6 (S.D. Cal. July 27, 2021). Furthermore, courts routinely permit discovery into plaintiffs' investigations in order to assess "the veracity of the confidential witness's statements." *Union Asset Mgmt. Holding AG v. Sandisk LLC*, 227 F. Supp. 3d 1098, 1101 (N.D. Cal. 2017); *see also City of Pontiac Gen. Employees Ret. Sys. v. Lockheed Martin Corp.*, 952 F. Supp.2d 633, 637 (S.D.N.Y. 2013).

Plaintiffs' selective production of memoranda from their investigators confirms that these documents are within Plaintiffs' possession, custody, or control. In any event, the documents are not available through Plaintiffs' investigators: OnPoint and Grapeview. Plaintiffs' counsel

represents OnPoint, and refuses to produce ***anything*** in response to Defendants' subpoena. Plaintiffs also refuse to accept service for Grapeview, which appears to be based in China.

Defendants' evidence suggests that Plaintiffs filed their SAC without the investigation required by Rule 11.  Documents responsive to RFPs 3, 4, and 6 are crucial to that inquiry and are not protected work product.  Defendants respectfully request that the Court order their production.

Sincerely,

*/s/ Emily Kapur*

Emily Kapur

# Exhibit A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Emily Casey Warren Kapur (Cal. Bar No. 306724)
emilykapur@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Michael Ethan Liftik (Cal. Bar No. 232430)
michaelliftik@quinnemanuel.com
1310 I Street NW, Suite 900
900 Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke, Thurman J. Rodgers, Emmanuel T. Hernandez, John D. McCranie, Betsy Atkins, and Gregory Reichow*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION | Civil Action No. 23-cv-00071-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO LEAD PLAINTIFFS (SET ONE)** |
| ALL ACTIONS | |

**PROPOUNDING PARTY:**    **DEFENDANTS ENOVIX CORPORATION, HARROLD RUST, STEFFEN PIETZKE, THURMAN J. RODGERS, EMMANUEL T. HERNANDEZ, JOHN D. MCCRANIE, BETSY ATKINS, AND GREGORY REICHOW (COLLECTIVELY, "DEFENDANTS")**

**RESPONDING PARTY:**    **LEAD PLAINTIFFS DISCOVERY GLOBAL OPPORTUNITY MASTER FUND LTD., DISCOVERY NYMERIA MASTER FUND LTD., AND GARY KUNG, AND ADDITIONAL NAMED PLAINTIFFS ROBERT G. LEE AND TRACY SELKE (COLLECTIVELY, "LEAD PLAINTIFFS")**

**SET NUMBER:**    **ONE (1)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Enovix Corporation ("Enovix"), Harrold Rust ("Rust"), Steffen Pietzke ("Pietzke"), Thurman J. Rodgers ("Rodgers"), Emmanuel T. Hernandez ("Hernandez"), John D. McCranie ("McCranie"), Betsy Atkins ("Atkins"), and Gregory Reichow ("Reichow") (collectively, "Defendants") hereby request that Lead Plaintiffs Discovery Global Opportunity Master Fund Ltd., Discovery Nymeria Master Fund Ltd., and Gary Kung, and additional named Plaintiffs Robert G. Lee and Tracy Selke (collectively, "LEAD PLAINTIFFS") produce for inspection and copying responsive documents within thirty (30) days of the date of service, at the offices of Defendants' counsel, Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304.

## I.    DEFINITIONS

1.    LEAD PLAINTIFFS means Discovery Global Opportunity Master Fund Ltd., Discovery Nymeria Master Fund Ltd., and Gary Kung, and additional named Plaintiffs Robert G. Lee and Tracy Selke.

2.    YOU and YOUR refer to LEAD PLAINTIFFS, and anyone acting on their behalf, including without limitation any present and former directors, officers, employees, affiliates, agents, representatives, attorneys, brokers, accountants, financial advisors, contractors, and consultants.

3.    LEAD COUNSEL means any partner, associate, of counsel, special counsel, contractor, agent, consultant, or employee of the Rosen Law Firm, P.A., and/or Rolnick Kramer Sadighi LLP, and any PERSON acting or purporting to act on behalf of the Rosen Law Firm and/or

Rolnick Kramer Sadighi LLP.

**4.** ENOVIX refers to ENOVIX CORPORATION.

**5.** ENOVIX SECURITY or ENOVIX SECURITIES means ENOVIX common stock, bonds, notes, puts, calls, convertible debentures, and options.

**6.** ACTION refers to the above-captioned litigation currently pending in the United States District Court for the Northern District of California, Case No. 23-cv-00071-SI.

**7.** CLASS PERIOD shall mean August 10, 2021 – October 2, 2023, inclusive.

**8.** COMPLAINT refers to the Second Amended Class Action Complaint filed by LEAD PLAINTIFFS in this ACTION on March 19, 2024. (Dkt. No. 102.)

**9.** INVESTIGATION includes, but is not limited to, any research, examination, or inquiry into the specific matter stated.

**10.** FAB-1 shall mean ENOVIX's Fab-1 manufacturing facility as referenced in paragraph 5 of the COMPLAINT.

**11.** FAT shall mean, for purposes of these requests only, Factory Acceptance Testing conducted on ENOVIX's FAB-1 manufacturing equipment, as defined and alleged in paragraph 7 of the COMPLAINT.

**12.** SAT shall mean, for purposes of these requests only, Site Acceptance Testing conducted on ENOVIX's FAB-1 manufacturing equipment, as defined and alleged in paragraph 12 of the COMPLAINT.

**13.** SECURITIES means any company's common stock, bonds, notes, puts, calls, convertible debentures, and options.

**14.** YINGHE means Shenzen Yinghe Technology Co. Ltd., as referenced in paragraph 6 of the COMPLAINT.

**15.** PERSON means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including without limitation corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, firms, foundations, governmental agencies or instrumentalities, societies, and orders.

**16.** COMMUNICATION means any transmission of information from one PERSON or

entity to another by any means in the form of facts, ideas, inquiries or otherwise.

**17.** CONCERNING means relating to, referring to, describing, referencing, evidencing, supporting, negating, or constituting.

