QUINN EMANUEL URQUHART & SULLIVAN, LLP
Emily C. Kapur (Cal. Bar No. 306724)
emilykapur@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Michael Ethan Liftik (Cal. Bar No. 232430)
michaelliftik@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Andrew J. Rossman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Brenna D. Nelinson (*pro hac vice*)
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
brennanelinson@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-7100

Attorneys for Defendants
*Enovix Corporation, Harrold Rust, Steffen Pietzke,*
*Thurman J. Rodgers, Emmanuel T. Hernandez, John D.*
*McCranie, Betsy Atkins, and Gregory Reichow*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION | Case No. 23-cv-00071-SI |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| | Judge:  Hon. Susan Illston |
| | Hearing Date:  August 15, 2025 |
| | Hearing Time: 10:00 AM |

Defendants Enovix Corporation ("Enovix" or the "Company"), Harrold Rust, Steffen Pietzke, Thurman J. Rodgers, Emmanuel T. Hernandez, John D. McCranie, Betsy Atkins, and Gregory Reichow (together with Enovix, "Defendants") respectfully request that the Court consider Exhibits A-E to the Declaration of Emily C. Kapur in Support of Defendants' Motion for Partial Judgment on the Pleadings (the "Kapur Declaration").

In its decision granting in part and denying in part Defendants' motion to dismiss the Second Amended Complaint (the "SAC"), this Court already found two of these documents—the "June 2021 Proxy Statement [**Exhibit A**] and February 2021 investor presentation [**Exhibit B**]"—were incorporated by reference. Dkt. No. 116 at 14-15. As the Court explained, these exhibits are "reference[d] extensively throughout the SAC" and it was thus "proper to consider" them. *Id.* (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018)).

This Court has not previously addressed whether **Exhibit C** (August 10, 2021 Letter to Our Shareholders), **Exhibit D** (August 10, 2021 Earnings Call Transcript), and **Exhibit E** (September 9, 2021 TD Cowen Conference Transcript) are incorporated by reference.[1] Plaintiffs selectively quoted from **Exhibits C, D, and E** in alleging as false Statements 4, 6, and 7—the sole remaining alleged misstatements in this case—thus incorporating those documents by reference, in full. For the avoidance of doubt, **Exhibits C, D, and E** are also proper subjects of judicial notice.

*First*, consideration of **Exhibits C-E** under the incorporation-by-reference doctrine is proper and crucial because they are the sources of alleged misstatements—and thus "form the basis of [Plaintiffs'] claims"—and because Plaintiffs have strategically cherry-picked from them. *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020). The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."

---

[1] Defendants requested consideration of **Exhibit C** (Aug. 10, 2021 Letter to Our Shareholders) and **Exhibit D** (Aug. 10, 2021 Earnings Call Transcript) in connection with their motion to dismiss the consolidated complaint. The Court had no need to consider these documents given its finding that the complaint was "deficient on its face." Dkt. No. 97 at 26. Defendants also requested that the Court consider **Exhibit D** in connection with their motion to dismiss the SAC. The Court made no decision as to whether it was properly considered. *See* Dkt. No. 116 at 12 (quoting Statement 6 as alleged in SAC, and not addressing Defendants' request for consideration of full transcript).

*Khoja*, 899 F.3d at 1002; *see also id.* at 1004-05 (finding documents containing alleged misrepresentations are incorporated by reference). In alleging claims, plaintiffs "may not simply 'cherry-pick[ ] portions of Defendants' statements and ignor[e] other portions,' but must instead 'account for the entirety of [the statements] on which they rely.'" *SEB Inv. Mgmt. AB v. Align Tech., Inc.*, 485 F. Supp. 3d 1113, 1126 (N.D. Cal. 2020). Indeed, "[n]othing in *Khoja* prevents this Court from analyzing an alleged false statement in context" and "additional context surrounding [such] statements … matters in the Court's assessment of how a reasonable investor would consider the allegedly false statements." *Jaszczyszyn v. SunPower Corp.*, 2024 WL 3463348, at *3 (N.D. Cal. July 17, 2024).

The Court may also take judicial notice of **Exhibits C-E** to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). **Exhibit C**, Enovix's August 10, 2021 Letter to Our Shareholders, was filed with the Securities and Exchange Commission ("SEC") and taking judicial notice of it is thus proper. *See Apple*, 2020 WL 2857397, at *6 ("Courts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned.").[2] Further, earnings call and conference transcripts, such as **Exhibits D and E** respectively, are also proper subjects of judicial notice. *See Wochos v. Tesla, Inc.*, 2019 WL 1332395 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of earnings calls), *aff'd*, 985 F.3d 1180 (9th Cir. 2021); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (taking judicial notice of conference call transcripts); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of conference call transcripts "for the purposes of demonstrating what was disclosed to investors.").

For the foregoing reasons, Defendants respectfully request that this Court consider **Exhibits A-E** under the incorporation by reference doctrine and/or take judicial notice of them.

---

[2] *See also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that judicial notice of SEC filings is "proper"); *In re Rackable Sys. Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed")

Dated:  June 23, 2025

By: /s/ Emily C. Kapur

QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
Emily C. Kapur (306724)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: +1 650 801 5000
Facsimile: +1 650 801 5100
Email: emilykapur@quinnemanuel.com

Michael Liftik (232430)
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: +1 202 538 8000
Facsimile: +1 202 538-8100
Email: michaelliftik@quinnemanuel.com

Andrew J. Rossman (*pro hac vice*)
Courtney C. Whang (*pro hac vice*)
Brenna D. Nelinson (*pro hac vice*)
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
andrewrossman@quinnemanuel.com
courtneywhang@quinnemanuel.com
brennanelinson@quinnemanuel.com

 *Attorneys for Defendants*

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS