**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S EMAIL ADDRESS
**emilykapur@quinnemanuel.com**

WRITER'S DIRECT DIAL NO.
**(650) 801-5122**

June 30, 2025

Honorable Susan Illston
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 1 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *In re Enovix Corporation Securities Litigation*, Case No. 23-cv-00071-SI

Dear Judge Illston:

Defendants write concerning the automatic stay of discovery triggered pursuant to the Private Securities Litigation Reform Act ("PSLRA") by Defendants' Motion for Partial Judgment on the Pleadings filed on June 23, 2025, ECF No. 175 ("Rule 12(c) Motion"). Contrary to the great weight of authority on this subject, Plaintiffs deny that the automatic stay applies here. The Parties met and conferred but were unable to resolve this issue. Defendants thus ask this Court to confirm that the stay has paused all case deadlines until the Rule 12(c) Motion is adjudicated.[1]

The PSLRA is explicit that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss[.]" 15 U.S.C. § 78u-4(b)(3)(B). "[T]he Ninth Circuit has long held that motions filed pursuant to Rule 12(b) and Rule 12(c) are 'functionally identical,' as they test the sufficiency of a plaintiff's allegations but differ with respect to the time of filing." *In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *2 (N.D. Cal. June 12, 2023) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). Accordingly, courts consistently hold that a Rule 12(c) motion falls under "any motion to dismiss" for purposes of the PSLRA stay. *See id.* at *3 ("[A] party seeking a motion for judgment on the pleadings is entitled to a PSLRA automatic stay notwithstanding a prior filing of a motion to dismiss."); *Lian v. Tuya Inc.*, 2024 WL 1932623, at *1 (S.D.N.Y. May 2, 2024) (similar); *Shash v. Biogen Inc.*, 2024 WL 1415842, at *1–2 (D. Mass. Apr. 2, 2024) (similar).[2]

The stay applies even if the pending Rule 12 motion is only partial. *See In re Lantronix, Inc. Sec.*

---

[1] Plaintiffs have agreed to temporarily stay class certification deadlines while this dispute is adjudicated to defer discovery of Plaintiffs and their expert..

[2] As such, the uncited dicta Plaintiffs may reference from *In re Facebook, Inc. Sec. Litig.*, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025)—wherein the Court suggested the PSLRA stay would not apply to a hypothetical Rule 12(c) motion—is an outlier, based on no briefing on this common issue. In *Facebook*, the Court's posture was that it was denying leave to file a fourth Rule 12(b)(6) motion after the case had proceeded for seven years without discovery and the Ninth Circuit had ruled that the complaint had adequately pleaded claims. That Court's concerns regarding inordinate delay of discovery are also inapplicable here where Defendants have already substantially completed document production.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

*Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sep. 26, 2003) (PSLRA stay applied notwithstanding that the motion to dismiss did "not challenge the sufficiency of a portion of the section 10(b) claim"); *In re Celera Corp. Sec. Litig.*, 2014 WL 3827570, at *2 (C.D. Cal. Feb. 25, 2014) (maintaining stay after some, but not all, motions to dismiss were denied because "plain language of the PSLRA stays *all* discovery while *any* motion to dismiss is pending") (emphasis added).

Staying discovery and other case deadlines pending disposition of the Rule 12(c) Motion also serves the purposes of the PSLRA stay, which was motivated by Congress's "concern[ ] with the high costs associated with discovery" and belief that "'discovery should be permitted in securities class actions only *after the court has sustained the legal sufficiency of the complaint*.'" *Powers v. Eichen*, 961 F. Supp. 233, 235–36 (S.D. Cal. 1997) (quoting S. Rep. 104–98, U.S. Code Cong. & Admin. News 679, 693) (emphasis added). Congress was particularly concerned with the punishing costs of discovery on "[s]maller start-up companies with unpredictable prospects, especially those involved in high technology"—like Enovix. *Id.* at 235.

If granted, the Rule 12(c) Motion will meaningfully narrow this case by eliminating statements that *on their face* in unexcised form do not concern FAT of the Yinghe equipment and are thus unrelated to Plaintiffs' theory of fraud. As explained in Defendants' Rule 12(c) Motion, Plaintiffs' omissions fundamentally changed the meaning of the alleged misstatements and enabled Plaintiffs to bring securities fraud claims premised on statements that do not say what Plaintiffs represented to this Court. Defendants' Rule 12(c) Motion seeks to eliminate these statements from this action given that—had Plaintiffs been forthcoming—those statements would not have survived the pleadings stage to begin with. The *sole* statement remaining would be one that concerns the circumscribed issue of whether the FAT of the Yinghe equipment had "already" been "performed" prior to Enovix taking delivery, SAC ¶ 138, and accordingly the focus of class certification and remaining fact discovery would narrow substantially. Permitting class certification and further discovery to proceed in parallel with the Court's consideration of the Rule 12(c) Motion would thus result in waste and inefficiency, as much of that work may be rendered unnecessary. Defendants are prepared to proceed with discovery and briefing on class certification upon the Court's ruling on the Rule 12(c) Motion.

Defendants respectfully request that the Court confirm that all case deadlines are stayed pending resolution of Defendants' Rule 12(c) Motion, considering the text and purpose of the PSLRA.[3] Defendants are available should the Court wish to discuss.

Sincerely,

*/s/ Emily Kapur*

Emily Kapur

---

[3] Defendants' letter motion to compel discovery into Plaintiffs' investigation, ECF No. 164, seeks discovery that will remain relevant regardless of the Court's ruling on the Rule 12(c) Motion. That discovery will show whether—in addition to misrepresenting two at-issue statements in their pleadings—Plaintiffs also misrepresented information provided to them by confidential witnesses and crucial to Plaintiffs' pleading of the third at-issue statement. However, to conserve this Court's resources, the resolution of Defendants' letter motion can be deferred until discovery reopens following the resolution of the Rule 12(c) Motion.