

The Rosen Law Firm
I N V E S T O R   C O U N S E L

Joshua Baker
jbaker@rosenlegal.com

July 2, 2025

**Via ECF**
Honorable Susan Illston
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *In re Enovix Corp. Securities Litigation*, No. 3:23-cv-71-SI

Dear Judge Illston:

Plaintiffs dispute that the automatic stay of discovery that applies to motions to dismiss in securities cases, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is triggered by Defendants' motion for *partial* judgment on the pleadings. Dkt. No. 175 ("Partial MJP"). This is particularly true given the conspicuous timing and context of Defendants' renewed pleading challenge, which they concede could have been raised in their prior motion to dismiss but instead comes nearly one year into discovery, after substantial completion of document production, and just before Defendants' opposition to Plaintiffs' motion for class certification is due. Defendants further concede that their Partial MJP challenges only *some* of Plaintiffs' claims, and that discovery will inevitably proceed. Applying the PSLRA discovery stay in these circumstances would serve no purpose other than delaying the expeditious prosecution of this case. The Court should not permit Defendants' blatant gamesmanship to gum up the works.

The PSLRA calls for a discovery stay only "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Defendants' Partial MJP is not a motion to dismiss. "Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings are distinct procedural vehicles that cannot be seamlessly substituted for one another." *Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 48 (D.D.C. 2018) (Jackson, J.). Accordingly, "***[b]y its terms, the PSLRA discovery stay does not apply when there is a post-answer motion for judgment on the pleadings under Rule 12(c)***." *In re Facebook, Inc. Sec. Litig.*, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025) (emphasis added). "This makes good sense," as Judge Davila explained, because "one of the purposes of the PSLRA stay is to prevent plaintiffs from filing frivolous lawsuits and using them as vehicles in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." *Id.* (cleaned up). Here, as in *Facebook*, there is no dispute that Plaintiffs have adequately alleged a valid claim. Thus, the purpose of the PSLRA stay will not be served by needlessly delaying discovery and litigation that has been ongoing for nearly a year. *Id.*

There are good reasons why Congress limited the PSLRA stay to motions to dismiss and not motions for judgment on the pleadings—and certainly not motions for *partial* judgment on the pleadings. Motions to dismiss must be filed at the beginning of the case, before a responsive pleading, and a party may file only one such motion. Fed. R. Civ. P. 12(b), (g)(2). Motions for judgment on the pleadings for failure to state a claim, by contrast, need only be filed "early enough not to delay trial," and—absent abuse—may be filed *seriatim* throughout the litigation. Fed. R.

1

Civ. P. 12(c), (h)(2)(B). The PSLRA stays discovery at the outset of the case, while the Court conducts its initial assessment of the sufficiency of the complaint. Expanding the provision beyond its terms to motions for judgment on the pleadings gives securities defendants an unfettered right to bring discovery to a halt whenever they wish, even at multiple crucial moments during the litigation. Nothing in the statute suggests that Congress intended that result.

None of the cases cited by Defendants involved a *partial* motion for judgment on the pleadings filed nearly a year into discovery; they address only motions filed *before* the start of discovery.[1] In any event, those cases expand the scope of the PSLRA stay beyond the text of the statute. Their reasoning does not apply here because this case is certain to go forward regardless of the Partial MJP. Courts refuse to apply the PSLRA stay when a complaint is upheld as to some defendants while other defendants' motions to dismiss remain pending. *See, e.g., Latham v. Stein,* 2010 WL 3294722, at *3 (D.S.C. Aug. 20, 2010) (declining stay because "discovery will proceed as to these defendants regardless"); *In re Glob. Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004) ("There is no reason under the statute's language or its purpose to countenance further delay by preventing discovery from proceeding as to Andersen, against whom this case is now clearly going forward."); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 104-07 (D. Mass. 2002) (where the complaint had survived four defendants' motions to dismiss, the purpose of the PSLRA was satisfied and "the general presumption for liberal discovery" applied).[2]

Defendants assert, without any support, that if their Partial MJP is successful "the focus of class certification and remaining fact discovery would narrow substantially," Dkt. No. 178 at 2. That is not true. The two challenged statements concern the same subject matter and issues as the unchallenged statement (and are misleading for the same reasons). The scope of discovery and class certification will not change in any material way even if Defendants were to prevail.

This is the second time in as many months that Defendants have sprung a motion that they could have made months sooner on the eve of a major deadline, and asserted that motion as the basis for a stay. *See* Dkt. No. 166. Defendants could have raised each of their Partial MJP arguments in their motion to dismiss *over one year* ago, or at any time since. They chose to wait. The Court should exercise its discretion to deny the stay to curtail this naked gamesmanship. *See In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2005) ("In a case where the court already *has* sustained the legal sufficiency of the complaint, this purpose [of the PSLRA] has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary."). Here, the Court should find that the PSLRA stay is not triggered by the Partial MJP, allowing this litigation to continue without further delay.

Respectfully submitted,

/s/Joshua Baker
Joshua Baker

---

[1] The sole exception is *In re Celera Corp. Sec. Litig.*, 2014 WL 3827570, at *3 (C.D. Cal. Feb 25, 2014), in which the court agreed that *certain discovery could nonetheless proceed* while the parties briefed a motion to dismiss new claims brought against the auditor, a newly added defendant.
[2] Unlike here, *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sep. 26, 2003) involved a motion to lift the PSLRA stay during the pendency of the initial motion to dismiss.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827