UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ENOVIX CORP. SECURITIES LITIGATION | Case No. 23-cv-00071-SI<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. Nos. 163, 164, 166, 169, 171, 173 |

**BACKGROUND**

The parties have filed a discovery dispute regarding the extent to which plaintiffs should produce documents responsive to defendants' Requests for Production Nos. 3, 4, and 6. Dkt. Nos. 164, 166.

In this securities fraud action, defendants seek certain documents related to the former employee ("FE") witnesses on whom plaintiffs relied in their Second Amended Complaint. Defendants represent that "[f]ive confidential witnesses on whom Plaintiffs relied in their Second Amended Complaint ('SAC') have submitted sworn declarations disavowing the exact allegations—that equipment repeatedly failed the 'FAT' [factory acceptance] testing in China— upon which this Court relied in allowing the SAC to survive Defendants' motion to dismiss." Dkt. No. 164 at 1. In response, plaintiffs argue that the declarations defendants obtained "do not contradict the complaint in any material way," that their own investigators' declarations contradict what defendants represent, and that the information defendants seek is protected attorney work product. Dkt. No. 166 at 1 & n.2. Plaintiffs also accuse defendants of proceeding in bad faith in the production of discovery "by manufacturing a Rule 11 issue on the eve of their production

deadline." *Id.* at 2.

Upon receipt of the parties' separate discovery dispute letters, the Court ordered defendants to file the sworn declarations from the five confidential witnesses and ordered plaintiffs to file the declarations from their investigators. Dkt. No. 167. The parties have since filed the declarations, Dkt. Nos. 168, 170, along with "gratuitous" letters accusing the other side of submitting unsolicited argument in their communications with the Court, Dkt. Nos. 172, 174.[1]

To summarize the status of the requests, defendants seek: unredacted interview memoranda of plaintiffs' investigators (including drafts); instructions to plaintiffs' investigators regarding interviews; policies and procedures relating to plaintiffs' investigators' interviews; communications with plaintiffs' investigators, including notes memorializing the same; and engagement letters for plaintiffs' investigators. Dkt. No. 164 at 2. According to defendants, plaintiffs produced five investigator memos and two declarations but have otherwise refused on work product grounds. Additionally, defendants state that information regarding Former Employee 2 was produced in heavily redacted form. *Id.* Plaintiffs state that they have offered: (1) all communications between (a) the parties/counsel/investigators and (b) any of the FEs cited in the complaint; (2) expedited depositions of the 'disavowing' FEs; and (3) limited waiver of work product protection to show the investigators' memos (or relevant portions thereof) memorializing the statements made by the 'disavowing' FEs (which are the only investigation materials Plaintiffs used to draft the FE allegations in the complaint)." Dkt. No. 166 at 2. Plaintiffs also state that their production of the first category of documents is contingent upon defendants' reciprocity, but that defendants have refused, asserting *Upjohn* privilege. *Id.* at 2 n.4.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 lays out the general scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged

---

[1] The Court finds good cause to maintain the names of the confidential witnesses under seal from public view and therefore GRANTS the administrative motions to seal at Dkt. Nos. 169, 171, and 173.

> matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3), which provides, in relevant part:

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. . . .

Fed. R. Civ. P. 26(b)(3).

## DISCUSSION

At the outset, the Court agrees with plaintiffs that certain of the requests for production are overbroad, in particular Nos. 4 and 6. These requests seek, *inter alia*, "All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and/or LEAD COUNSEL on the one hand, and any former or current employee or consultant of or PERSON acting on behalf of ENOVIX . . . about ENOVIX . . ." and "All DOCUMENTS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU . . . CONCERNING any allegation in the COMPLAINT . . . ." Dkt. No. 164, Ex. A at RFP Nos. 4 and 6. And while defendants have raised some troubling allegations, particularly regarding whether the FEs understood that their interviews might be included in a securities fraud complaint, it is also true that plaintiffs have already handed over their investigator memoranda from the FE interviews, which is more than what some judges have ordered under similar circumstances. *See, e.g., Weston v. Docusign, Inc.*, No. 22-cv-00824-VC (SK), 2025

3

WL 798600, at *2 (N.D. Cal. Mar. 11, 2025) (ordering plaintiffs to produce "verbatim quotes from the confidential witness only and no other portion" of confidential witness memoranda). Further, defendants are aware of the identities of the FEs and may depose them. Indeed, plaintiffs have offered depositions on an expedited basis. In light of what plaintiffs have offered, there is no need for widespread disclosure of communications with *any* former employees or regarding *anything* to do with plaintiffs' investigation.

