Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE ENOVIX CORPORATION
SECURITIES LITIGATION

No: 3:23-cv-0071-SI

CLASS ACTION

**LEAD PLAINTIFFS' STATEMENT IN
SUPPORT OF SEALING PER LOCAL
RULE 79(f)(3) (DKT. NO. 210)**

## <u>STATEMENT IN SUPPORT OF SEALING</u>

Lead Plaintiff Discovery Global Opportunity Master Fund Ltd. and Lead Plaintiff Discovery Nymeria Master Fund, Ltd. (collectively, "Discovery Funds"), as well as Lead Plaintiff Gary Kung, Plaintiff Robert G. Lee, and Plaintiff Traci Selke (collectively, "Individual Plaintiffs" and, together with Discovery Funds, "Plaintiffs"), respectfully submit the following statement in support of sealing, pursuant to Local Rule 79-5(f)(3), in response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 210).

Defendants' motion identifies certain materials designated confidential by Plaintiffs: (1) Exhibits B, C, F, H, I, J, K, L, M, and N ("Discovery Funds' Materials"); (2) Exhibits D, E, and G ("Individual Plaintiffs' Materials"); and (3) highlighted portions of Exhibit A reflecting excerpts of Discovery Funds' Materials and Individual Plaintiffs' Materials.  Those materials were filed by Defendants in connection with Defendants' opposition to Plaintiffs' pending motion for class certification.

The legal standard for sealing such materials filed in connection with a non-dispositive motion is "good cause."  *See Beijing Meishe Network Tech. Co. v. TikTok Inc.*, No. 23-CV-06012-SI, 2024 WL 4184075, at *4 (N.D. Cal. Aug. 22, 2024) (Illston, J.) ("[W]hen a party seeks to seal documents attached to a non-dispositive motion, the party need only meet the lower 'good cause' standard." (internal quotation marks omitted)).

With respect to Individual Plaintiffs' Materials: Plaintiffs request sealing only of Exhibit G at 222:1-15, which contains information regarding one of Individual Plaintiffs' personal finances and investments unrelated to this action, disclosure of which would constitute an unnecessary invasion of privacy.  *See In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 524  n.2 (N.D. Cal. 2009) (granting motion to seal plaintiff's "confidential personal financial information and investment decisions"); *Fleming v. Matco Tools Corp.*, 2021 WL 4945188, at *2 (N.D. Cal. Apr. 5, 2021) ("[T]he personal financial information . . . is of minimal relevance to this case and . . . disclosure of this information could cause unnecessary intrusion into the personal finances."); *Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (similar).  Given that the

PLAINTIFFS' STATEMENT IN SUPPORT OF SEALING

sole excerpt sought to be sealed is not referenced in Exhibit A, no redactions of Individual Plaintiffs' Materials reflected in Exhibit A are necessary.

With respect to Discovery Funds' Materials, Plaintiffs request complete sealing thereof (including all highlighted references thereto in Exhibit A).  The materials sought to be sealed are documents and testimony reflecting the Discovery Funds and Discovery Capital Management, LLC's confidential analyses, internal deliberations, diligence methodologies, and decision-making processes with respect to investment strategy.  As set forth in the declaration of Adam Schreck, attached hereto as Exhibit 1, publication of such materials would injure the competitive standing of Discovery Funds and Discovery Capital Management, LLC (Discovery Funds' investment manager) by revealing their otherwise confidential approach to investing and investment diligence methodologies, which is how they distinguish themselves from competing investment managers. *See*, *e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4455492, at *2 (N.D. Cal. Oct. 8, 2024) (sealing documents reflecting asset manager's "investment strategies"); *Pacific Steel Group v. Commercial Metals Company,* 2025 WL 754063, at *2-3 (N.D. Cal. March 10, 2025); *Prescott v. Reckitt Beckiser LLC*, 2022 WL 847309, at *3 (N.D. Cal. March 22, 2022). Given that the confidential information sought to be sealed reflects a holistic business strategy (as opposed to a single fact or snippet of information), it is not feasible to redact only portions of the confidential materials.  However, given that the Discovery Funds' Materials are comprised of narrow deposition excerpts and a small number of discrete, non-lengthy documents that are virtually entirely devoted to discussions of investment diligence and strategy, complete sealing is nonetheless appropriately tailored to the circumstances and not over-inclusive.

Dated: December 19, 2025                     Respectfully submitted,

**ROLNICK KRAMER SADIGHI LLP**

By: */s/ Lawrence M. Rolnick*
Lawrence M. Rolnick (*pro hac vice*)
Marc B. Kramer (*pro hac vice*)
Nicole Castiglione (*pro hac vice*)
Shane Kunselman (*pro hac vice*)
1 Pennsylvania Plaza, Suite 3401

PLAINTIFFS' STATEMENT IN SUPPORT OF SEALING

New York, NY 10119
Telephone: (212) 597-2800
lrolnick@rksllp.com
mkramer@rksllp.com
ncastiglione@rksllp.com
skunselman@rksllp.com


**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
pkim@rosenlegal.com
jbaker@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

- 3 -
PLAINTIFFS' STATEMENT IN SUPPORT OF SEALING