**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION | Case No: 3:23-cv-71-SI |
| | CLASS ACTION |
| This Document Relates To: All Actions | |

**REPLY DECLARATION OF JOSHUA BAKER IN FURTHER SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

I, Joshua Baker, declare as follows:

1.    I am an attorney admitted *pro hac vice* before this Court. I am an attorney with The Rosen Law Firm, P.A. ("Rosen"), Court-appointed Co-Lead Counsel for Lead Plaintiffs Gary Kung, Discovery Global Opportunity Master Fund Ltd., and Discovery Nymeria Master Fund, Ltd., and named Plaintiffs Traci Selke and Robert G. Lee (collectively, "Plaintiffs") and proposed Co-Class Counsel. I have personal knowledge of the facts set forth herein and if called upon to testify, I could and would do so truthfully and accurately. I make this reply declaration, together with the attached exhibits, in further support of Plaintiffs' Amended Motion for Class Certification and Appointment of Class Representatives and Class Counsel.

2.    Attached hereto as Exhibit 1 is a true and correct copy of the Expert Reply Report of David I. Tabak, Ph.D., dated January 16, 2026, prepared for this matter in accordance with the applicable rules and orders governing disclosure of testimony and opinions by expert witnesses in this action.

3.    Attached as Exhibit 2 is a true and correct copy of excerpts from the transcript of the deposition of Plaintiff Robert G. Lee, taken for this matter on November 12, 2025.

4.    Attached as Exhibit 3 is a true and correct copy of excerpts from the transcript of the deposition of Lead Plaintiff Gary Kung, taken for this matter on December 1, 2025.

5.    Attached as Exhibit 4 is a true and correct copy of excerpts from the transcript of the deposition of Ian Lieberman, taken for this matter on December 5, 2025.

6.    As he testified during his deposition, all of Mr. Lee's transactions in Enovix stock are reflected in his amended certification pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (Dkt. No. 203-1).  Ex. 2 (Lee Tr.) 25:16-20 (upon reviewing a chart reflecting the same transactions identified in Mr. Lee's amended certification, "Q: To the best of your recollection, sitting here today, does this accurately reflect all of your purchases and sales in Enovix stock? A. Yes, I believe so.").[1]  Thus, Mr. Lee did not sell any shares of Enovix stock during the Class Period that he had purchased prior to the Class Period and was not a "net seller"

---

[1] The chart prepared by Defendants' counsel included erroneous price values for the transactions in "Account 2," which are accurately reflected in Mr. Lee's amended certification.

of Enovix shares during the Class Period.[2]  Mr. Lee's amended certification also demonstrates that he purchased 150 shares on November 29, 2021 and 150 more shares on December 13, 2021 (during the Class Period, and prior to the November 2022 Disclosure), and sold all 300 of those shares on May 16, 2023 (after the January 2023 Disclosure) for a loss of $5,485.50.  Dkt. No. 203-1.  The amended certification also demonstrates that Mr. Lee's purchases of 600 shares on January 11, 2023 and 1,100 shares on January 23, 2023, and his sale of those shares for a profit on May 16, 2023, all occurred between the January 2023 Disclosure and the October 2023 Disclosure.  *Id.*  Finally, the amended certification demonstrates that Mr. Lee's purchase of 750 shares on May 3, 2022, and his sale of those shares for a profit on October 5, 2022, all occurred prior to the November 2022 Disclosure.  *Id.*

7.      Mr. Lee signed his original PSLRA certification on January 23, 2023 at 2:28 a.m. EST, which is several hours before markets opened for trading that day.  Dkt. No. 84-1.  Therefore, his purchase of Enovix stock on January 23, 2023 and sale of Enovix stock on May 16, 2023 occurred after Mr. Lee executed his original certification.  Mr. Lee also inadvertently omitted from his original certification one purchase and sale of Enovix, made in a separate account from the other transactions that were included in Mr. Lee's original certification.  *See* Dkt. No. 203-1.  Mr. Lee had exited his entire position in Enovix stock in that second account prior to signing his original certification.  *Id.*  As Mr. Lee testified, it was "very possible" that he "simply forgot to include" those trades in his original certification, he had no intent to lie or deceive the Court or Defendants as to any of his trades, and he was willing to (as he later did) submit an updated certification. Lee Tr. 159:4-160:10.

