# EXHIBIT 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | No: 3:23-cv-71-SI<br><br>CLASS ACTION |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 36-1 of the Civil Local Rules of the United States District Court for Northern District of California, Lead Plaintiffs Gary Kung, Discovery Global Opportunity Master Fund Ltd., and Discovery Nymeria Master Fund Ltd., and named Plaintiffs Traci Selke and Robert G. Lee (collectively, "Plaintiffs") hereby object and respond to Defendants' First Set of Requests for Admission to Lead Plaintiffs dated October 13, 2025 ("Requests"). Plaintiffs' investigation of the facts of the case is ongoing. In accordance with Federal Rule of Civil Procedure 36, Plaintiffs reserve the right to modify, supplement, amend, or revise these responses should Plaintiffs discovery additional relevant information.

**PRELIMINARY STATEMENT**

The responses below reflect only the current state of Plaintiffs' knowledge, understanding, and belief with respect to the matter about which inquiry has been made. Discovery in the Action is ongoing and Plaintiffs may have not discovered all information or facts pertinent to these Requests and may have not yet identified or located all persons with knowledge of pertinent information or facts. As discovery proceeds, Plaintiffs anticipate that they may discover additional or different facts. Plaintiffs reserve the right to amend, modify, or supplement these responses at any time before trial pursuant to their obligations under the Federal Rules of Civil Procedure. Further, the responses are made without prejudice to Plaintiffs' right to use or rely upon at any time,

including trial, any subsequently discovered information or facts omitted from this or other responses because of mistake, error, oversight, or inadvertence.

Plaintiffs' responses are made for the sole purpose of this litigation. Each response is subject to all objections as to completeness, relevance, materiality, propriety, admissibility, privilege, privacy, and all other objections, which are reserved and may be interposed at any hearing or trial of the Action. The responses are neither intended nor shall be construed as a waiver by Plaintiffs of all or any part of their objections to the Requests.

### OBJECTIONS TO DEFINITIONS, INSTRUCTIONS, AND REQUESTS

Plaintiffs object to the Requests on the following grounds, each of which is incorporated by reference in the responses to the individual Requests below. No objection herein, or lack thereof, is an admission by Plaintiffs as to the existence or non-existence of any information or documents.

1. Plaintiffs object to the Requests, including the "Definitions" and "Instructions" sections, to the extent that they purport to impose any obligations on Plaintiffs that are not imposed by law, or are otherwise inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2. Plaintiffs' responses to all or any part of any Request shall not be deemed to be a waiver by Plaintiffs of any applicable privilege or protection from disclosure. Any inadvertent disclosure of information that is privileged or otherwise protected from disclosure shall not be deemed to be a waiver of any applicable privilege or protection.

3. Plaintiffs object to the Definitions and Instructions and to the Requests to the extent that they are overly broad, vague, or ambiguous.

4. No incidental or implied admissions are intended by the responses herein. The fact that Plaintiffs have answered or objected to any Requests should not be taken as: (a) an admission that Plaintiffs accept or admit the existence of any "facts" or information set forth or assumed by such Request; (b) that any particular fact, document, or thing exists, is relevant, non-privileged, or is admissible in evidence; or (c) that any statement or characterization in a Request is accurate or complete. Moreover, the fact that Plaintiffs have answered all or part of any Request is not intended to be, and shall not be construed to be, a waiver by Plaintiffs of any part of any objection to any

2

Request. Plaintiffs specifically reserve all questions as to admissibility, competency, relevance, privilege, and materiality of the noted information, the right to object to the use of such information on any or all appropriate grounds, the right to object on any and all proper grounds, at any time, to other discovery procedures involving or related to such information, and the right to revise, correct, supplement, or clarify any of the following objections and responses.

5.    Plaintiffs' responses to these Requests are based on Plaintiffs' present knowledge, information, and beliefs and based on Plaintiffs' continuing investigation of the matters that are the subject of this litigation. Plaintiffs reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections and to rely on or use, at trial and otherwise in the litigation, subsequently discovered facts and information (including, but not limited to, information obtained in discove1y herein), or facts and information omitted from these answers as a result of mistake, error, oversight, or inadvertence.

6.    Plaintiffs object to the use of their responses to the Requests in any proceeding other than the above-captioned action.

7.    Plaintiffs reserve their right to amend their responses to these Requests pursuant to Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure.

