UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENOVIX CORPORATION SECURITIES LITIGATION | Case No. 23-cv-00071-SI |
| | **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL PLAINTIFFS' INFORMATION SUBMITTED WITH AMENDED CLASS CERTIFICATION MOTION** |
| | Re: Dkt. Nos. 210, 215 |

Pending before the Court is defendants' administrative motion to consider whether to seal portions of Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Amended Motion for Class Certification and Exhibits thereto containing information designated as "Confidential" under the Stipulated Protected Order (ECF No. 155) by Plaintiffs Discovery Global Opportunity Master Fund Ltd., and Discovery Nymeria Master Fund, Ltd. (collectively, "Discovery Funds"), and individual plaintiffs Gary Kung, Robert G. Lee, and Traci Selke. Dkt. No. 210. Also pending is plaintiffs' administrative motion to seal portions of plaintiffs' reply brief and one exhibit filed with the reply. Dkt. No. 215.

Plaintiffs have submitted statements in support of sealing. Dkt. Nos. 211, 215. Plaintiffs no longer seek to maintain the confidentiality of records related to the individual plaintiffs, with the exception of limited financial information as to Gary Kung. As to the Discovery Funds, plaintiffs seek to keep numerous exhibits sealed in their entirety, asserting that this information reveals the Discovery Funds' "unique and confidential approach to . . . investment decisions, including the manner in which they collect and analyze market information, and which specific factors drive their decision-making processes with respect to investment strategy." *See* Dkt. No. 211-1, Schreck Decl.

United States District Court
Northern District of California

¶ 3.[1]  Plaintiffs argue that the lower "good cause" standard for sealing applies here, to what they describe as a "non-dispositive motion."  Dkt. No. 211 at 1; Dkt. No. 215 at 1.

Under this district's Civil Local Rules, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Civ. L.R. 79-5(c).  Moreover, "[a] party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)."  Civ. L.R. 79-5(a).

The Court applies the "compelling reasons" standard to the briefing on the motion for class certification in this case because "the motion at issue is more than tangentially related to the underlying cause of action."  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1011 (9th Cir. 2016) (citations omitted); *see also Fodera v. Equinox Holdings, Inc.*, 341 F.R.D. 616, 634 (N.D. Cal. 2022) ("Courts within this circuit apply the compelling reasons standard to motions to seal documents relating to class certification.") (citing *AdTrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases)).

Having considered the applicable legal standard and the papers submitted, the Court determines that plaintiffs have not shown compelling reasons for maintaining the material at issue under seal, with the exception of a narrow set of financial information and information regarding other companies besides Enovix.  In addition to the fact that plaintiffs did not propose narrowly tailored redactions, the Court also finds relevant the evidence in the record that Ian Lieberman has now left the Discovery Funds and that the Nymeria Fund he managed no longer exists.[2]  Accordingly, the Court rules on the motions to seal as follows:

---

[1] Plaintiffs did not submit a declaration from the Discovery Funds in support of sealing the materials filed with their reply brief, but the reasons asserted in their papers mirror the reasons outlined in the Schreck Declaration at Dkt. No. 211-1.

[2] Much of the information plaintiffs seek to seal are the deposition transcripts and emails of Mr. Lieberman.

2

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Redacted portions of Defendants' Memorandum of Points and Authorities In Support of Opposition to Amended Motion for Class Certification. | Schrek Decl. (Dkt. No. 211-1) | DENIED. |
| Ex. 10 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-11): Plaintiffs' internal document sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | DENIED. |
| Ex. 11 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-12): Plaintiffs' internal document sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | DENIED. |
| Ex. 14 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-15): Plaintiff's deposition transcript sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | DENIED. Plaintiffs no longer seek to seal this material. |
| Ex. 15 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-16): Plaintiff's deposition transcript sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | DENIED. Plaintiffs no longer seek to seal this material. |
| Ex. 16 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-17): Plaintiff's deposition transcript sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | GRANTED as to Tr. 167:9-168:18 due to the financial information contained therein. DENIED as to the remainder of the transcript. |
| Ex. 17 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-18): Plaintiff's deposition transcript sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | GRANTED as to Tr. 222:1-15 due to the financial information contained therein. DENIED as to the remainder of the transcript. Plaintiffs no longer seek to seal the remaining material. |

United States District Court
Northern District of California

3

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
| --- | --- | --- |
| Ex. 18 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-19): Witness deposition transcript sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | DENIED. |
| Ex. 21 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-22): Plaintiffs' internal document sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | DENIED. |
| Ex. 22 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-23): Plaintiffs' internal document sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | GRANTED as to specific references to companies other than Enovix. DENIED as to the remainder of the email/meeting schedule. |
| Ex. 23 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-24): Plaintiffs' internal document sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | GRANTED as to specific references to companies other than Enovix. DENIED as to the remainder of the email. |
| Ex. 24 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-25): Plaintiffs' internal document sealed in entirety. | Schrek Decl. (Dkt. No. 211-1). | DENIED. |
| Ex. 25 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-26): Plaintiffs' internal document sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | GRANTED as to the portion of the email discussing a company other than Enovix. DENIED as to the remainder of the email. |
| Ex. 26 to Kapur Declaration In Support of Defendants' Opposition to Amended Motion For Class Certification (Dkt. No. 208-27): Plaintiffs' internal document sealed in entirety. | Schrek Decl. (Dkt. No. 211-1) | DENIED. |

United States District Court
Northern District of California

4

| Document or Portion of Document Sought to Be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Exhibit A to Declaration of Nicole Castiglione in Support of Plaintiffs' Administrative Motion to File Under Seal (Exhibit 4 to the Reply Declaration of Joshua Baker, filed concurrently with Plaintiffs' Reply) | Castiglione Declaration ¶¶ 3-6 (see also Dkt. Nos. 211, 211-1) | DENIED. |
| Highlighted portions of Exhibit B to the Declaration of Nicole Castiglione in Support of Plaintiffs' Administrative Motion to File Under Seal (Plaintiffs' Reply) | Castiglione Declaration ¶¶ 3-6 (see also Dkt. Nos. 211, 211-1 | DENIED. |

No later than seven days from the date of this Order, the parties shall file on the public docket, in unredacted form, the briefs and exhibits for which the Court denied sealing in full.

Also no later than seven days from the date of this Order, the parties shall file on the public docket the Exhibits 16, 17, 22, 23, and 25 to the Kapur Declaration, narrowly redacting only the portion for which the Court has granted sealing.

**IT IS SO ORDERED**.

Dated:  May 6, 2026

_____
SUSAN ILLSTON
United States District Judge