United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: ENOVIX CORPORATION SECURITIES LITIGATION

Case No. 23-cv-00071-SI

**ORDER FOR SUMMARY JUDGMENT BRIEFING ON RELIANCE**

Following this Court's order denying plaintiffs' motion for class certification, Dkt. No. 234, and following the Ninth Circuit's denial of plaintiffs' petition for review under Federal Rule of Civil Procedure 23(f), the Court is in receipt of the parties' multiple filings regarding how to move forward in this case. *See* Dkt. Nos. 250, 259, 262.[1]

In order to prevail on their claim under Section 10(b) of the Exchange Act and SEC Rule 10b-5, plaintiffs must prove, among other things, "reliance upon the misrepresentation or omission[.]" *See Weston Family P'ship LLP v. Twitter, Inc.*, 29 F.4th 611, 619 (9th Cir. 2022) (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014)). Plaintiffs were proceeding on a *Basic* presumption of reliance theory,[2] but they concede that the *Basic* theory of reliance is now foreclosed in light of the Court's class certification ruling. Plaintiffs further concede that they cannot prove reliance on an individual basis and that the evidentiary record on the element of reliance is fully developed at this time. *See* Dkt. No. 259 at 1-2, 8. Given these concessions, and

[1] The Court also held two status conferences following the class certification denial. *See* Dkt. Nos. 247, 254.

[2] *See Basic Inc. v. Levinson*, 485 U.S. 224 (1988).

given the Court's prior rulings,[3] the Court finds that summary judgment against plaintiffs may be appropriate under Rule 56(f). The Court understands that defendants are not waiving any argument regarding the applicability of *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017).

Accordingly, the Court ORDERS that, **no later than October 19, 2026,** plaintiffs shall file their brief regarding summary judgment on the element of reliance, presenting all of their evidence on the matter. **No later than November 9, 2026,** defendants shall file their brief regarding same. The parties' briefs shall each be limited to no more than ten pages. The parties may also attach a chart of undisputed material facts. After briefing is complete, the Court will notify the parties if a hearing is needed.

**IT IS SO ORDERED**.

Dated: September 29, 2026



SUSAN ILLSTON
United States District Judge

[3] *See* Dkt. No. 97 (order granting motion to dismiss), Dkt. No. 116 (order granting in part and denying in part motion to dismiss SAC), Dkt. No. 193 (order granting motion for partial judgment on the pleadings), Dkt. No. 234 (order denying motion for class certification).