**18.** DOCUMENT shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include without limitation any writing or recording as defined in Federal Rule of Evidence 1001, any written, recorded, filmed, or graphic matter, whether produced, reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including without limitation memoranda, notes, electronic mail, minutes, records, employment files, case files, pleadings, photographs, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, blueprints, drawings, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, and work papers, and also including without limitation originals, drafts, and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise. For the avoidance of doubt, DOCUMENTS shall include all COMMUNICATIONS.

**19.** ESI means electronically stored information of any kind or type and is intended to be used in the broadest sense as contemplated by the Federal Rules of Civil Procedure.

## II. INSTRUCTIONS

**1.** In responding to these document requests, LEAD PLAINTIFFS shall produce all DOCUMENTS, including reasonably accessible ESI, in LEAD PLAINTIFFS' possession, custody, or control, including DOCUMENTS in the possession, custody, or control of LEAD PLAINTIFFS' agents and representatives.

**2.** The DOCUMENTS requested herein should be produced in the manner prescribed by any protocols governing discovery matters and the production of electronically stored information in this ACTION to be agreed upon by the parties, if any, and/or ordered by the Court and consistent with the forthcoming protective order governing the treatment of discovery material in this ACTION to be agreed upon by the parties and entered by the Court ("Protective Order").

**3.**     If any DOCUMENT responsive to these requests is withheld on the basis of privilege or other protection, YOU must provide a privilege log that complies with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and with the Protective Order, or as ordered by the Court. Such a privilege log should state in reasonable detail the basis for any asserted claim of privilege, and provide the following information:

       **(a)**     The date of the DOCUMENT;

       **(b)**     The type of DOCUMENT (e.g., memo, handwritten note, etc.);

       **(c)**     The identity of any PERSON who has possession, custody, or control of the DOCUMENT;

       **(d)**     The author(s) and any recipient(s) of the DOCUMENT; and

       **(e)**     The nature, general subject matter, number of pages, and substance of the DOCUMENT.

**4.**     If any portion of a DOCUMENT is responsive to these requests, produce the DOCUMENT in unredacted form (subject to Instructions No. 3 and 5).

**5.**     If any portion of a DOCUMENT responsive to these requests is withheld or redacted under a claim of privilege or other protection, the non-privileged or unprotected portion of the DOCUMENT must be produced.

**6.**     If LEAD PLAINTIFFS claim that certain responsive DOCUMENTS or ESI may exist but are not reasonably accessible, LEAD PLAINTIFFS should advise Defendants as soon as possible which DOCUMENTS or ESI LEAD PLAINTIFFS claim are not reasonably accessible and provide the basis for such claim.

**7.**     If LEAD PLAINTIFFS object to a particular request or potion thereof, LEAD PLAINTIFFS must produce all DOCUMENTS called for that are not subject to that objection.

**8.**     In making a production, produce all DOCUMENTS as kept in the normal course of business and identify the file and the custodian of the file from which each DOCUMENT was taken.

**9.**     Defendants reserve the right to request inspection of the original DOCUMENTS, including those stored electronically, as they are kept in the normal course of business.

**10.** YOU are to produce the original and each non-identical copy of each DOCUMENT or DOCUMENTS requested herein which are in YOUR possession, custody, or control.

**11.** These requests for production are continuing in nature. YOU must supplement or amend YOUR responses to these requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**12.** The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

**13.** All references to the singular include the plural, and all references to the plural include the singular.

**14.** Unless otherwise specified, all requests relate to the CLASS PERIOD.

## III.    DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS from January 1, 2020 to the present CONCERNING ENOVIX, including but not limited to ENOVIX SECURITIES, ENOVIX's stock performance, and any public statements made by Defendants about FAB-1, FAT, or SAT.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS from January 1, 2020 through the CLASS PERIOD CONCERNING:

a. Defendants Rust, Pietzke, Rodgers, Hernandez, McCranie, Atkins, or Reichow;

b. YINGHE; or

c. any PERSON quoted in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS CONCERNING the ENOVIX Former Employees—FE 1, FE 2, FE 3, FE 4, FE 5, FE 6, FE 7, FE 8, and FE 9 (collectively, the "FEs")—referenced in paragraphs 50-58 of the COMPLAINT, including but not limited to DOCUMENTS reflecting the identity of the FEs, all information obtained from the FEs, all information provided to the FEs, all COMMUNICATIONS with the FEs, and summaries, memoranda, or notes relating to all COMMUNICATIONS with the FEs. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and/or LEAD COUNSEL on the one hand, and any former or current employee or consultant of or PERSON acting on behalf of ENOVIX (including but not limited to the "Former Employees" referenced in paragraphs 50-58 of the COMPLAINT) on the other hand, about ENOVIX or the allegations in the COMPLAINT, including but not limited to DOCUMENTS reflecting the identity of the former or current employee or consultant, all information obtained from the former or current employee or consultant, all information provided to the former or current employee or consultant, all COMMUNICATIONS with the former or current employee or consultant, and summaries, memoranda, notes, or recordings relating to all COMMUNICATIONS with the former or current employee or consultant.  This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and/or LEAD COUNSEL on the one hand, and any third party (including but not limited to YINGHE, putative class members, analysts, and individuals on whose behalf YOU invest or manage funds) on the other hand, about ENOVIX or the allegations in the COMPLAINT. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU, LEAD COUNSEL, or another PERSON acting on YOUR behalf or on the behalf of any member of the putative class CONCERNING any allegation in the COMPLAINT, including but not limited to LEAD COUNSEL's "investigation" as referenced in the opening paragraph of the COMPLAINT, and the  "investigators" who "spoke with former employees" as referenced in paragraph 49 of the COMPLAINT.  This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS from January 1, 2020 through the CLASS PERIOD CONCERNING:

a. ENOVIX's FAB-1 equipment manufacturing, including but not limited to the

Equipment Procurement Protocol ("EPR"), as referenced in paragraph 6 of the COMPLAINT, and the FAT and SAT, including but not limited to testing checklists and reports as referenced in paragraphs 7, 101, 104, 115, 116, 119, 210, and 214 of the COMPLAINT;

b. equipment review protocols, factory acceptance testing, and site acceptance testing generally, as alleged in the COMPLAINT;

c. YOUR allegation that the "specification" for the FAB-1 equipment was producing 550 units per hour ("UPH"), as alleged in paragraph 122 of the COMPLAINT; or