At this time, the Court finds plaintiffs' offer regarding production appropriately balances the need for disclosure with the concerns regarding attorney work product. Plaintiffs shall respond to the discovery requests with: "(1) all communications between (a) the parties/counsel/investigators and (b) any of the FEs cited in the complaint; (2) expedited depositions of the 'disavowing' FEs; and (3) limited waiver of work product protection to show the investigators' memos (or relevant portions thereof) memorializing the statements made by the 'disavowing' FEs . . . ." *See* Dkt. No. 166 at 2. The Court will not order plaintiffs to respond with documents regarding *any* former employee who is not cited in the operative complaint. *See Weston v. Docusign, Inc.*, No. 22-cv-00824-WHO, 2024 WL 3446924, at *2 (N.D. Cal. July 15, 2024). Nor will the Court order disclosure of plaintiffs' instructions to the investigators regarding interviews, investigator drafts of interview memoranda, engagement letters for the investigators, or like material, as those would reveal the attorneys' mental impressions and processes. The Court is more concerned with getting to the truth of the substance of this lawsuit than it is with helping defendants build their Rule 11 motion. *See In re Bofi Holding, Inc. Sec. Litig.*, No. 15-CV-2324-GPC-KSC, 2021 WL 3700749, at *5 (S.D. Cal. July 27, 2021) (citation omitted); *In re Symbol Techs., Inc. Sec. Litig.*, No. CV 05-3923 (DRH) (AKT), 2017 WL 1233842, at *13 (E.D.N.Y. Mar. 31, 2017) ("It is not the Court's job to pave the way for Defendants to bring a Rule 11 motion.").

If plaintiffs provide category #1, then defendants should likewise be prepared to disclose relevant communications with FE2 in particular, and plaintiffs may depose FE2 to inquire into whether FE2 was pressured to recant on his earlier statement. Defendants assert in their letter that FE2 was not actually an Enovix employee, but rather a third-party contractor, at the time FE2 gave the statements that were used in the Second Amended Complaint. *See* Dkt. No. 164 at 1. Thus, the

4

Court is not convinced that the *Upjohn* privilege applies. The Court also cautions: "[T]he fact that a confidential witness later reports that a plaintiff's complaint does not accurately describe his statements doesn't necessarily mean that the allegations in the complaint were made in bad faith or that a sanctions motion would be justified." *Union Asset Mgmt. Holding AG v. Sandisk LLC*, 227 F. Supp. 3d 1098, 1100-01 (N.D. Cal. 2017) (citations omitted). That may be particularly so where translation issues are at play. Here, the original FE2 interview was conducted in Mandarin, the declaration defendants have presented from FE2 is written in English, and the parties' dispute centers on the meaning of specific terms such as "fail" and "conditionally pass."

## CONCLUSION

Plaintiffs shall respond to defendants' Request for Production Nos. 3, 4, and 6 in the manner described above. Plaintiffs shall also provide an unredacted copy of the FE2 memorandum for the Court's *in camera* review, **no later than August 1, 2025.**[2] If the Court determines that plaintiffs should provide defendants with the unredacted FE2 memorandum, the Court will issue a further order.

The Court GRANTS the administrative motions to seal at Dkt. Nos. 169, 171, and 173.

This Order disposes of Dkt. Nos. 164 and 166. The Clerk may terminate Dkt. No. 163 as moot, as it is a duplicate of the filing at Dkt. No. 164.

**IT IS SO ORDERED**.

Dated: July 25, 2025

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiffs may e-mail the unredacted memorandum to SIpo@cand.uscourts.gov or may deliver a hard copy of the memorandum to the Clerk's Office. In either case, the e-mail or delivery shall be clearly stamped: "DO NOT FILE—for *in camera* review."