8.      Each of Mr. Kung's Class Period transactions in Enovix stock that were included in his corrected amended PSLRA certification but not in his original certification were made after Mr. Kung had executed his original certification.  *Compare* Dkt. No. 17-3 (original certification dated March 7, 2023) *with* Dkt. No. 207-1 (corrected amended certification adding only trades post-dating March 7, 2023).

---

[2] Capitalized terms not otherwise defined have the same meanings used in Plaintiffs' opening or reply briefs, as applicable.

9.     After filing his amended PSLRA certification, Mr. Lee promptly verified (and I promptly served upon Defendants' counsel on November 17, 2025) amended interrogatory responses, updating his prior interrogatory response regarding his Class Period transactions in Enovix stock to reflect the transactions in his amended certification.  After filing his corrected amended PSLRA certification, Mr. Kung promptly verified (and I promptly served upon Defendants' counsel on November 26, 2025) amended interrogatory responses, updating his prior interrogatory response regarding his Class Period transactions in Enovix stock to reflect the transactions in his corrected amended certification.

10.     Mr. Kung adequately demonstrated his understanding of the theory of Plaintiffs' case during his deposition.  Ex. 3 (Kung Tr.) 27:3-28:2 ("Q. Sitting here today, what do you recall about the first amended complaint that you reviewed and authorized before filing?  A. Just that there were losses, based on misleading statements from management.  Q. What were those misleading statements?  A. Just about production capability of equipment, that the[y] were sourcing from, you know, overseas, statements regarding how the equipment were performing, and how they would work ... at that point, I guess it was quite a while ago. About three, four, or five years ago. I think what they called factory acceptance testing. So the big point for all the investors was waiting for factory acceptance by management so they could bring the equipment over for production in California. And that seemed to be a big problem, and that caused a lot of stop losses based on claims of the equipment was good, the equipment was not good, et cetera.  I mean, because when I say 'not good,' it never -- the equipment never produced product and production capacity at the quality levels for customer production, customer shipments."); 33:5-13 ("I know the second complaint was about products, the equipment shipped to California prior to the IPO. It was never -- it was never accepted or confirmed. And they just released the equipment and then they tried to do the confirmation of the production and the specifications in California, which they eventually gave up, too...").  As Mr. Kung correctly recalled during his deposition, his declaration describes the specific misleading statement that Plaintiffs allege Defendants made. Dkt. No. 201-7 ¶ 9; Kung Tr. 39:12-40:5 ("Q. Does this document [Mr. Kung's declaration] fully

and completely reflect your understanding of the case as of November 14, 2025, as reflected in this signature?  A. Yes.").

11.      In his deposition, Mr. Lee acknowledged deleting only one specific potentially relevant document, which he had received and deleted in 2021, years before this action was ever filed, and before Mr. Lee first became involved in this Action (in July 2023).  Lee Tr. 20:20-21:10. That document was merely an automated news wire email that he received every day, often did not even review, and typically deleted.  Lee Tr. 22:13-18 (describing deleted emails as "normal market information-type emails that I get every day. I might briefly look them over, and I might not, but they are always deleted.").  In any event, Mr. Lee was made aware of, and has abided by, his document preservation responsibilities when he first joined the case as a party in July 2023. Lee Tr. 23:23-24:2 (Q. At some point in time, did you come to understand that you needed to save correspondence relating to Enovix?  A.  At some point, yes."); 24:19-24 ("Q. How do you recall learning that you had that obligation?  A.  When I received the formal documents from The Rosen Law Firm indicating that I would be participating in the suit.").  The communications with counsel that Mr. Lee was referring to here occurred in July 2023.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on January 16, 2026 in Jenkintown, Pennsylvania          /s/Joshua Baker
                                                                  Joshua Baker

REPLY DECLARATION OF JOSHUA BAKER; 3:23-cv-71-SI