**SPECIFIC RESPONSES AND OBJECTIONS**

The Objections set forth above are made with respect to the below Requests and are incorporated into the specific objections and responses below. Any failure to repeat an incorporated objection in the specific responses or objections shall not be deemed a waiver of such objection. In addition to the foregoing objections, Plaintiffs submit the following specific objections and limitations and respond to the Requests as follows.

**REQUEST NO. 1:**

Admit that YINGHE did not at any time prior to the time of STATEMENT 4 supply manufacturing equipment for any Zone of FAB-1 except Zone 3 (Packaging) and that a vendor in Wilsonville, Oregon supplied the manufacturing equipment for Zone 2 (Assembly), as reflected in the following documents:

a.    Enovix_0177094–0177108, at -7108;

b.      Enovix_0097795, at slides 6–12;

c.      ECF No. 170-2 (FE8 On Point Investigations Interview Memorandum, dated July 10, 2023), at 15–17.

d.      The ███████ MEMO, at 1–3.

**RESPONSE TO REQUEST NO. 1:**

Subject to, and without waiving the foregoing objections, which are incorporated by reference herein, Plaintiffs respond to this Request as follows:

Plaintiffs admit that a vendor in Wilsonville, Oregon supplied some of the manufacturing equipment for Zone 2 (Assembly) of FAB-1. Otherwise denied.

**REQUEST NO. 2:**

Admit that the individual identified as FE6 in the COMPLAINT worked in Zone 2 (Assembly) of FAB-1 and "did not know what [Zone] 3" did, as reflected in the ███████ MEMO.

**RESPONSE TO REQUEST NO. 2:**

Subject to, and without waiving the foregoing objections, which are incorporated by reference herein, Plaintiffs respond to this Request as follows:

Plaintiffs admit that the ███████ MEMO states that FE6 worked in Zone 2 of FAB-1 and "did not know what Area 3" did.  Otherwise denied.

**REQUEST NO. 3:**

Admit that the allegations in paragraph 122 of the COMPLAINT that FE6 "worked" "in the area of Fab-1" containing "the equipment that came from Yinghe" and that FE6 reported that the YINGHE equipment "was producing less than 10% of the expected production rate" are unsupported by the ███████ MEMO and that LEAD PLAINTIFFS can identify no other evidentiary support for this factual contention.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this Request on the grounds that it inaccurately paraphrases and combines several separate sentences contained in paragraph 122 of the COMPLAINT and does not represent a complete or accurate portrayal of the allegations in that paragraph. Plaintiffs further

object that the phrase "factual contention" is vague and ambiguous as it appears to refer to two separate assertions which are not actually found in the COMPLAINT as stated in this Request. Subject to, and without waiving the foregoing objections, which are incorporated by reference herein, Plaintiffs respond to this Request as follows:

Plaintiffs admit that the ███████ MEMO does not state that FE6 worked in the area of Fab-1 containing the equipment that came from Yinghe. Plaintiffs further admit that the ███████ MEMO does not state that FE6 reported that the equipment specifically from YINGHE "was producing less than 10% of the expected production rate." Otherwise denied.

Dated: November 12, 2025

**THE ROSEN LAW FIRM, P.A.**

By: */s/Joshua Baker*
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: pkim@rosenlegal.com
        jbaker@rosenlegal.com

**ROLNICK KRAMER SADIGHI LLP**
Lawrence M. Rolnick
Marc B. Kramer (*pro hac vice*)
Nicole Castiglione (*pro hac vice*)
Shane Kunselman (*pro hac vice*)
PENN 1, Suite 3401
One Pennsylvania Plaza
New York, New York 10019
Telephone: (212) 597-2800
lrolnick@rksllp.com
mkramer@rksllp.com

*Co-Lead Counsel for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I, Nicole T. Castiglione, hereby declare under penalty of perjury as follows:

I am an attorney with Rolnick Kramer Sadighi LLP. I am over the age of eighteen. On November 12, 2025, I served the foregoing PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION by email to counsel for Defendants as follows:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Emily Casey Warren Kapur
emilykapur@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Brenna Nelinson
Sasha Boutilier
Courtney Whang
brennanelinson@quinnemanuel.com
sashaboutilier@quinnemanuel.com
courtneywhang@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Defendants*

Executed on November 12, 2025                    */s/Nicole T. Castiglione*