c. YOUR allegation that the FAB-1 equipment "failed" the FAT, as alleged in paragraphs 9-11, 13, 15-16, 19, 23, 104, 108, 139, 143, 145, 159, 184, 191, 197, 198, 201 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS CONCERNING Andrew Fruchter, Ian Lieberman, Rodgers Silicon Valley Acquisition Corporation ("RSVAC"), Shenzhen Yinghe Technology Co. Ltd., DWFritz Automation LLC, Cameron Dales, Dan Kistner, Boris Bastien, Florence Chen, Shane Kistner, Neal Sarswat, Tae Chang, Enovix, Rust, Pietzke, Rodgers, Hernandez, McCranie, Atkins, Reichow, and any other PERSONS who are identified in LEAD PLAINTIFFS' Initial Disclosure Statement Pursuant to Federal Rule of Civil Procedure 26(a)(1), dated August 16, 2024. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS from January 1, 2020 through the CLASS PERIOD CONCERNING:

a. the significance or value to YOU or other investors in ENOVIX SECURITIES;

b. any alleged corrective disclosures referenced in the COMPLAINT; or

c. the market reaction to the allegedly false and/or misleading statements made by Defendants that are the subject of this ACTION, including but not limited to any market analyst reports.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS cited in, referred to, or quoted in the COMPLAINT. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS YOU intend to or may rely on at trial or in connection with a motion to certify a putative class that have not been produced in response to any other document request, including but not limited to any DOCUMENTS considered by an expert or relied upon as a basis for any expert opinion, and any DOCUMENTS obtained from outside sources, such as DOCUMENTS filed with the Securities and Exchange Commission, press releases, analyst conference call transcripts, shareholder meeting materials and presentations, shareholder annual reports, analyst reports, news reports, pages from ENOVIX's website, and information CONCERNING credit and financial markets. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS CONCERNING Plaintiffs' alleged damages claimed in this ACTION, including DOCUMENTS CONCERNING loss causation, the amount of damages allegedly suffered, and any method or formula that Plaintiff proposes to use to calculate class-wide damages. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS CONCERNING YOUR transactions in ENOVIX SECURITIES, including but not limited to DOCUMENTS identifying by number of shares, date, price, and form of transaction all such purchases, sales, short sales, or any other disposition of ENOVIX SECURITIES or any hedges for YOUR purchase of or position in ENOVIX SECURITIES. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS CONCERNING YOUR decision(s) whether or not to purchase, sell, trade, hold, or otherwise acquire or dispose of ENOVIX SECURITIES.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS from January 1, 2020 through the CLASS PERIOD that YOU created, considered, read, reviewed, obtained, received, or otherwise acquired in connection with YOUR decision(s) to purchase, sell, trade, hold, or otherwise acquire or dispose of ENOVIX SECURITIES, or that influenced such decision(s), including but not limited to advice from investment advisers, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of ENOVIX SECURITIES on YOUR behalf.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to identify each PERSON (including without limitation any investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of ENOVIX SECURITIES on YOUR behalf) who made or participated in YOUR decision(s) to acquire and/or sell ENOVIX SECURITIES, including the resume, qualifications, certifications, or curriculum vitae of any such PERSON.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to describe YOUR relationship with any PERSON identified in response to Request No. 16, including without limitation any written agreement giving such PERSON authority to purchase, sell, trade, hold, or otherwise acquire or dispose of ENOVIX SECURITIES on YOUR behalf, and any written agreement to compensate such PERSON.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and any other PERSON (including without limitation any member of the putative plaintiff class, investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of ENOVIX SECURITIES on YOUR behalf) CONCERNING ENOVIX SECURITIES, any of the Defendants, or this ACTION. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS CONCERNING the investment practices, policies, procedures, or strategies of LEAD PLAINTIFFS from January 1, 2020 through the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show the number of shares of ENOVIX SECURITIES owned by YOU on a daily basis from August 10, 2021 through the present, including the date of this request.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show YOUR purchases, sales, and ownership of securities of any issuer other than ENOVIX in the technology industry.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS CONCERNING the risks associated with investing in public companies in the technology industry. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS sufficient to show the aggregate value of investments held by YOU, including publicly traded securities, for each quarter for the past five years. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to show how much money, in absolute terms and as a percentage of YOUR assets, YOU invested in stocks for each of the past five years. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING YOUR participation as a plaintiff or as a named representative of the putative class in this ACTION. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the actual, promised, or expected receipt by YOU of anything of value from any PERSON in connection with YOUR service as LEAD PLAINTIFFS

in this ACTION. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 27:**

All non-privileged DOCUMENTS CONCERNING YOUR retention of LEAD COUNSEL in connection with this ACTION, including consideration of other law firms, and the date and circumstances of such retention, written agreements between YOU and LEAD COUNSEL, and terms of YOUR engagement of LEAD COUNSEL. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 28:**

Any DOCUMENTS CONCERNING any understanding, contract, or agreement (financial or otherwise) between YOU and any other unnamed putative class member in this ACTION, including but not limited to any other PERSON who sought to be appointed LEAD PLAINTIFF in this ACTION. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show any common interest agreement YOU, or anyone acting on YOUR behalf, have entered into related to ENOVIX or this ACTION. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS regarding any other lawsuit, arbitration, administrative proceeding, or other legal proceeding or action in which YOU previously or presently serve as a LEAD PLAINTIFF or named representative of a class or putative class, or in which you sought to be appointed as class representative, including but not limited to motions for appointment as lead counsel and certification of a class, transcripts of testimony, affidavits, declarations, or statements made by YOU, and any orders relating to the certification or denial of any application made by YOU. This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS sufficient to show all settlement agreements YOU have entered into or payments YOU have received in any other action styled as a class action brought in any federal or state court in which YOU were or are the plaintiff. This request is not limited to the CLASS

11

PERIOD.

**REQUEST FOR PRODUCTION NO. 32:**

Organizational charts, group directories, tables, diagrams or other DOCUMENTS sufficient to identify:

   a.  YOUR corporate organizational and/or hierarchical structure;

   b.  YOUR departments, business units, officers, directors, employees and agents who were involved, with respect to ENOVIX SECURITIES, in (i) researching, evaluating, analyzing, assessing or conducting due diligence; (ii) communicating with anyone at ENOVIX; (iii) contracting or agreeing to purchase or otherwise acquire; (iv) monitoring performance; (v) valuing, marking or soliciting or seeking indicative or other bids; (vi) contracting or agreeing to sell or dispose; or (vii) making or taking part in any investment decision of any kind whatsoever; and

   c.  all persons responsible for advising YOU concerning or executing YOUR investment decisions, including investment advisors, brokers, broker-dealers, and dealers.

This request is not limited to the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 33:**

The certificate, articles, agreement, charter, constitution, bylaws, plan, initial information report, offering memoranda, partnership documents or similar documents under which YOU and any of YOUR subsidiaries or affiliated entities involved in the investment in ENOVIX SECURITIES were formed or organized, and the certificate, articles, agreement, charter, constitution, bylaws, plan, initial information report, offering memoranda, partnership documents or similar DOCUMENTS under which YOU and any subsidiaries or affiliated entities involved in the investment in ENOVIX SECURITIES currently operate.

**REQUEST FOR PRODUCTION NO. 34:**

All management agreements or other contracts between YOU and any person charged with responsibility over management or supervision of any account of YOURS that holds or held or transacted in ENOVIX SECURITIES.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to show all guidelines, policies, procedures, practices, rules, goals or criteria relating to investments or investment decisions made by YOU or on YOUR behalf, from January 1, 2020 through the CLASS PERIOD, including all documents concerning (a) YOUR investment objectives; (b) permissible investments by YOU or on YOUR behalf; (c) risk analysis or risk evaluation with respect to the purchase, holding or sale of securities by YOU or on YOUR behalf; (d) YOUR risk tolerance with respect to the purchase, holding or sale of securities; (e) the use of consultants with respect to the purchase, holding or sale of securities by YOU or on YOUR behalf; and (f) internal and external analysts used for the purpose of acquisition of securities and the evaluation of their subsequent performance.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that support, evidence or otherwise concern YOUR actual reliance on any of Defendants' alleged misrepresentations or omissions.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS, without regard to time period, concerning members of the putative class that YOU seek to represent in this ACTION, including, without limitation, documents concerning the identity of any such members and any communications with any such members.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS sufficient to show any occasion, in the last ten years, on which:

    a.  YOU have been accused or convicted of any crime;

    b.  YOU have filed for protection under the bankruptcy laws, been subject to an involuntary bankruptcy proceeding, or been found bankrupt or insolvent;

    c.  YOU have been named as a defendant in any criminal, civil, administrative, or regulatory action alleging fraud, a violation of securities laws, or breach of fiduciary duties; or

    d.  YOU or LEAD COUNSEL have been sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure or any analogous provision

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS identified in YOUR initial disclosures.  This request is not limited to the CLASS PERIOD.

Dated: October 8, 2024

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: */s/ Emily Kapur*
   Emily Kapur

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke, Thurman J. Rodgers, Emmanuel T. Hernandez, John D. McCranie, Betsy Atkins, and Gregory Reichow*

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE ENOVIX CORPORATION
SECURITIES LITIGATION

This Document Relates To: All Actions

No: 3:23-cv-71-SI

CLASS ACTION

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1 of the Local Rules of Civil Procedure of the United States District Court for Eastern District of Pennsylvania, Lead Plaintiffs Discovery Global Opportunity Master Fund Ltd., Discovery Nymeria Master Fund Ltd., and Gary Kung, and named Plaintiffs Traci Selke and Robert G. Lee (collectively, "Plaintiffs") hereby object and respond to Defendants' First Set of Requests for Production of Documents, dated October 8, 2024 (the "Requests" and each individual document request contained therein a "Request").[1]

**OBJECTIONS TO REQUESTS REQUESTING
PRIVILEGED OR PROTECTED MATERIALS**

Plaintiffs object to the Requests to the extent that they seek information or facts that are subject to and protected from disclosure by the attorney-client privilege, attorney work-product doctrine, statutory protections for confidential or proprietary documents, or other applicable privilege, immunity, or other protection from disclosure that is provided by statute, rule, decision, contract, or other source.

Plaintiffs submit these objections and responses subject to, without intending to waive, and expressly preserving: (a) objections to producing privileged documents or other materials; (b) the right to object to other discovery procedures involving or relating to the subject matter of the

---

[1] Capitalized terms not otherwise defined herein retain their definitions set forth in the Requests.

1

Requests; (c) the right to object to the use of any produced materials at trial; and (d) the right to revise, correct, supplement or clarify any of the responses therein.

If any privileged document or privileged information within a document is inadvertently produced, Plaintiffs do not waive or intend to waive any privilege pertaining to such document or information or to any other documents or information, and Plaintiffs reserve their rights to recall such document(s) produced through inadvertence.

The statement by Plaintiffs that they will search for relevant, non-privileged documents in response to a given Request is not an admission that such information or documents exist.

## OBJECTIONS TO DEFINITIONS

Plaintiffs object to the definition of the term "Lead Plaintiffs" as overbroad and unduly burdensome to the extent that it requires Plaintiffs to respond on behalf of parties other than themselves.

Plaintiffs object to the definitions of "You" and "Your" on the grounds that they are vague and ambiguous, overly broad, seek discovery of matters that are not relevant to any party's claim or defense, are not reasonably calculated to lead to relevant information, are disproportional to the needs of the case, and overbroad and unduly burdensome to the extent that they require Plaintiffs to respond on behalf of parties other than themselves; these definitions include Plaintiffs' and "anyone acting on their behalf" without regard to their connection to this Action. Plaintiffs further object to the definitions insofar as they seek documents that are in the possession, custody, or control of persons or entities that are separate and distinct from Plaintiffs. Plaintiffs further object to the definitions insofar as they seek documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiffs will construe the terms "You" and "Your" to mean Discovery Global Opportunity Master Fund Ltd., Discovery Nymeria Master Fund Ltd., and their officers, partners, employees and investment adviser or advisors.

Plaintiffs object to the definition of "Enovix Securities" on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case.

2

In responding to the Requests, Plaintiffs will construe "Enovix Securities" to mean only the Enovix securities at issue in this Action.

## OBJECTIONS TO INSTRUCTIONS

Plaintiffs object to the Instructions to the extent that they purport to require the disclosure of information or facts: (a) in the possession, custody, or control of third parties who are not under Plaintiffs' control; or (b) that are protected against disclosure under the attorney-client privilege or attorney work-product doctrine. Plaintiffs further object to the Instructions to the extent that they seek disclosure of Plaintiffs' attorneys' litigation strategy, mental impressions, conclusions, opinions, memoranda, notes, summaries, legal research, or legal theories.

Plaintiffs object to the Instructions to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure of the United States District Court for the Northern District of California, or any other applicable law, rule or order, including any protective order, ESI protocol, or other order governing discovery and disclosure in this Action.

## SPECIFIC RESPONSES AND OBJECTIONS

Plaintiffs incorporate by reference the foregoing Objections to Requests Requesting Privileged or Protected Materials, Objections to Definitions, and Objections to Instructions into each specific objection and answer set forth below.

**REQUEST NO. 1:**

All DOCUMENTS from January 1, 2020 to the present CONCERNING ENOVIX, including but not limited to ENOVIX SECURITIES, ENOVIX's stock performance, and any public statements made by Defendants about FAB-1, FAT, or SAT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents from January 1, 2020 to the present concerning Enovix" irrespective of whether those documents are relevant to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search using agreed upon parameters and produce non-privileged documents responsive to this Request from within the Class Period.

**REQUEST NO. 2:**

All DOCUMENTS from January 1, 2020 through the CLASS PERIOD CONCERNING:

a. Defendants Rust, Pietzke, Rodgers, Hernandez, McCranie, Atkins, or Reichow;

b. YINGHE; or

c. any PERSON quoted in the COMPLAINT.

**RESPONSE TO IREQUEST NO. 2:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents from January 1, 2020 to the Class Period concerning [numerous persons]" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search using agreed upon parameters and produce non-privileged documents responsive to this Request from within the Class Period.

**REQUEST NO. 3:**

All DOCUMENTS CONCERNING the ENOVIX Former Employees—FE 1, FE 2, FE 3, FE 4, FE 5, FE 6, FE 7, FE 8, and FE 9 (collectively, the "FEs")—referenced in paragraphs 50-58 of the COMPLAINT, including but not limited to DOCUMENTS reflecting the identity of the FEs, all information obtained from the FEs, all information provided to the FEs, all COMMUNICATIONS with the FEs, and summaries, memoranda, or notes relating to all COMMUNICATIONS with the FEs. This request is not limited to the CLASS PERIOD.

4

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: no non-privileged documents responsive to this Request exist.

**REQUEST NO. 4:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and/or LEAD COUNSEL on the one hand, and any former or current employee or consultant of or PERSON acting on behalf of ENOVIX (including but not limited to the "Former Employees" referenced in paragraphs 50-58 of the COMPLAINT) on the other hand, about ENOVIX or the allegations in the COMPLAINT, including but not limited to DOCUMENTS reflecting the identity of the former or current employee or consultant, all information obtained from the former or current employee or consultant, all information provided to the former or current employee or consultant, all COMMUNICATIONS with the former or current employee or consultant, and summaries, memoranda, notes, or recordings relating to all COMMUNICATIONS with the former or current employee or consultant. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, is disproportional to the needs of the case, and is vague and ambiguous, including because it purports to seek documents concerning communications with "any . . . person acting on behalf of Enovix . . . about Enovix or the allegations in the Complaint." Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer concerning the appropriate scope of documents responsive to this Request, if any.

**REQUEST NO. 5:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and/or LEAD COUNSEL on the one hand, and any third party (including but not limited to YINGHE, putative class members, analysts, and individuals on whose behalf YOU invest or manage funds) on the other hand, about ENOVIX or the allegations in the COMPLAINT. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, is disproportional to the needs of the case, and is vague and ambiguous, including because it purports to seek "all documents concerning any communications . . . [with] any third party . . . about Enovix or the allegations in the Complaint" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search using agreed upon parameters and produce non-privileged documents from within the Class Period concerning Plaintiffs' communications with third parties concerning Enovix or the allegations in the Complaint.

**REQUEST NO. 6:**

All DOCUMENTS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU, LEAD COUNSEL, or another PERSON acting on YOUR behalf or on the behalf of any member of the putative class CONCERNING any allegation in the COMPLAINT, including but not limited to LEAD COUNSEL's "investigation" as referenced in the opening paragraph of the COMPLAINT, and the "investigators" who "spoke with former employees" as

6

referenced in paragraph 49 of the COMPLAINT. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs also object that this Request is overbroad, vague, and ambiguous with respect to the terms "Investigation, whether formal or informal." Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: no non-privileged documents responsive to this Request exist.

**REQUEST NO. 7:**

All DOCUMENTS from January 1, 2020 through the CLASS PERIOD CONCERNING:

a. ENOVIX's FAB-1 equipment manufacturing, including but not limited to the Equipment Procurement Protocol ("EPR"), as referenced in paragraph 6 of the COMPLAINT, and the FAT and SAT, including but not limited to testing checklists and reports as referenced in paragraphs 7, 101, 104, 115, 116, 119, 210, and 214 of the COMPLAINT;

b. equipment review protocols, factory acceptance testing, and site acceptance testing generally, as alleged in the COMPLAINT;

c. YOUR allegation that the "specification" for the FAB-1 equipment was producing 550 units per hour ("UPH"), as alleged in paragraph 122 of the COMPLAINT; or

[d]. YOUR allegation that the FAB-1 equipment "failed" the FAT, as alleged in paragraphs 9-11, 13, 15-16, 19, 23, 104, 108, 139, 143, 145, 159, 184, 191, 197, 198, 201 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs further object to this

7

Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search using agreed upon parameters and produce non-privileged documents responsive to this Request from within the Class Period.

**REQUEST NO. 8:**

All DOCUMENTS CONCERNING Andrew Fruchter, Ian Lieberman, Rodgers Silicon Valley Acquisition Corporation ("RSVAC"), Shenzhen Yinghe Technology Co. Ltd., DWFritz Automation LLC, Cameron Dales, Dan Kistner, Boris Bastien, Florence Chen, Shane Kistner, Neal Sarswat, Tae Chang, Enovix, Rust, Pietzke, Rodgers, Hernandez, McCranie, Atkins, Reichow, and any other PERSONS who are identified in LEAD PLAINTIFFS' Initial Disclosure Statement Pursuant to Federal Rule of Civil Procedure 26(a)(1), dated August 16, 2024. This request is not limited to the CLASS PERIOD.

**RESPONSE TO IREQUEST NO. 8:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents concerning [numerous persons]" irrespective of whether those documents are relevant to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search for documents reflecting the knowledge or involvement of the persons identified in this Request with respect to the facts and events set forth in the Complaint, using agreed upon parameters, and produce non-privileged documents responsive to this Request from within the Class Period.

**REQUEST NO. 9:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and/or LEAD COUNSEL on the one hand, and any former or current employee or consultant of or PERSON acting on behalf of ENOVIX (including but not limited to the "Former Employees"

8

referenced in paragraphs 50-58 of the COMPLAINT) on the other hand, about ENOVIX or the allegations in the COMPLAINT, including but not limited to DOCUMENTS reflecting the identity of the former or current employee or consultant, all information obtained from the former or current employee or consultant, all information provided to the former or current employee or consultant, all COMMUNICATIONS with the former or current employee or consultant, and summaries, memoranda, notes, or recordings relating to all COMMUNICATIONS with the former or current employee or consultant. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, is disproportional to the needs of the case, and is vague and ambiguous, including because it purports to seek "all documents . . . concerning . . . the significance or value to You or other investors in Enovix Securities." Plaintiffs further object to this Request as entirely duplicative of other Requests, including Request No. 4.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer concerning the appropriate scope of documents responsive to this Request, if any.

**REQUEST NO. 10:**

All DOCUMENTS cited in, referred to, or quoted in the COMPLAINT. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents cited in, referred to, or quoted in the Complaint" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiffs also object to this Request on the grounds that it seeks documents that are equally or more readily available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer concerning the appropriate scope of documents responsive to this Request, if any.

**REQUEST NO. 11:**

All DOCUMENTS YOU intend to or may rely on at trial or in connection with a motion to certify a putative class that have not been produced in response to any other document request, including but not limited to any DOCUMENTS considered by an expert or relied upon as a basis for any expert opinion, and any DOCUMENTS obtained from outside sources, such as DOCUMENTS filed with the Securities and Exchange Commission, press releases, analyst conference call transcripts, shareholder meeting materials and presentations, shareholder annual reports, analyst reports, news reports, pages from ENOVIX's website, and information CONCERNING credit and financial markets. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs object to this Request as premature. Plaintiffs also object to this Request on the grounds that it seeks documents that are equally or more readily available to Defendants

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged documents they may rely on at trial or in connection with a motion to certify a putative class in accordance with the time(s) for doing so set forth in the Federal Rules of Civil Procedure, Local Civil Rules or Individual Rules of the Court, or any scheduling order or other order entered by the Court.

**REQUEST NO. 12:**

All DOCUMENTS CONCERNING Plaintiffs' alleged damages claimed in this ACTION, including DOCUMENTS CONCERNING loss causation, the amount of damages allegedly suffered, and any method or formula that Plaintiff proposes to use to calculate class-wide damages. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs object to this Request on the ground that it is a premature contention interrogatory interposed at the outset of discovery. Plaintiffs further object to the Request to the extent it prematurely seeks documents that are that are properly the subject of expert discovery and

10

testimony. Plaintiffs further object to this Request on the ground that it seeks documents protected by the attorney-client privilege, the work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search and will produce documents sufficient to show Plaintiffs' transactions in Enovix Securities during the Class Period. Plaintiffs will also produce non-privileged documents in their possession, custody, or control that are responsive to this Request, if any, in accordance with the schedule agreed by the parties for expert disclosures.

**REQUEST NO. 13:**

All DOCUMENTS CONCERNING YOUR transactions in ENOVIX SECURITIES, including but not limited to DOCUMENTS identifying by number of shares, date, price, and form of transaction all such purchases, sales, short sales, or any other disposition of ENOVIX SECURITIES or any hedges for YOUR purchase of or position in ENOVIX SECURITIES. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents concerning [Plaintiffs'] transactions in Enovix Securities"—including with respect to "purchases sales, short sales, or any other disposition of Enovix Securities or any hedges" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search and will produce documents sufficient to show Plaintiffs' transactions in Enovix Securities during the Class Period.

**REQUEST NO. 14:**

All DOCUMENTS CONCERNING YOUR decision(s) whether or not to purchase, sell, trade, hold, or otherwise acquire or dispose of ENOVIX SECURITIES.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents concerning [Plaintiffs'] decision(s) whether or not to purchase, sell, trade, hold, or otherwise acquire or dispose of Enovix Securities" irrespective of whether those documents are relevant to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search using agreed upon parameters and produce non-privileged documents from within the Class Period concerning Plaintiffs' decision(s) to purchase, sell, trade, hold, or otherwise acquire or dispose of Enovix Securities during the Class Period.

**REQUEST NO. 15:**

All DOCUMENTS from January 1, 2020 through the CLASS PERIOD that YOU created, considered, read, reviewed, obtained, received, or otherwise acquired in connection with YOUR decision(s) to purchase, sell, trade, hold, or otherwise acquire or dispose of ENOVIX SECURITIES, or that influenced such decision(s), including but not limited to advice from investment advisers, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of ENOVIX SECURITIES on YOUR behalf.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents from January 1, 2020 through the Class Period that [Plaintiffs] created, considered, read, reviewed, obtained, received or otherwise acquired in connection with

12

[Plaintiffs'] decision(s) to purchase, sell, trade, hold, or otherwise acquire or dispose of Enovix Securities, or that influenced such decision(s)" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search using agreed upon parameters and produce non-privileged documents from within the Class Period concerning Plaintiffs' decision(s) to purchase, sell, trade, hold, or otherwise acquire or dispose of Enovix Securities during the Class Period..

**REQUEST NO. 16:**

DOCUMENTS sufficient to identify each PERSON (including without limitation any investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of ENOVIX SECURITIES on YOUR behalf) who made or participated in YOUR decision(s) to acquire and/or sell ENOVIX SECURITIES, including the resume, qualifications, certifications, or curriculum vitae of any such PERSON.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "the resume[s], qualifications, certifications, [and] curriculum vitae" of numerous persons irrespective of whether those documents are relevant to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs refer to their responses to Defendants' Interrogatory No. 3.

**REQUEST NO. 17:**

DOCUMENTS sufficient to describe YOUR relationship with any PERSON identified in response to Request No. 16, including without limitation any written agreement giving such PERSON authority to purchase, sell, trade, hold, or otherwise acquire or dispose of ENOVIX

13

SECURITIES on YOUR behalf, and any written agreement to compensate such PERSON.

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "any written agreement giving such person authority to purchase, sell, trade, hold, or otherwise acquire or dispose of Enovix Securities on [Plaintiffs'] behalf, and any written agreement to compensate such person" irrespective of whether those documents are relevant to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs refer to their responses to Defendants' Interrogatory No. 3. Plaintiffs are willing to meet and confer concerning the appropriate scope of any further documents responsive to this Request, if any.

**REQUEST NO. 18:**

All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and any other PERSON (including without limitation any member of the putative plaintiff class, investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of ENOVIX SECURITIES on YOUR behalf) CONCERNING ENOVIX SECURITIES, any of the Defendants, or this ACTION. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents concerning communications between [Plaintiffs] and any other person . . . Concerning Enovix Securities, any of the Defendants, or this Action" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

14

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search using agreed upon parameters and produce non-privileged documents from within the Class Period concerning communications between Plaintiffs and other persons concerning Enovix Securities or Defendants.

**REQUEST NO. 19:**

All DOCUMENTS CONCERNING the investment practices, policies, procedures, or strategies of LEAD PLAINTIFFS from January 1, 2020 through the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents concerning the investment practices, policies, procedures, or strategies of Lead Plaintiffs" irrespective of whether those documents are relevant to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer concerning the appropriate scope of documents responsive to this Request, if any.

**REQUEST NO. 20:**

DOCUMENTS sufficient to show the number of shares of ENOVIX SECURITIES owned by YOU on a daily basis from August 10, 2021 through the present, including the date of this request.

**RESPONSE TO REQUEST NO. 20:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "documents sufficient to show the number of shares of Enovix Securities owned by [Plaintiffs] on a daily basis from August 10, 2021 through the present" irrespective of whether those documents are relevant to the claims or defenses in this Action.

15

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search and will produce documents sufficient to show Plaintiffs' investments in Enovix Securities during the Class Period.

**REQUEST NO. 21:**

DOCUMENTS sufficient to show YOUR purchases, sales, and ownership of securities of any issuer other than ENOVIX in the technology industry.

**RESPONSE TO REQUEST NO. 21:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "documents sufficient to show [Plaintiffs'] purchases, sales, and ownership of securities of any issuer other than Enovix in the technology industry" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiff further objects to this Request as vague and ambiguous as to the term "technology industry."

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 22:**

All DOCUMENTS CONCERNING the risks associated with investing in public companies in the technology industry. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 22:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents concerning the risks associated with investing in public companies in the technology industry" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiff further objects to this Request as vague and ambiguous as to the term "technology industry."

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 23:**

DOCUMENTS sufficient to show the aggregate value of investments held by YOU, including publicly traded securities, for each quarter for the past five years. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 23:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "documents sufficient to show the aggregate value of investments held by [Plaintiffs], including publicly traded securities, for each quarter for the past five years" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiff further objects to this Request as vague and ambiguous as to the term "investments," which Plaintiffs interpret to mean publicly traded securities.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 24:**

DOCUMENTS sufficient to show how much money, in absolute terms and as a percentage of YOUR assets, YOU invested in stocks for each of the past five years. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 24:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "documents sufficient to show how much money, in absolute terms and as a percentage of [Plaintiffs'] assets, [Plaintiffs] invested in stocks for each of the past

17

five years" irrespective of whether those documents are relevant to the claims or defenses in this Action.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 25:**

All DOCUMENTS CONCERNING YOUR participation as a plaintiff or as a named representative of the putative class in this ACTION. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 25:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents concerning [Plaintiffs'] participation as a plaintiff or as a named representative of the putative class in this Action" irrespective of whether those documents are relevant to the claims or defenses in this Action. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: no non-privileged documents responsive to this Request exist.

**REQUEST NO. 26:**

All DOCUMENTS CONCERNING the actual, promised, or expected receipt by YOU of anything of value from any PERSON in connection with YOUR service as LEAD PLAINTIFFS in this ACTION. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 26:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous as to the terms "promised," "expected," and "anything of value," and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs further object to this

Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: no non-privileged documents responsive to this Request exist.

**REQUEST NO. 27:**

All non-privileged DOCUMENTS CONCERNING YOUR retention of LEAD COUNSEL in connection with this ACTION, including consideration of other law firms, and the date and circumstances of such retention, written agreements between YOU and LEAD COUNSEL, and terms of YOUR engagement of LEAD COUNSEL. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 27:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 28:**

Any DOCUMENTS CONCERNING any understanding, contract, or agreement (financial or otherwise) between YOU and any other unnamed putative class member in this ACTION, including but not limited to any other PERSON who sought to be appointed LEAD PLAINTIFF in this ACTION. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 28:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case.

19

Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 29:**

DOCUMENTS sufficient to show any common interest agreement YOU, or anyone acting on YOUR behalf, have entered into related to ENOVIX or this ACTION. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 29:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 30:**

DOCUMENTS regarding any other lawsuit, arbitration, administrative proceeding, or other legal proceeding or action in which YOU previously or presently serve as a LEAD PLAINTIFF or named representative of a class or putative class, or in which you sought to be appointed as class representative, including but not limited to motions for appointment as lead counsel and certification of a class, transcripts of testimony, affidavits, declarations, or statements made by YOU, and any orders relating to the certification or denial of any application made by YOU. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 30:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case.

Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs also object to this Request on the grounds that it seeks documents that are equally or more readily available to Defendants.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 31:**

DOCUMENTS sufficient to show all settlement agreements YOU have entered into or payments YOU have received in any other action styled as a class action brought in any federal or state court in which YOU were or are the plaintiff. This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 31:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs also object to this Request on the grounds that it seeks documents that are equally or more readily available to Defendants.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 32:**

Organizational charts, group directories, tables, diagrams or other DOCUMENTS sufficient to identify:

a. YOUR corporate organizational and/or hierarchical structure;

b. YOUR departments, business units, officers, directors, employees and agents who were involved, with respect to ENOVIX SECURITIES, in (i) researching, evaluating, analyzing, assessing or conducting due diligence; (ii) communicating with anyone at ENOVIX; (iii)

21

contracting or agreeing to purchase or otherwise acquire; (iv) monitoring performance; (v) valuing, marking or soliciting or seeking indicative or other bids; (vi) contracting or agreeing to sell or dispose; or (vii) making or taking part in any investment decision of any kind whatsoever; and

c. all persons responsible for advising YOU concerning or executing YOUR investment decisions, including investment advisors, brokers, broker-dealers, and dealers.

This request is not limited to the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 32:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek numerous organization documents irrespective of whether those documents are relevant to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search for and produce documents sufficient to show the organizational structure of Plaintiffs who are entities with respect to the business units, departments, and personnel involved with Plaintiffs' transactions in Enovix Securities during the Class Period.

**REQUEST NO. 33:**

The certificate, articles, agreement, charter, constitution, bylaws, plan, initial information report, offering memoranda, partnership documents or similar documents under which YOU and any of YOUR subsidiaries or affiliated entities involved in the investment in ENOVIX SECURITIES were formed or organized, and the certificate, articles, agreement, charter, constitution, bylaws, plan, initial information report, offering memoranda, partnership documents or similar DOCUMENTS under which YOU and any subsidiaries or affiliated entities involved in the investment in ENOVIX SECURITIES currently operate.

**RESPONSE TO REQUEST NO. 33:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case.

22

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer concerning the appropriate scope of documents responsive to this Request, if any.

**REQUEST NO. 34:**

All management agreements or other contracts between YOU and any person charged with responsibility over management or supervision of any account of YOURS that holds or held or transacted in ENOVIX SECURITIES.

**RESPONSE TO REQUEST NO. 34:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all management agreements or other contracts between [Plaintiffs] and any person charged with responsibility over management or supervision of any account of [Plaintiffs'] that holds or held or transacted in Enovix Securities" irrespective of whether those documents are relevant to the claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer concerning the appropriate scope of any further documents responsive to this Request, if any.

**REQUEST NO. 35:**

DOCUMENTS sufficient to show all guidelines, policies, procedures, practices, rules, goals or criteria relating to investments or investment decisions made by YOU or on YOUR behalf, from January 1, 2020 through the CLASS PERIOD, including all documents concerning (a) YOUR investment objectives; (b) permissible investments by YOU or on YOUR behalf; (c) risk analysis or risk evaluation with respect to the purchase, holding or sale of securities by YOU or on YOUR behalf; (d) YOUR risk tolerance with respect to the purchase, holding or sale of securities; (e) the use of consultants with respect to the purchase, holding or sale of securities by YOU or on YOUR behalf; and (f) internal and external analysts used for the purpose of acquisition of securities and the evaluation of their subsequent performance.

23

**RESPONSE TO REQUEST NO. 35:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer concerning the appropriate scope of documents responsive to this Request, if any.

**REQUEST NO. 36:**

All DOCUMENTS that support, evidence or otherwise concern YOUR actual reliance on any of Defendants' alleged misrepresentations or omissions.

**RESPONSE TO REQUEST NO. 36:**

Plaintiffs object to this Request on the ground that it is a premature contention interrogatory interposed at the outset of discovery.

Subject to and without waiving the foregoing objections, Plaintiffs will disclose documents they may rely upon to establish reliance, including any presumptions of reliance, at any given stage of the Action in accordance with the time(s) for doing so set forth in the Federal Rules of Civil Procedure or any scheduling order or other order entered by the Court.

**REQUEST NO. 37:**

All DOCUMENTS, without regard to time period, concerning members of the putative class that YOU seek to represent in this ACTION, including, without limitation, documents concerning the identity of any such members and any communications with any such members.

**RESPONSE TO REQUEST NO. 37:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, and is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents, without regard to time period, concerning members of the putative class that [Plaintiffs] seek to represent in this Action" irrespective of

whether those documents are relevant to the claims or defenses in this Action. Plaintiffs further object to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 38:**

DOCUMENTS sufficient to show any occasion, in the last ten years, on which:

a. YOU have been accused or convicted of any crime;

b. YOU have filed for protection under the bankruptcy laws, been subject to an involuntary bankruptcy proceeding, or been found bankrupt or insolvent;

c. YOU have been named as a defendant in any criminal, civil, administrative, or regulatory action alleging fraud, a violation of securities laws, or breach of fiduciary duties; or

d. YOU or LEAD COUNSEL have been sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure or any analogous provision

**RESPONSE TO REQUEST NO. 38:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is vague and ambiguous, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks documents that are equally or more readily available to Defendants.

Based on the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 39:**

All DOCUMENTS identified in YOUR initial disclosures. This request is not limited to the CLASS PERIOD.

25

**RESPONSE TO REQUEST NO. 39:**

Plaintiffs object to this Request on the grounds that it is overly broad, seeks discovery of matters that are not relevant to any party's claim or defense, is not reasonably calculated to lead to relevant information, and is disproportional to the needs of the case, including because it purports to seek "all documents identified in [Plaintiffs''] initial disclosures" irrespective of whether those documents are relevant to the claims or defenses in this Action and without regard to potential amendment of Plaintiffs' initial disclosures.

Subject to and without waiving the foregoing objections, Plaintiffs will conduct a reasonable search and produce non-privileged documents responsive to this Request from within the Class Period.

Dated: November 15, 2024

**THE ROSEN LAW FIRM, P.A.**

By: */s/Joshua Baker*
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: pkim@rosenlegal.com
        jbaker@rosenlegal.com

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick
Marc B. Kramer (*pro hac vice*)
Nicole Castiglione (*pro hac vice*)
Shane Kunselman (*pro hac vice*)
PENN 1, Suite 3401
One Pennsylvania Plaza
New York, New York 10019
Telephone: (212) 597-2800
lrolnick@rksllp.com
mkramer@rksllp.com

*Co-Lead Counsel for Plaintiffs*

26

**CERTIFICATE OF SERVICE**

I, Joshua Baker, hereby declare under penalty of perjury as follows:

I am an attorney with the Rosen Law Firm, P.A. I am over the age of eighteen. On November 15, 2024, I served the foregoing PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS by email to counsel for Defendants as follows:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Emily Casey Warren Kapur
emilykapur@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Michael Ethan Liftik
michaelliftik@quinnemanuel.com
1310 I Street NW, Suite 900
900 Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Brenna Nelinson
Sasha Boutilier
Courtney Whang
brennanelinson@quinnemanuel.com
sashaboutilier@quinnemanuel.com
courtneywhang@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Defendants*

Executed on November 15, 2024                              */s/Joshua Baker*

27